# EXHIBIT H



1 STACEY E. JAMES, Bar No. 185651
  CHRISTINA H. HAYES, Bar No. 267153
2 LITTLER MENDELSON, P.C.
  501 W. Broadway, Suite 900
3 San Diego, CA 92101.3577
  Telephone:    619.232.0441
4 Facsimile:    619.232.4302

5 Attorneys for Defendants
  UNIVERSAL HEALTH SERVICES OF RANCHO
6 SPRINGS, INC.; UNIVERSAL HEALTH
  SERVICES OF PALMDALE, INC.; CORONA
7 REGIONAL MEDICAL CENTER; INLAND
  VALLEY MEDICAL CENTER; RANCHO
8 SPRINGS MEDICAL CENTER; PALMDALE
  REGIONAL MEDICAL CENTER; and
9 TEMECULA VALLEY HOSPITAL

10

11                    SUPERIOR COURT OF CALIFORNIA

12                        COUNTY OF RIVERSIDE

13 MARLYN SALI and DEBORAH          Case No. RIC1309837
   SPRIGGS, on behalf of themselves, all
14 others situated and the general public,   ASSIGNED FOR ALL PURPOSES TO JUDGE
                                    JOHN D. MOLLOY, DEPT 10
15              Plaintiffs,
                                    RESPONSE IN OPPOSITION TO NOTICE
16        v.                        OF RELATED CASE

17 UNIVERSAL HEALTH SERVICES OF
   RANCHO SPRINGS, INC.; UNIVERSAL   Trial Date: None Set
18 HEALTH SERVICES OF PALMDALE,      Complaint Filed: August 23, 2013
   INC.; CORONA REGIONAL MEDICAL
19 CENTER; INLAND VALLEY MEDICAL
   CENTER; RANCHO SPRINGS
20 MEDICAL CENTER; PALMDALE
   REGIONAL MEDICAL CENTER;
21 TEMECULA VALLEY HOSPITAL; and
   DOES 1 to 100, inclusive,
22
               Defendants.
23

24

25

26

27

28

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 01 2014

I. SIRACUSA

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

Firmwide 126163814.1 069080.1046

1   PLEASE TAKE NOTICE that Defendants UNIVERSAL HEALTH SERVICES OF
2   RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.;
3   CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY MEDICAL CENTER;
4   RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; and
5   TEMECULA VALLEY HOSPITAL ("Defendants"), by and through their counsel of record hereby
6   respond pursuant to California Rules of Court rule 3.300(g) to the Notice of Related Cases (the
7   "Notice") filed by Plaintiff UCHE A. MADUAGWU (the "*Maduagwu* Plaintiff") in the matter of
8   *Maduagwu v. UHS of Delaware, Inc., et al.*, Los Angeles Superior Court, Case Number BC521378
9   (the "*Maduagwu* Action") advising the court that the *Maduagwu* Plaintiff believes the *Maduagwu*
10  Action is related to the above-captioned case (the "*Sali* Action").   *See* Ex. A (Notice of Related
11  Case filed in *Maduagwu* Action).

12   Defendants oppose the *Maduagwu* Plaintiff's Notice on the ground that the California Rules
13  of Court prohibit the court from deeming the *Maduagwu* Action related to the *Sali* Action because
14  the *Maduagwu* Action and the *Sali* Action are pending in different superior courts.   Defendants
15  further believe these cases are not related on the merits and that, in any event, it is premature for the
16  Court to make any determination as to relatedness under California Rule of Court 3.300(a).

**I.     THE *MADUAGWU* ACTION AND THE *SALI* ACTION CANNOT BE RELATED BECAUSE THEY ARE PENDING IN DIFFERENT SUPERIOR COURTS**

19   California Rule of Court 3.300(h)(1) provides that the Court may order cases related and
20  assign them to the same department or judge, ***provided the related cases are pending in one***
21  ***superior court.*** Here, however, the *Sali* Action is pending in the Riverside County Superior Court
22  whereas the *Maduagwu* Action is pending in the Los Angeles Superior Court.   Accordingly, the
23  procedures for relating pending cases do not apply.   Rather, as set forth in California Rule of Court
24  3.300(h)(2), the procedures for coordinating cases must be followed.   Specifically, California Rule
25  of Court 3.300(h)(2) provides:

26   *Related cases pending in different superior courts*

27      (A) If the related cases are pending in more than one superior court on
28          notice to all parties, **the judge to whom the earliest filed case is**

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

Firmwide:126163814.1 069080.1046                                2.

**assigned** may confer informally with the parties and with the judges to whom each related case is assigned, to determine the feasibility and desirability of joint discovery orders and other informal or formal means of coordinating proceedings in the cases.

(B) If it is determined that related cases pending in different superior courts should be formally coordinated, the procedures in Code of Civil Procedure section 403 and rule 3.500 must be followed for noncomplex cases, and **the procedures in Code of Civil Procedure section 404 et seq. and rules 3.501 et seq. must be followed for complex cases.**

(Emphasis added).

As an initial matter, the *Maduagwu* Plaintiff has not consulted with this Court despite the requirement that he consult with "the judge to whom the earliest filed case is assigned."[1] For this reason alone, the *Maduagwu* Plaintiff's Notice is improper.

Further, both the *Maduagwu* Action and the *Sali* Action are pending in different superior courts and each has been designated "complex." Thus, the procedures set forth in Code of Civil Procedure section 404 *et seq.* and California Rules of Court 3.501 *et seq.* must be followed. The *Maduagwu* Plaintiff has failed to follow these procedures because he has not filed a Petition for Coordination along with the Notice or filed a motion for permission to submit such a petition as required by Code of Civil Procedure section 404. Thus, the cases cannot be coordinated, nor can either case be transferred to any court other than the court in which it is currently pending, based on the improper Notice filed by Plaintiff. *See* California Rule of Court 3.300(j) ("If for any reason a case is not ordered related under this rule, that case will remain assigned to the court, judge, or department where it was pending at the time of the filing and service of the Notice of Related Case."). Accordingly, the *Sali* Action must remain in the Riverside County Superior Court, while the *Maduagwu* Action remains in the Los Angeles County Superior Court, and the cases cannot be deemed related.

/ / /

/ / /

---

[1] As recognized in the *Maduagwu* Plaintiff's Notice of Related Case, the original Complaint in the *Sali* Action was filed on August 23, 2013. The Complaint in the *Maduagwu* Action was not filed until September 13, 2013. *See* Ex. B (Conformed Copy of Complaint filed in *Maduagwu* Action).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

## II.    THE *MADUAGWU* ACTION DOES NOT MEET THE DEFINITION OF A RELATED CASE *VIS A VIS* THE *SALI* ACTION

The *Maduagwu* Plaintiff contends that the *Maduagwu* Action and the *Sali* Action are related pursuant to California Rule of Court 3.300(a) because they "are likely for other reasons to require substantial duplication of judicial resources if heard by different judges." As the *Maduagwu* Plaintiff readily acknowledges, the *Maduagwu* Action and the *Sali* Action do not involve the same parties. Plaintiff Uche Maduagwu is a plaintiff in one matter, and Plaintiffs Marlyn Sali and Deborah Spriggs are plaintiffs in the other matter. Furthermore, there are no overlapping defendants. The *Maduagwu* Action names UHS of Delaware, Inc. as a defendant, but UHS of Delaware, Inc. is not named in the *Sali* Action. Similarly, none of the individual hospital facilities named as defendants in the *Sali* Action are named as defendants in the *Maduagwu* Action. Indeed, in granting the *Maduagwu* Plaintiff's Motion to Remand, the district court concluded:

> Despite Plaintiff's allegations regarding other facilities, however, the scope of this case is limited solely to the alleged actions of UHS and Del Amo as they were the only defendants named in the Complaint. Because the [additional] facilities listed in [Plaintiff's Complaint] are not defendants to this action, it cannot be said that [the *Sali* Action constitutes] a class action . . . 'asserting the same or similar factual allegations <u>against any of the defendants</u> on behalf of the same or other persons.'

*See* Ex. C (Order Granting *Maduagwu* Plaintiff's Mtn to Remand) at 3.

In addition, the plaintiff in the *Maduagwu* Action never worked at any of the same facilities as the plaintiffs in the *Sali* Action. Moreover, none of the plaintiffs worked at more than one hospital facility—the plaintiff in the *Maduagwu* Action worked exclusively at Del Amo Hospital, and the plaintiffs in the *Sali* Action worked exclusively at Corona Regional Medical Center. Accordingly, the claims made in the *Maduagwu* Action are not based on the same or similar claims as in the *Sali* Action because they arise out of separate employment relationships, activities, incidents and events. Indeed, the plaintiff in the *Maduagwu* action worked at a behavioral health center, whereas the plaintiffs in the *Sali* Action worked at an acute-care facility,[2] and thus the

---

[2] As a behavioral health facility, Del Amo Hospital is focused exclusively on providing inpatient and outpatient behavioral health services for individuals seeking treatment for mental health,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

1    plaintiffs in the two actions were subject to entirely different policies, procedures and working

2    conditions, which will result in numerous factual and legal issues that are unique to each action. As

3    such, there is simply no basis at this time to conclude that the same facts will be at issue, or that

4    ordering the cases related would achieve substantial judicial efficiencies.

5    **III.    CONCLUSION**

6           For the foregoing reasons, the *Maduagwu* Action should not and, indeed cannot, be deemed

7    related to the *Sali* Action.

8    Dated: March 31, 2014

9

10                                             _____
                                                STACEY E. JAMES
11                                              CHRISTINA H. HAYES
                                                LITTLER MENDELSON, P.C.
12
                                                Attorneys for Defendants
13                                              UNIVERSAL HEALTH SERVICES OF
                                                RANCHO SPRINGS, INC.; UNIVERSAL
14                                              HEALTH SERVICES OF PALMDALE, INC.;
                                                CORONA REGIONAL MEDICAL CENTER;
15                                              INLAND VALLEY MEDICAL CENTER;
                                                RANCHO SPRINGS MEDICAL CENTER;
16                                              PALMDALE REGIONAL MEDICAL CENTER;
                                                and TEMECULA VALLEY HOSPITAL

17

18

19

20

21

22

23

24

25

26   detoxification, sexual addiction, eating disorders, and trauma-related issues. In contrast, as an acute-

27   care facility, Corona Regional Medical Center is a full-service hospital offering a comprehensive
     range of medical services, including, but not limited to, emergency services, diagnostic imaging,
28   surgery, intensive care, hospice, plastic surgery, orthopedics, obstetrics, anesthesiology,
     pulmonology, and physical rehabilitation.

Firmwide:126163814.1 069080.1046                         5.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# EXHIBIT A

**CM-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joseph Antonelli; Janelle Carney; Jason Hatcher    (Bar # 137039; 201570; 285481)<br>LAW OFFICE OF JOSEPH ANTONELLI<br>14758 Pipeline Avenue, Suite E - 2nd Floor<br>Chino Hills, CA 91709-6025<br>TELEPHONE NO.: (909) 393-0223    FAX NO. *(Optional)*: (909) 393-0471<br>E-MAIL ADDRESS *(Optional)*: jantonelli@antonellilaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Uche A. Maduagwu | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 600 S. Commonwealth Ave.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90005<br>BRANCH NAME: Central Civil West |

| PLAINTIFF/PETITIONER: Uche A. Maduagwu | CASE NUMBER:<br>BC521378 |
|---|---|
| DEFENDANT/RESPONDENT: UHS of Delaware, Inc. | JUDICIAL OFFICER:<br>Hon. William F. Highberger |
| **NOTICE OF RELATED CASE** | DEPT.:<br>307 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Barton, et al. v. UHS
   b. Case number: BC435274
   c. Court: ☐ same as above
            ☒ other state or federal court *(name and address)*: Los Angeles Superior Court
   d. Department:
   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:
   f. Filing date: April 6, 2010
   g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
      ☒ involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☐ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☒ disposed of by judgment

2. a. Title: Sali v. Universal Health Services, Inc.
   b. Case number: RIC1309837
   c. Court: ☐ same as above
            ☒ other state or federal court *(name and address)*: Riverside County Superior Court
   d. Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms*

CM-015

| PLAINTIFF/PETITIONER: Uche A. Maduagwu, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: UHS of Delaware, Inc., et al. | BC521378 |

2. *(continued)*

    e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:  August 23, 2013

    g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

           ☒ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☒ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.  a. Title:

    b. Case number:

    c. Court: ☐ same as above

        ☐ other state or federal court *(name and address):*

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

           ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: ____1____

Date: March 19, 2014

Joseph Antonelli; Janelle Carney; Jason Hatcher

  (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____

      (SIGNATURE OF PARTY OR ATTORNEY)

*LexisNexis® Automated California Judicial Council Forms*

**CM-015**

| PLAINTIFF/PETITIONER: Uche A. Maduagwu, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: UHS of Delaware, Inc., et al. | BC521378 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:
   14758 Pipeline Avenue, Suite E- 2nd Floor
   Chino Hills, CA 91709-6025

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date)*: March 19, 2014
   b. from *(city and state)*: Chino Hills

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Stacey E. James of Littler Mendelson, P.C.
      Street address: 501 W. Broadway, Suite 900
      City: San Diego
      State and zip code: CA 92101-3577

   b. Name of person served:
      Christina H. Hayes of Littler Mendelson, P.C.
      Street address: 501 W. Broadway, Suite 900
      City: San Diego
      State and zip code: CA 92101-3577

   c. Name of person served:
      Kevin Mahoney of Mahoney Law Group, APC
      Street address: 249 Ocean Boulevard, Suite 814
      City: Long Beach
      State and zip code: CA 90802

   d. Name of person served:
      Brian D. Chase of Bisnar Chase LLP
      Street address: 1301 Dove Street, Suite 120
      City: Newport Beach
      State and zip code: CA 92660

☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 19, 2014

Lynette Gonzales
(TYPE OR PRINT NAME OF DECLARANT)

*Lynette Gonzales*
(SIGNATURE OF DECLARANT)

*LexisNexis® Automated California Judicial Council Forms*

POS-030(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Maduagwu v. UHS of Delaware, Inc. | BC521378 |

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| Jerusalem F. Beligan of Bisnar Chase LLP | 1301 Dove Street, Suite 120 Newport Beach, CA 92660 |
| Riverside Superior Court- Historic Courthouse | 4050 Main Street Riverside, CA 92501 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED) (Proof of Service)**

Page __4__ of __5__

*LexisNexis® Automated California Judicial Council Forms*

ATTACHMENTS

Related Cases

Attachment 2h

The Maduagwu and Sali cases, as they currently stand, do not have overlapping named parties. Plaintiff Maduagwu believes under his joint employer theory, as it pertains to the named Defendant UHS of Delaware, Inc. ("Defendant UHS"), that the facilities identified in Plaintiff Maduagwu's operative complaint (which overlap with the named defendants in the Sali case) create a potential overlap of putative class members. As such, if heard by different judges and courts, there is a likelihood of substantial duplication of judicial resources and inconsistent rulings that will impact potentially the same population of putative class members. Both the Maduagwu and Sali cases seek wage and hour violations in the form of failure to pay overtime and double time for all hours worked, failure to calculate and pay according to the correct regular rate, failure to provide meal and rest periods, failure to and injury from providing wage statements not compliant with LC § 226, waiting time penalties under LC § 203, and violations of Cal. Bus. & Prof. Code §§ 17200, et seq.

# EXHIBIT B

COPY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 1 3 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

1  Joseph Antonelli, Esq. (SBN 137039)
   JAntonelli@antonellilaw.com
2  Janelle Carney, Esq. (SBN 201570)
   JCarney@antonellilaw.com
3  Jason Hatcher, Esq. (SBN 285481)
   JHatcher@antonellilaw.com
4  LAW OFFICE OF JOSEPH ANTONELLI
5  14758 Pipeline Ave., Suite E, 2nd Floor
   Chino Hills, CA 91709
6  Tel. (909) 393-0223/ Fax: (909) 393-0471

7  Attorneys for Plaintiff, Uche A. Maduagwu as an individual and on behalf
8  of all employees similarly situated

9

10        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

          BC 5 2 1 3 7 8

11          IN AND FOR THE COUNTY OF LOS ANGELES

12  UCHE A. MADUAGWU, as an individual and )   Case No.:
13  on behalf of all employees similarly situated, )
                                                  )  **COMPLAINT FOR DAMAGES,**
14              Plaintiff,                         )  **INJUNCTIVE RELIEF AND**
                                                  )  **RESTITUTION**
15  vs.                                           )
                                                  )  1. FAILURE TO PAY OVERTIME WAGES
16  UHS OF DELAWARE, INC., a Delaware             )  2. FAILURE TO PROVIDE MEAL PERIODS;
    Corporation; DEL AMO HOSPITAL, INC., a        )  3. FAILURE TO PROVIDE REST PERIODS;
17  California Corporation; and DOES 1 through     )  4. FAILURE TO PAY WAGES UPON ENDING
18  100, inclusive,                               )     EMPLOYMENT;
                                                  )  5. FAILURE TO KEEP ACCURATE PAYROLL
19              Defendant                         )     RECORDS (LABOR CODE §1174);
                                                  )  6. UNFAIR COMPETITION (BUSINESS AND
20                                                )     PROFESSIONS CODE §17200 ET SEQ.;
                                                  )  7. FAILURE TO PROVIDE ACCURATE ITEMIZED
21                                                )     WAGE STATEMENTS (LABOR CODE §226);
                                                  )  8. VIOLATION OF THE CALIFORNIA LABOR
22                                                )     CODE PRIVATE ATTORNEY'S GENERAL ACT
                                                  )     (CAL. LABOR CODE §§2698-2699)
23                                                )
24                                                )  **DEMAND FOR JURY TRIAL**

25

26

27

28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1        Plaintiff UCHE MADUAGWU (hereinafter "Plaintiff") on behalf of himself and all

2  others similarly situated, complain and allege as follows:

3                        **INTRODUCTION**

4        1.     This case arises out of the failure to properly pay overtime, to provide meal and

5  rest periods, and failure to pay wages upon ending of employment to certain California

6  employees of Defendants UHS OF DELAWARE, INC. ("UHS"), DEL AMO HOSPITAL, INC.

7  ("DEL AMO")(hereinafter referred to as "UHS" collectively).  The proposed Plaintiff Classes

8  consist of persons working in hourly positions who were denied meal and rest breaks due to

9  Defendants' assignment of daily patient load and respective job duties, failure to schedule

10  Plaintiff, as well as Class Members, in an overlapping manner so as to make it reasonably

11  possible that Plaintiff, as well as the Class, be provided with a meal and/or rest period(s) or a

12  meal and/or rest period whereby they are absolved of all work duties.

13        2.     The Plaintiff Class includes Class members who, due to Defendants scheduling,

14  were denied meal periods and commensurate pay under Labor Code § 226.7 at the employees'

15  regular rate, denied rest periods and commensurate pay under Labor Code § 226.7 at the

16  employees' regular rate, were denied overtime as a result of working through meal and/or rest

17  breaks under Labor Code §510, and were not paid wages owed upon end of the employment

18  relationship as required under Labor Code §§ 201, 203.  Further, Defendants and each of them

19  did not pay their hourly employees proper premium overtime and double time at the employees'

20  regular rate.

21        3.     The term "Plaintiff" refers to UCHE MADUAGWU, who is the named Plaintiff

22  Class representative; the term "Plaintiff Class" includes Plaintiff and Class members who, due to

23  Defendant's uniform payroll practices, were deprived of proper premium pay, were not provided

24  and/or denied duty free meal and rest periods and/or were not provided and/or denied duty free

25  meal and rest periods within the statutorily require time frame, were not compensated for failure

26  to provide and/or denied duty free meal and rest periods at the employees' regular rate.

27

28

<div align="center">1</div>

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

4.     UHS routinely failed to employ enough staff to facilitate timely meal and rest breaks for the Plaintiff and Plaintiff Class.  As a result, hourly employees often worked their shifts without taking timely meal or rest breaks.

5.     Plaintiff seeks compensation for work performed and monies due to himself and the Plaintiff Class during the "Class Period," which is defined as May 9, 2009 through the trial date, based upon information and belief that the Defendants are continuing, and will continue, their unlawful practices as described herein.

## JURISDICTION AND VENUE

6.     Venue is proper in this Judicial district and the County of Los Angeles, because the Plaintiff was employed by Defendants in the County of Los Angeles, California, and because Defendants maintain locations and transact business in this County, the obligations and liability arise in this county, and work was performed by Plaintiff and members of the proposed class made the subject of this action in the County of Los Angeles, California.

7.     The California Superior Court has jurisdiction in the matter because the individual claims are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and, upon information and belief, Plaintiff and Defendants are residents of and/or domiciled in the State of California. Further, there is no federal question at issue as the issues herein are based solely on California Statutes and law including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure, Rule of Court, and Business and Professions Code.

8.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.  The California Superior Court also has jurisdiction in this matter because the Plaintiff and the putative classes herein were all California citizens.  Further, individual claims of the members of the Classes including the Plaintiff's pro rata share of attorneys' fees and all other requested relief herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim including attorneys' fees and costs, and all other requested

2

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1   relief are under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act

2   of 2005. Further, there is no federal question at issue, as the issues herein are based solely on

3   California statutes and law, including the Labor Code, IWC Wage Order(s), CCP, California

4   Civil Code ("CC") and B&PC.

5                                   **THE PARTIES**

6        **A.      The Plaintiff**

7        9.      Plaintiff Maduagwu is an adult over the age of 18 and resident of the County of

8   Los Angeles. Maduagwu at various times herein relevant was an employee of Defendants and

9   entitled to proper premium overtime compensation and rest and meal period compensation and

10  penalties from Defendants. Plaintiff was employed by the Defendants during the Class Period.

11  Plaintiff was employed by the Defendants during the Class Period in a non-exempt hourly

12  position.

13       10.     Each of the Plaintiff Class members are identifiable, current and formerly

14  similarly situated persons who were employed in positions including but not limited to all hourly

15  patient care employees, including but not limited to, Registered Nurses, Respiratory Therapists,

16  Licensed Vocational Nurses, Certified Nurse Assistants and other related non-exempt hourly

17  positions in California for the Defendants during the Class Period. Related positions include all

18  other hourly non-exempt job titles or descriptions working in Defendants' facilities.

19       **B.      Defendants**

20       11.     Plaintiff is informed and believes, and based thereon alleges that, UHS OF

21  DELAWARE, INC. and its facilities: Del Amo Hospital, Inc.; Sierra Vista Hospital; Heritage

22  Oak Hospital; Fremont Hospital; Alhambra Hospital; Canyon Ridge Hospital; Surgery Center Of

23  Temecula Valley; Palmdale Regional Medical Center; Corona Regional Medical Center; Inland

24  Valley Medical Center; Temecula Valley Hospital; And Rancho Springs Medical Center are

25  acute care and behavioral hospitals and for profit corporations. Del Amo is located at 23700

26  Camino Del Sol, Torrance, California 90505. Further, UHS OF DELAWARE, INC. operates

27  and maintains Del Amo Hospital, Inc.; Sierra Vista Hospital; Heritage Oak Hospital; Fremont

28  Hospital; Alhambra Hospital; Canyon Ridge Hospital; Surgery Center Of Temecula Valley;

3

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1   Palmdale Regional Medical Center; Corona Regional Medical Center; Inland Valley Medical

2   Center; Temecula Valley Hospital; And Rancho Springs Medical Center; and is and was the

3   employer of the Plaintiff and Plaintiff Class during the Class Period.  During the liability period,

4   Defendants employed Plaintiff and similarly situated persons and due to Defendants' uniform

5   payroll practices, deprived Plaintiff and the Class of proper premium overtime, failed to schedule

6   Plaintiff and Plaintiff Class in such a manner that allowed Plaintiff and Plaintiff Class to receive

7   and/or take their meal and/or rest breaks, Plaintiff and Plaintiff Class were not provided and/or

8   denied work free meal and rest breaks.  Defendant also failed to pay Plaintiff and Plaintiff Class

9   proper premium overtime, as Defendants failed to include certain remuneration that must be

10   included in employees' regular rate, including without limitation, nondiscretionary bonuses,

11   charge nurse premium, in-house registry payments, shift differentials, on call pay, and call back

12   pay into the employees' regular rate and failed to pay due and owed wages upon ending of

13   employment for employees within California.  On information and belief, and based thereon

14   alleges that Defendants are conducting business in good standing in California.

15        12.     Plaintiff is informed and believes, and based thereon alleges that UHS OF

16   DELAWARE, INC. by and through its facilities listed as: Del Amo Hospital, Inc.; Sierra Vista

17   Hospital; Heritage Oak Hospital; Fremont Hospital; Alhambra Hospital; Canyon Ridge Hospital;

18   Surgery Center of Temecula Valley;  Palmdale Regional Medical Center; Corona Regional

19   Medical Center; Inland Valley Medical Center;  Temecula Valley Hospital; and Rancho Springs

20   Medical Center are business forms unknown, but believed to be an entities licensed in the state

21   of California, are California corporations, that own, operates and/or controls all other Defendants

22   and are and were the employer of the Plaintiff and Plaintiff Class during the Class Period.

23   During the liability period, Defendants collectively employed Plaintiff and similarly situated

24   persons and due to their failure to schedule Plaintiff and Plaintiff Class in such a manner that

25   allowed for Plaintiff and Plaintiff Class to receive and/or take their meal and/or rest breaks,

26   Plaintiff and Plaintiff Class were not provided and/or denied work free meal and rest breaks.

27   Plaintiff worked closely and in conjunction with other Class Members such that he has personal

28   knowledge that Class Members suffered under the same policies, practices and procedures.

4

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

1  Defendants also failed to pay Plaintiff and Plaintiff Class overtime for hours worked, failed to

2  include certain remuneration that must be included in employees' regular rate, including without

3  limitation, nondiscretionary bonuses, charge nurse premium, in-house registry payments, shift

4  differentials, on call pay, and call back pay into the employees' regular rate, and failed to pay

5  due and owing wages upon ending of employment employees within California. On information

6  and belief, and based thereon alleges that Defendants are conducting business in good standing

7  in California.

8       13.    Plaintiff is ignorant of the true names, capacities, relationships and extent of

9  participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through

10  100, inclusive, but on information and belief allege that said Defendants are legally responsible

11  for the payment of overtime compensation, rest and meal period compensation and/or Labor

12  Code § 203 penalties to the Plaintiff Class members by virtue of their unlawful practices, and

13  therefore sue these Defendant by such fictitious names. Plaintiff will amend this Complaint to

14  allege the true names and capacities of the DOE Defendants when ascertained.

15       14.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

16  acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint

17  scheme, business plain or policy in all respects pertinent hereto, and the acts of each Defendant

18  legally attributable to the other Defendants. At all times herein mentioned, each of said

19  defendants participated in the doing of the acts hereinafter alleged to have been done by the

20  named defendants; and furthermore, defendants, and each of them, were the agents, servants, and

21  employees of each and every one of the other defendants, as well as the agents of all defendants,

22  and at all times herein mentioned were acting within the course and scope of said agency and

23  employment. Plaintiff herein alleges that Defendants and each of them are the joint employer of

24  Plaintiff and the classes.

25                              **GENERAL ALLEGATIONS**

26       15.    California Labor Code § 1194 provides that notwithstanding any agreement to

27  work for a lesser wage, an employee receiving less than the legal overtime compensation is

28

<div align="center">5</div>

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

1  entitled to recover in a civil action the unpaid balance of their overtime compensation, including

2  interest thereon, reasonable attorneys' fees, and costs of suit.

3       16.    Further, Business and Professions Code § 17203 provides that any person who

4  engages in unfair competition may be enjoined in any court of competent jurisdiction.  Business

5  and Professions Code § 17204 provides that any person who has suffered actual injury and has

6  lost money or property as a result of the unfair competition may bring an action in a court of

7  competent jurisdiction.

8       17.    During all, or a portion of the Class Period, Plaintiff and each member of the

9  Plaintiff Class were employed by Defendants and each of them, in the State of California.

10  Plaintiff and each of the Plaintiff Class members were non-exempt employees covered under one

11  or more Industrial Welfare Commission (IWC) Wage Orders, and Labor Code § 510, and/or

12  other applicable wage orders, regulations and statutes, and each Plaintiff Class member were not

13  subject to an exemption for executive, administrative and professional employees, which

14  imposed obligations on the part of the Defendants to pay Plaintiff and Plaintiff Class members

15  lawful overtime compensations.  Plaintiff and Plaintiff Class members were covered by one or

16  more Industrial Welfare Commission (IWC) Wage Orders, and Labor Code § 226.7 and other

17  applicable wage orders, regulations and statutes which imposed an obligation on the part of the

18  Defendants to pay Plaintiff and Plaintiff Class members rest and meal period compensation.

19       18.    During the Class Period, Defendants were obligated to pay Plaintiff and Plaintiff

20  Class members overtime compensation for all hours worked over eight (8) hours of work in one

21  (1) day or forty (40) hours in one (1) week, and double-time for hours worked in excess of

22  twelve (12) in one day.

23       19.    During the Class Period, Defendants were obligated to provide Plaintiff and

24  Plaintiff Class members with a work free meal and/or rest period(s).

25       20.    Plaintiff and each Class member primarily performed non-exempt work in excess

26  of the maximum regular rate hours set by the IWC in the applicable Wage Orders, regulations or

27  statutes, and therefore entitled the Plaintiff and Plaintiff Class members to overtime

28

<center>6</center>
<center>COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION</center>

1   compensation at time and a half rate, and when applicable, double time rates as set forth by the

2   applicable Wage Orders, regulations and/or statutes.

3       21.   Defendants failed to include certain remuneration that must be included in

4   employees' regular rate, including without limitation, nondiscretionary bonuses, charge nurse

5   premium, in-house registry payments, shift differentials, on call pay, and call back pay into the

6   employees' regular rate

7       22.   Class members who ended their employment during the Class Period, but were

8   not paid the above due overtime compensation timely upon the termination of their employment

9   as required by Labor Code §§ 201-203, and are entitled to penalties as provided by California

10   Labor Code § 203.

11       23.   During the Class Period, the Defendants and each of them, required the Plaintiff

12   and Class members to work overtime without lawful compensation, in violation of the various

13   applicable Wage Orders, regulations and statutes, and the Defendant: (1) Willfully failed and

14   refused, and continue to fail and refuse to pay lawful overtime compensation at the employees'

15   regular rate to the Plaintiff Class members; and (2) willfully failed and refused, and continue to

16   fail and refuse to pay due and owing wages promptly upon termination of employment to

17   Plaintiff and certain Plaintiff Class members.

18       24.   During the Class Period, the Defendants, and each of them failed and/or refused

19   to schedule Plaintiff and the aggrieved employees in an overlapping manner so as to reasonably

20   provide meal and/or rest breaks and/or shift relief for Plaintiff and aggrieved employees, thereby

21   causing the aggrieved employees to work without being given paid ten (10) minute rest periods

22   for every four (4) hours or major fraction thereof worked and without being given a thirty (30)

23   minute meal period for shifts of at least five (5) hours and second thirty (30) minute meal periods

24   for shifts over twelve (12) hours during which aggrieved employees were relieved of all duties

25   and free to leave the premises.  Defendants further failed and/or refused to schedule Plaintiff and

26   the aggrieved employees in an overlapping manner so as to reasonably ensure meal and/or rest

27   breaks were taken within the required statutory time frame as required by law.  Furthermore,

28   Defendants failed and/or refused to pay any Plaintiff Class members one (1) hour's pay at the

<center>7</center>

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

1  employees' regular rate of pay as premium compensation for failure to provide rest and/or meal

2  periods or to providing such rest and/or meal periods within the statutory time frame as a result

3  of their scheduling policy.

4                                    **CLASS ALLEGATIONS**

5          25.     Plaintiff brings this action on behalf of himself and all other similarly situated

6  persons, as a class action pursuant to California Civil Code of Procedure §382 on behalf of

7  himself and all other similarly situated persons in the Class, which is composed of and defined as

8  follows:

9          Class 1: "Overtime Class"

10         All current and former California hourly employees of Defendants who worked over

11  eight (8) hours in a day or forty (40) in a week without receiving proper overtime premiums

12  from May 9, 2009 through the date of judgment.

13         Subclass 1:

14         All California hourly employees who worked for Defendants from May 9, 2009

15  through the date of judgment, who received a missed meal period or rest period payment.

16         Class 2: "Waiting Time Class"

17         All California persons employed as hourly, nonexempt employees by Defendants from

18  May 9, 2009 through the date of judgment, who left defendants' employ without receiving all

19  wages due upon termination.

20         Class 3: "Failure to Provide Compliant Pay Stubs"

21         All California hourly employees who worked for Defendants from May 9, 2009 through

22  the present who were provided a paystub (a.k.a. wage statement) that contained inaccurate

23  information.  (This is a purely derivative class)

24         Plaintiff reserves the right under Rule 3.765 (b), California Rules of Court, to amend or

25  modify the Class description with greater specificity or further division into subclasses or

26  limitation to particular issues.

27

28

                                            8
COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

26.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

27.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)    The Class is so numerous that it is impractical to bring all member of the Class before the Court;

(d)    Plaintiff and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)    Plaintiff and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(f)    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon the Class;

(g)    There is a community of interest in ensuring that the combined assets and available insurance of the Defendants are sufficient to adequately compensate members of the Class for the injuries sustained;

(h)    Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standard of conduct for the Defendants; and/or

9

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

        (2)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

       (i)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

<div align="center">

**FIRST CAUSE OF ACTION**

**RECOVERY OF UNPAID WAGES & PENALTIES**

**(Violation of Labor Code §§ 204, 510, 1194 and 1198)**

</div>

28.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

29.    Plaintiff and all others similarly situated identified herein were and are employed and scheduled as a matter of established company policy to work and in fact worked as non-exempt hourly employees in excess of eight (8) hours per day and/or in excess of eighty (80) hours per pay period. Defendants employed and scheduled all employees without providing proper premium overtime compensation for such excess hours worked in violation of Labor Code §§ 510 and 1194 and the relevant California Industrial Welfare Commission (IWC) orders. Labor Code § 204 establishes the fundamental right of all employees in the state of California to be paid the proper amount of wages in a timely fashion for their work, including overtime. Defendants always had a written and verbal agreement to pay overtime at time and one half for all hours worked in excess of eight (8) per day and/or eighty (80) hours per pay period.

30.    Pursuant to Labor Code §§ 218 and 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest thereon, penalties, attorneys' fees and costs.

<div align="center">

10

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

</div>

31.     At all times relevant hereto, Defendants have failed to pay to Plaintiff and all persons similarly situated wages when due as required by Labor Code § 204.

32.     Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders. IWC Wage Order No. 5, as amended, applies to Plaintiff.

33.     At all times relevant hereto, Plaintiff is informed and believes and thereon alleges that Defendants have treated Plaintiff and the Plaintiff Class as hourly non-exempt employees. Despite this classification, defendants have willfully violated the Labor Code with respect to meeting the requirements of paying one (1) regular rate of pay, as herein before alleged. Furthermore, the Defendant has failed to include all items of remuneration when determining the employees' regular rate of pay, including but not limited to, shift differentials, charge nurse premiums, non-discretionary bonuses, on call pay, and call back pay, thus Defendants are able to reduce their overhead and operating expenses and gain an unfair advantage over competing companies complying with state law.

34.     Plaintiff is informed and believes and thereon alleges that the hourly non-exempt class was never paid any premium compensation or paid significantly less premium compensation for work accomplished in excess of eighty (80) hours per pay period, and/or eight (8) hours per day.

35.     Plaintiff is informed and believes and thereon alleges that Defendants consistently administered a corporate policy regarding both staffing levels and duties and responsibilities of the members of the classes which required the entirety of all classes to work overtime without proper premium pay. This included a uniform corporate policy and practice of allocating a lower hourly rate for all hours worked in a day in excess of twelve (12) hours and for carrying out a policy that fails to include all elements of remuneration in determining the regular rate. This corporate policy and pattern of conduct was/is accomplished with the advance knowledge and design of all defendants herein. Thus, Plaintiff and all others similarly situated routinely, regularly and customarily performed overtime work. Accordingly, Plaintiff and all others similarly situated are entitled to overtime compensation under California law. Further,

11

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1   Defendants disseminated false information throughout defendants' facilities and among the

2   employees reciting that all hourly non-exempt employees would receive premium overtime pay.

3       36.    Plaintiff is informed and believes and thereon alleges that the obligations and

4   responsibilities of both class employees are irrelevant because Plaintiff and all others similarly

5   situated merely allege wrongdoing with Defendants' pay practices.  Further, the duties of

6   Plaintiff and all others similarly situated are not relevant in certifying any of the classes.

7   Defendants' hourly non-exempt employees work routinely included work in excess of eight (8)

8   hours per day, eighty (80) hours per pay period and/or and they were not, and have never been,

9   paid the proper regular rate of compensation nor the proper premium compensation for their

10  overtime work.

11      37.    Defendants, and each of them, in violation of Labor Code §§ 201 and 202, et seq.,

12  respectively, had a consistent and uniform policy, practice and procedure of willfully failing to

13  pay the earned and unpaid wages of all such former employees.  Defendants have willfully failed

14  to pay the earned and unpaid wages of such individuals, including, but not limited to regular pay,

15  premium pay, and other wages earned and remaining uncompensated according to amendment,

16  or proof.

17      38.    The pattern, practice and uniform administration of corporate policy regarding

18  illegal employee compensation as described herein is unlawful and creates an entitlement to

19  recovery by Plaintiff and all others similarly situated, in a civil action, for the unpaid balance of

20  the full amount of the all wages owing, including the proper calculation of the regular rate and

21  the proper overtime premiums calculated at 1.5 or 2 times the legal regular rate which are owing,

22  including interest thereon, willful penalties, reasonable attorneys' fees, and costs of suit

23  according to the mandate of Labor Code § 1194, et. seq.

24      39.    Likewise, Defendants have a pattern, practice and uniform administration of

25  corporate policy regarding failure to comply with the required provisions of Labor Code § 226.7,

26  in failing to pay Plaintiff and the class the meal break and rest break violation payments at the

27  employees' regular rate.

28  //////

---

12

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIOD OR COMPENSATION IN LIEU THEREOF

### (Plaintiff and Aggrieved Employees against all Defendants)

40.     The Plaintiff and aggrieved employees re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 39 as if fully alleged herein.

41.     Labor Code §§226.7 and 512, provides that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.  Defendants and each of them failed to provide or discouraged and/or dissuaded Plaintiff and the aggrieved employees from taking their meal periods.  Further, Plaintiff and the aggrieved employees regularly worked over 12 hours without receiving a second uninterrupted meal period.

42.     Labor Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

43.     Defendants, and each of them, failed to schedule hourly employees in an adequately overlapping manner so as to reasonably ensure Plaintiff and the aggrieved employees could take and/or receive such meal periods within the statutory timeframe.  As a result, Plaintiff and the aggrieved employees were often forced to forego a meal period and/or work during their meal period.  In so doing, Defendants have intentionally and improperly denied meal periods to the Plaintiff and the aggrieved employees in violation of Labor Code §§226.7 and 512 and other regulations and statutes.

44.     At all times relevant hereto, Plaintiff and aggrieved employees have worked more than five (5) hours in a workday.

45.     At varying times relevant hereto, Plaintiff and aggrieved employees at times have worked more than ten (10) hours and twelve (12) hours in a workday without a second meal period.

<div align="center">13</div>

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

46.    At all times relevant hereto, the Defendants, and each of them, due to their failure to schedule hourly employees in a manner so as to reasonably provide meal and/or work free meal period as required by Labor Code §§ 226.7 and 512.

47.    By virtue of the Defendant's failure to schedule Plaintiff and aggrieved employees in such a way as to provide a meal period, and/or work free meal period to the Plaintiff and aggrieved employees thereby causing Plaintiff and aggrieved employees to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

48.    Plaintiff, individually, and on behalf of the aggrieved employees, requests recovery of meal period compensation pursuant to Labor Code §226.7 which they are owed beginning May 9, 2009 as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

49.    Further, Plaintiff alleges, if and when it paid for missed meal periods, it did so at the employees' base rate of pay and not the regular rate as required by Labor Code §226.7.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIOD OR COMPENSATION IN LIEU THEREOF

#### (Plaintiff and Aggrieved Employees against all Defendants)

50.    The Plaintiff and aggrieved employees re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 49 as if fully alleged herein.

51.    Labor Code §226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

52.    Labor Code §226.7(b) provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided.

53.    Defendants, and each of them, failed and or refused to implement a relief system by which Plaintiff and aggrieved employees could receive rest breaks and/or work free rest

14

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1  breaks for every four hours worked, or major fraction thereof. Furthermore, due to Defendants'

2  relief system, Plaintiff and aggrieved employees did not receive their rest breaks within the

3  required statutory time frame. By and through their actions, Defendants intentionally and

4  improperly denied rest periods to the Plaintiff and aggrieved employees in violation of Labor

5  Code §§226.7 and 512.

6      54.    At all times relevant hereto, the Plaintiff and aggrieved employees, have worked

7  more than four (4) hours in a workday.

8      55.    By virtue of the Defendants' unlawful failure to provide rest periods to Plaintiff

9  and Plaintiff Class as a result of their scheduling and shift relief system, Plaintiff and aggrieved

10  employees have suffered, and will continue to suffer, damages, in amounts which are presently

11  unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained

12  according to proof at trial.

13      56.    Plaintiff, individually, and on behalf of the aggrieved employees, requests

14  recovery of rest period compensation pursuant to Labor Code §226.7, which they are owed

15  beginning May 9, 2009 through the date of judgment as the assessment of any statutory penalties

16  against the Defendant, and each of them, in a sum as provided by the Labor Code and/or any

17  other statute.

18  <center>FOURTH CAUSE OF ACTION</center>

19  <center>FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES</center>

20  <center>(Plaintiff and Plaintiff Class Members against all Defendants)</center>

21      57.    The Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though

22  fully set forth herein, paragraphs 1 through 58 as if fully alleged herein.

23      58.    Plaintiff and/or the members of the Plaintiff Class who ended their employment

24  with the Defendants during the Class Period, were entitled to be promptly paid lawful overtime

25  compensation and other premiums, as required by Labor Code §§ 201-203. Defendants refused

26  and/or failed to promptly compensate Plaintiff and Plaintiff Class wages owed as a result of their

27  failure to provide meal and/or rest periods as well as pay proper premium overtime

28

<center>15</center>

<center>COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION</center>

1  compensation.  Pursuant to <u>Labor Code</u> § 203, such Plaintiff and Plaintiff Class members seek

2  the payment of penalties pursuant to Labor Code § 203, according to proof.

3      59.      Accordingly, Plaintiff and Plaintiff Class members are entitled to attorneys' fees,

4  and costs, pursuant to <u>Labor Code</u> § 203 and prejudgment interest.

5                         **FIFTH CAUSE OF ACTION**

6                    **(Violation of <u>B&PC</u> §17200, et seq.)**

7      60.      Plaintiff and Plaintiff Class incorporate paragraphs 1 through 59 of this Complaint

8  as if fully alleged herein.

9      61.      Beginning on an exact date unknown to Plaintiff but believed to have occurred at

10  least four (4) years from May 9, 2009, Defendants have engaged in a pattern and practice of acts

11  of unfair competition in violation of <u>B&PC</u> §17200, including the practices alleged herein.

12      62.      Defendants, and each of them, own and operate, manage and control Defendants'

13  Hospital facilities listed above, and have engaged in the practice of paying their hourly

14  employees in a fashion that circumvents California overtime laws.

15  <u>**FAILURE TO PAY PROPER WAGES AND OVERTIME COMPENSATION**</u>

16      63.      Plaintiff is informed and believes and thereon alleges that as part of Defendants'

17  ongoing unfair business practice, Defendants' employees were and are employed and scheduled

18  as a matter of established company policy to work, and in fact, worked shifts that exceed eight

19  (8) hours. The hours worked by Defendants' hourly employees is in excess of eight (8) hours per

20  day, and in excess of eighty (80) hours per pay period without receiving the proper regular rate

21  of pay and therefore receive no proper overtime premium.  That is the hourly rate which

22  defendant uses to calculate the overtime premium rate is an artifice, subterfuge, and sham in that

23  the regular rate is based on an artificially low designation by defendant.  That is the regular rate

24  must include all remuneration as provided in <u>Huntington v. Superior Court</u> (<u>Mutuc</u>) (2005) 131

25  Cal App. 4th 893. The Defendant fails to include all remuneration in the regular rate for all

26  hours worked by the class members.  That is the class members allege and will prove that they

27  are entitled to payment based on the proper and legal regular rate which will include all damages

28  that flow from this calculation. The Defendants failed to properly include items of remuneration

<div align="center">16</div>

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

1    when determining the employees' regular rate, this includes but is not limited to the failure to

2    include the shift differentials and non-discretionary bonuses paid to all eligible employees.

3    ## VIOLATION OF LABOR CODE § 200, ET SEQ.

4        64.   Plaintiff is informed and believes and thereon alleges that as part of Defendants'

5    ongoing unfair business practices, Defendants failed to provide all employees all wages at the

6    time of their separation in violation of Labor Code § 200, et. seq.

7        65.   Labor Code § 200, et seq. provides that an employer is required to pay an

8    employee all wages (including accrued vacation) within twenty-four (24) hours of the

9    employee's involuntary separation from employment; within twenty-four (24) hours of his or her

10   voluntary separation if the employee gave at least seventy-two (72) hours' notice, and within

11   seventy-two (72) hours, if the employee voluntarily separated, but did not give at least seventy-

12   two (72) hours' notice.

13       66.   Plaintiff is informed and believes and thereon alleges that all employees who have

14   been separated from Defendants did not timely receive a final paycheck detailing the proper

15   amount of pay from defendants in violation of Labor Code § 200, et. seq.

16       67.   Pursuant to Labor Code § 200, et seq. employees that no longer work for

17   Defendants, and who were not timely paid, are entitled to one (1) day of pay in penalties for each

18   day that he or she was paid late, until payment was made, up to a maximum of thirty (30) days.

19   ## VIOLATION OF MEAL PERIOD PROVISIONS

20       68.   Defendants' improper meal policies are in violation of California law including,

21   but not limited to Labor Code § 226.7, 512, and IWC Wage Order 5-2001. The Plaintiff and

22   aggrieved employees and the class are entitled to wages at their regular rate of pay for each

23   violation where Defendants violated the meal break provisions and paid the class the missed

24   period penalty at an artificially reduced regular rate. Plaintiff and Plaintiff Class were entitled to

25   1 hour of pay for each meal break violation at their regular rate of pay. Defendants failed and

26   continue to fail to pay for a meal break violation at the employees' regular rate of pay in

27   violation of Section 11 of the applicable Wage Orders.

28       69.   Plaintiff seeks restitution and injunctive relief for said violations.

17

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

70.     Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices complained of herein. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over defendants' competitors. Plaintiff and the putative class seek full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by defendants by means of the unfair business practices complained of herein. Plaintiff seeks, on behalf of all current and former employees of Defendants, restitution of said monies. Plaintiff further seeks, on behalf of the Plaintiff and the Plaintiff Class, the appointment of a receiver, as necessary, to establish the total restitutionary relief from Defendants. The restitution includes all wages withheld by defendant as a result of the unfair business practices, including interest thereon. The acts complained of herein occurred, at least in part, within the last four (4) years preceding May 9, 2013.

71.     Plaintiff is informed, and believes, and thereon alleges, that at all times herein mentioned, Defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving their employees and the putative class the minimum working condition, standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein. Plaintiff seeks an injunction preventing defendants from continuing their unfair business practice of improperly depriving their employees of overtime pay, and payment of their regular rate of pay for meal period sanctions. Plaintiff further seeks an order requiring Defendants to identify by full name, telephone number, and last known address employees who worked or still work for defendants from four (4) years preceding the filing of the original Complaint through the date of judgment; Plaintiff further seeks an order requiring Defendants to timely pay restitution to all current and former employees, including back wages, and interest.

72.     The acts complained of herein occurred, at least in part, within the last four (4) years beginning on or about May 9, 2009.

///// 

///// 

18

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

73.     Plaintiff is informed, and believes, and thereon alleges, that as part of Defendants' ongoing unfair business practices, Defendants, and each of them, fail to provide their employees with proper and understandable itemized wage statement, as required by Labor Code § 226.

74.     Plaintiff is informed, and believes, and thereon alleges, that Defendants, and each of them, fail to provide each employee with an itemized statement which states accurate wage information, including the actual regular rate paid, the total hours worked by the employee, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

### SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### PURSUANT TO LABOR CODE §226

#### (Against All Defendants)

75.     Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

76.     The applicable Wage Order provides:

Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item. Subsection (e) provides: "Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

77.     During the Class Period, Defendants knowingly and intentionally failed to provide the Class Members, including Plaintiff, with timely and accurate wage statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the

19

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1   name and address of the legal entity employing that Class Member, and all applicable hourly

2   rates in effect during each pay period and the corresponding number of hours worked at each

3   hourly rate by that Class Member.

4       78.   Defendants thus required the Class Members, including Plaintiff, to work under

5   conditions prohibited by order of the Industrial Welfare Commission, in violation of those

6   orders.

7       79.   The Class Members, including Plaintiff, suffered injury as a result of Defendants'

8   knowing and intentional failure to provide the Class Members, including Plaintiff, with the wage

9   and hour statements required by law.

10       80.   Based on Defendants' conduct as alleged herein, Defendants are liable for actual

11   damages, statutory damages and/or statutory penalties pursuant to California Labor Code §226,

12   attorney's fees and costs.

13   <div align="center">SEVENTH CAUSE OF ACTION</div>

14   <div align="center">(Violation of the California Labor Code Private Attorney's General Act – Cal. Labor Code</div>

15   <div align="center">§ 2698-2699)</div>

16       81.   The Plaintiff and the aggrieved employees re-allege and incorporate by reference,

17   as though fully set forth herein, paragraphs 1 through 80 of this complaint.

18       82.   Cal. Labor Code §2698-2699 The Labor Code Private Attorney's General Act of

19   2004 provides for a civil penalty to be assessed and collected by the Labor and Workforce

20   Development Agency, or any of its departments, divisions, commissions, boards agencies or

21   employees for a violation of the Cal. Labor Code, may be recovered through a civil action by an

22   aggrieved employee on behalf of himself or herself, and collectively on behalf of all other

23   current or former employees.

24       83.   Whenever the Labor and Workforce Development Agency, or any of its

25   departments, divisions, commissions, boards agencies or employees has discretion to assess a

26   civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the

27   same limitations and conditions to assess a civil penalty.

28

<div align="center">20</div>

<div align="center">COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION</div>

84.     Plaintiff, and all non-exempt employees of Defendants are "aggrieved employees" as defined by Labor Code §2699 in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

85.     Prior to filing this Complaint, Plaintiff, gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to UHS OF DELAWARE, INC., and DEL AMO HOSPITAL, INC., of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code §2699.3. Attached hereto as **Exhibit 1** is a true and correct copy of such letter.

86.     Plaintiff asserts all of the claims in this Complaint against Defendants, individually and on behalf of all aggrieved employees, in his capacity as private attorneys general, and seek all statutory penalties available under the Labor Code.

87.     Pursuant to Labor Code §2699 Plaintiff, individually and on behalf of all aggrieved employees, request and are entitled to recover from Defendants; unpaid wages, overtime compensation, rest and meal period compensation and penalties, waiting period wages and penalties according to proof, penalties for failure to keep accurate payroll records, interest, attorney's fees and costs pursuant to §1194, Labor Code §§1174 and 2699, et seq., as well as all statutory penalties and attorneys' fees against Defendants, and each of them, including but not limited to:

(a.)     Penalties under Labor Code §2699 in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

(b.)     Penalties under Code of Regulations Title 8 §11070 in the amount of $50 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

(c.)     Penalties under Labor Code §210 in addition to and entirely independent and apart from, any other penalty provided in the Labor Code in the amount of $100 for each aggrieved employee per pay period for each

21

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

1   initial violation, and $200 for each aggrieved employee per pay period for

2   each subsequent violation, plus 25% of the wage wrongly withheld;

3   (d.)   Any and all additional penalties and sums as provided by the Cal. Labor

4   Code and/or other statutes.

5   88.   In addition thereto, Plaintiff seeks and is entitled to 50% of all penalties obtained

6   under Labor Code §2699 to be allocated to the General Fund, and 25% of all penalties obtained

7   to be allocated to the Labor and Workforce Development Agency, for education of employers

8   and employees about their rights and responsibilities under the Labor Code and 25% to all

9   aggrieved employees.

10   89.   Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and

11   costs pursuant to Labor Code §2699, 218.5, 1174, 1194, 210 and 212 and any other applicable

12   statute.

13   **PRAYER FOR RELIEF**

14   WHEREFORE, Plaintiff prays:

15   1.   That the Court determine this action may be maintained as a class action;

16   **As to the First Cause of Action:**

17   2.   For damages according to proof, as set forth in Labor Code §§ 510 and 1194, et

18   seq., (and the applicable California Industrial Welfare Commission wage orders) regarding

19   wages due and owing;

20   3.   For pre-judgment interest as allowed by Labor Code § 1194 and California Civil

21   Code § 3287(b), for waiting time penalties as authorized by Labor Code § 203, and for

22   reasonable attorneys' fees;

23   **As to the Second Cause of Action:**

24   4.   One (1) hour of pay at each of the employees' regular rate of compensation for

25   each workday that a meal break was not provided, impeded, discouraged and/or dissuaded;

26   /////

27   /////

28   /////

22

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

As to the Third Cause of Action:

5.     One (1) hour of pay at each of the employees' regular rate of compensation for each workday that a rest break was not provided, impeded, interrupted, discouraged and/or dissuaded;

As to the Fourth Cause of Action:

6.     For waiting time penalties for all former employees not timely paid their last pay check, including vacation pay;

7.     For reasonable attorneys' fees and costs;

As to the Fifth Cause of Action:

8.     For an order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

9.     An order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld by the defendants by means of the unfair practice complained of herein.  Plaintiff seeks, on behalf of the putative class, the appointment of a receiver, as necessary.  The restitution includes all monies retained as wages, as defined in Labor Code §§ 201, 202, 510 and 1194, and interest, and attorneys' fees as a result of the unfair business practices;

10.    For an order finding and declaring that Defendants' acts and practices as challenged herein are unlawful, and unfair and/or fraudulent;

11.    For an accounting, under administration of Plaintiff and subject to Court Review, to determine the amount to be returned by defendants and the amounts to be refunded to members who are or were not paid all their wages due to Defendants' unfair business practices;

12.    For the creation of an administrative process wherein each injured current and former employee receives his or her back wages in the form of overtime pay or alternatively that each current or former eligible employee may submit a claim in order to receive his/her money;

13.    For an order requiring Defendants to make full restitution and payment pursuant to B&PC Sections 17200, et seq.;

14.    For all other appropriate declaratory and equitable relief;

23

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

15.     For pre-judgment interest to the extent permitted by law;

16.     For an order requiring defendants to identify, by name, address and telephone number of each person who worked as an hourly exempt employee for defendants from May 25, 2008 through the time of judgment;

**As to the Sixth Cause of Action:**

17.     For recovery as authorized by Labor Code §226(e);

18.     For injunctive relief to ensure Defendants' compliance with Labor Code §226 and the IWC Wage Orders §7(A) pursuant to Labor Code §226(g);

19.     For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

**As to the Seventh Cause of Action:**

20.     On behalf of all current and former employees, for all penalties authorized by Labor Code Private Attorney General Act of 2004 at the rate specified in California Labor Code §558 plus the rate specified in Labor Code §1197.1 for former or current employees who are due overtime and other wage payments;

21.     For penalties pursuant to Labor Code § 558 as follows:

(1)     For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in additional to an amount sufficient to recover underpaid wages;

(2)     For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

**As to All Causes of Action:**

22.     For reasonable costs incurred;

23.     For such other and further relief as this Court may deem just and proper.

Dated: September 11, 2013              LAW OFFICE OF JOSEPH ANTONELLI


                                        By: _____
                                            Janelle Carney, Attorney for Plaintiffs

24

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

**Exhibit 1**



**MAHONEY**
LAW GROUP, APC

Kevin Mahoney
562.590.5550 phone
562.590.8400 facsimile
kmahoney@mahoney-law.net

May 9, 2013

*Via Certified Mail – Receipt # 7011-2970-0000-4516-6432*
*Return Receipt Requested*
LABOR AND WORKFORCE DEVELOPMENT AGENCY
800 Capitol Mall, Suite 5000 MIC-55
Sacramento, CA 95814

*Via Certified Mail – Receipt # 7011-2970-0000-4516-6470*
*Return Receipt Requested*
Universal Health Services, Inc.
Corporate Center
P.O. Box 61558
367 South Gulph Road
King of Prussia, PA 19406

*Via Certified Mail – Receipt # 7011-2970-0000-4516-6463*
*Return Receipt Requested*
UHS of Delaware. Inc. a subsidiary of Universal Health Services, Inc.
110 Westwood Place
Brentwood, TN 37027

*Via Certified Mail – Receipt # 7011-2970-0000-4516-6456*
*Return Receipt Requested*
Del Amo Hospital. Inc. a subsidiary of Universal Health Services, Inc.
23700 Camino Del Sol
Torrance, CA 90505

Re:     Uche A. Maduagwu v. Universal Health Services, Inc., UHS of Delaware. Inc. a subsidiary of Universal Health Services, Inc.; Del Amo Hospital. Inc. a subsidiary of Universal Health Services, Inc.

CONTINUED ON THE NEXT PAGE

### NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
### LABOR CODE SECTION § 2699 et. seq.

To: California Labor and Workforce Development Agency and. Universal Health Services, Inc., UHS of Delaware. Inc. a subsidiary of Universal Health Services, Inc.; Del Amo Hospital. Inc. a subsidiary of Universal Health Services, Inc.

From: Uche A. Maduagwu, on behalf of himself and aggrieved employees who were subject to the employer's wage and hour policies as set forth below.

### Factual Statement

Please note that this firm, the Mahoney Law Group, APC, represents the interests of Uche A. Maduagwu (hereinafter "Mr. Maduagwu") and all other aggrieved employees who intend to file a complaint alleging various Labor Code violations.

### Theories of Labor Code Violations and Remedies

Mr. Maduagwu will allege that Universal Health Services, Inc., UHS of Delaware. Inc. a subsidiary of Universal Health Services, Inc.; Del Amo Hospital. Inc. a subsidiary of Universal Health Services, Inc., (hereinafter "Defendants") violated various section of the Labor Code, including  §§ 510 and 1194, by failing to provide Mr. Maduagwu and all other aggrieved employees overtime compensation for such excess hours at the proper rate of pay.

Mr. Maduagwu will further allege that Defendants violated Labor Code § 1198, by employing Mr. Maduagwu and all other aggrieved employees for longer that the hours set by the IWC Wage Orders.  Mr. Maduagwu, will also allege that Defendants violated Labor Code §§201 and 202, et seq., due to their uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees.

Mr. Maduagwu, intends to allege that Defendants violated Labor Code § 226 as part of their ongoing business practice, by failing to provide their employees with proper and understandable itemized wage statements. Furthermore, Mr. Maduagwu, will allege that Defendants violated Labor Code § 200 et seq., by failing to provide all employees all wages at the time of their separation, thus entitling Mr. Maduagwu and all other aggrieved employees that no longer work for the Defendants one (1) day of pay in penalties for each day that he or she was paid late, until payment was made, up to a maximum of thirty (30) days.

CONTINUED ON THE NEXT PAGE

LABOR AND WORKFORCE DEVELOPMENT AGENCY
May 9, 2013
Page 3 of 3

Mr. Maduagwu will further allege that Defendants violated Labor Code §226.7, due to their ongoing practice of discouraging and dissuading Mr. Maduagwu and other aggrieved employees from taking rest breaks of not less than ten (10) minutes.  Mr. Maduagwu, will also allege that Defendants further violated Labor Code §226.7 by failing to provide legally compliant meal periods in addition to impeding, discouraging and/or dissuading Mr. Maduagwu and other aggrieved employees from taking legally compliant meal periods.

Mr. Maduagwu, will allege that as a result of Defendants violations of Labor Code 226.7, Mr. Maduagwu as well as all other aggrieved employees are entitled to damages equal to one (1) hour of wages per missed meal and rest period.

Mr. Maduagwu will seek to represent himself, and a putative class of employees as well as all other aggrieved employees who were employed by ARS.

Please advise if the LWDA has any objection to my clients including PAGA claims in their complaint. We look forward to your response. Please feel free to contact our office if you have any comments or questions.

Kevin Mahoney, Esq.
MAHONEY LAW GROUP, APC
KM/file

# EXHIBIT C

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-7884 PA (AGRx) | Date | January 6, 2014 |
| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Uche A. Maduagwu ("Plaintiff"). (Docket No. 16.)  In the Notice of Removal, defendants UHS of Delaware, Inc. ("UHS") and Del Amo Hospital, Inc. ("Del Amo") (collectively "Defendants") assert that jurisdiction exists based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 6, 2014 is vacated, and the matter taken off calendar.

## I.      Background

Plaintiff was employed at various times in California by Defendants during the proposed class period.  Defendant UHS is incorporated in Delaware, with its principal place of business in Pennsylvania.  (Notice of Removal ¶ 16.)  Defendant Del Amo is a California facility that is operated and maintained by defendant UHS.  (Compl. ¶¶ 11, 12.)

Plaintiff commenced this putative class action in Los Angeles Superior Court on September 13, 2013.  The Complaint alleges seven causes of action: (1) failure to pay overtime wages, Cal. Labor Code §§ 204, 510, 1194, 1198; (2) failure to provide meal periods, Cal. Labor Code §§ 226.7, 512; (3) failure to provide rest periods, Cal. Labor Code §§ 226.7, 512; (4) failure to timely pay final wages, Cal. Labor Code §§ 201-03; (5) engaging in unfair competition, Cal. Bus. & Prof. Code §§ 17200 et seq.; (6) failure to provide accurate, itemized wage statements, Cal. Labor Code § 226; and (7) violations of the California Labor Code Private Attorney's General Act, California Labor Code sections 2698-99. Plaintiff proposes three putative classes:

> All current and former California hourly employees of Defendants
> who worked over eight (8) hours in a day or forty (40) in a week without
> receiving proper overtime premiums from May 9, 2009 through the date

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-7884 PA (AGRx) | Date | January 6, 2014 |
|---|---|---|---|

| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. |
|---|---|

of judgment.[1/]

All California persons employed as hourly nonexempt employees by Defendants from May 9, 2009 through the date of judgment, who left [D]efendants employ without receiving all wages due upon termination.

All California hourly employees who worked for Defendants from May 9, 2009 through the present who were provided a paystub . . . that contained inaccurate information.

(Compl. ¶ 25.)

Defendants filed a Notice of Removal on October 24, 2013. Plaintiff filed this Motion to Remand on November 25, 2013. In the Motion to Remand, Plaintiff argues that Defendants did not show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000; the Court must decline to exercise jurisdiction because this case falls within the "local controversy exception," 28 U.S.C. § 1332(d)(4)(A); the Court must decline to exercise jurisdiction because this case falls within the "home state exception," 28 U.S.C. § 1332(d)(4)(B); and/or the Court should decline to exercise its jurisdiction under the "totality of the circumstances exception." 28 U.S.C. § 1332(d)(3). Defendants filed an Opposition on December 16, 2013. (Docket No. 20). Having reviewed the parties' submissions and for the reasons that follow, the Court remands this case.

## II.    Analysis

Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). However, the statute establishes several exceptions to CAFA's jurisdictional reach. The local controversy exception provides that the district court "shall decline to exercise jurisdiction" over a class action if (1) more than two-thirds of the class members are citizens of the state where the action was commenced; (2) at least one defendant, from whom significant relief is sought and whose conduct forms a significant basis for relief, is a citizen of the state in which the action was commenced; (3) the principal injuries occurred in the state in which the action was originally filed; and (4) during the three-year period prior to the commencement of the case, no other class actions have been filed against any of the defendants on behalf of any persons alleging the same or

---

[1/]    Plaintiff also proposes a subclass of "[a]ll California hourly employees who worked for Defendants from May 9, 2009 through the date of judgment, who received a missed meal period or rest period payment." (Compl. ¶ 25.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7884 PA (AGRx) | Date | January 6, 2014 |
|---|---|---|---|

| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. | | |

similar facts.[2]  28 U.S.C. § 1332(d)(4)(A).  "The plaintiff seeking remand has the burden of showing that the local controversy exception applies."  Coleman v. Estes Express Lines, Inc., 631 F.3d 1010, 1013 (9th Cir. 2011) (citing Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007)).

Neither party appears to dispute that the principal injuries alleged occurred in California. Defendants, however, argue that the local controversy exception does not apply in this case because a class action asserting similar allegations has been filed within the past three years; Plaintiff did not show that more than two-thirds of the class members are domiciled in California; and Plaintiff did not show that he is seeking significant relief from defendant Del Amo.  The Court disagrees.

Even though the Complaint names only two defendants - UHS and Del Amo - Defendants assert that Plaintiff is actually asserting claims against twelve facilities including Corona Regional Medical Center, Inland Valley Medical Center, Rancho Springs Medical Center, Palmdale Regional Medical Center and Temecula Valley Hospital.  (Opp'n 19 (citing Compl. ¶¶ 11-12); see also Pl.'s Ex Parte Appl. 9.)  Defendants state "a nearly identical wage and hour class action" was filed against these facilities on August 23, 2013.  (Opp'n 19; Defs.' Req. for Judicial Notice, Exs. A, B.)  As a result, Defendants argue that the local controversy exception cannot apply "[b]ecause another class action lawsuit was filed less than three years before Plaintiff filed his lawsuit, and because both lawsuits purport to include the same individuals."  (Opp'n 19-20.)

Despite Plaintiff's allegations regarding other facilities, however, the scope of this case is limited solely to the alleged actions of UHS and Del Amo as they were the only defendants named in the Complaint.  See Fed. R. Civ. P. 10; cf. Villalpando v. Excel Direct, Inc., No. C-12-04137 JCS, 2012 WL 5464620, at *4-5 (N.D. Cal. Nov. 8, 2012).  Because the facilities listed above are not defendants to this action, it cannot be said that a class action was filed within the prior three years "asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."  28 U.S.C. § 1332(d)(4)(A)(ii) (emphasis added).  Thus, the Court determines that no class action asserting the same or similar facts has been filed against either of the defendants in this case in the preceding three years.[3]

Further, the Court determines that Plaintiff sufficiently showed that he was seeking significant relief from Del Amo.  The Complaint alleges that the putative class members' claims arise from Defendants' policies and practices as applied to Defendants' California employees, and requests

---

[2]      The Court declines to address the parties' other arguments since the following analysis disposes of the case.

[3]      To the extent that the parties disagree as to the scope of discovery or Plaintiff's inclusion of employees of other entities in the putative class, Defendants may always petition the Court to redress these issues.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 13-7884 PA (AGRx) | | Date | January 6, 2014 |

| | |
|---|---|
| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. |

damages, injunctive relief, and restitution equally from both defendants. Similar to the Ninth Circuit's findings in Coleman,

> There is nothing in the complaint to suggest that . . . [Del Amo] is a nominal defendant, or that . . . [Del Amo] has so few assets . . . that . . . [Plaintiff] is not seeking significant . . . relief from it. Further, the complaint seeks injunctive relief against . . . [Del Amo]. There is nothing in the complaint to suggest either that the injunctive relief sought is itself insignificant or that . . . [Del Amo] would be incapable of complying with an injunction.

See Coleman, 631 F.3d at 1020; see also Cubillas v. Dav-El Los Angeles, Inc., CV 11-03536 DMG (JEMx), 2011 U.S. Dist. LEXIS 56529, at *7-8 (C.D. Cal. May 26, 2011). In addition, Defendants' argument that Plaintiff does not show "that the relief he seeks from one facility, Del Amo Hospital, is more "significant" relative to the relief he seeks from UHS" is inapposite due to the Court's finding that this action only involves two Defendants - Del Amo and UHS.

The record also indicates that greater than two-thirds of the putative class members were citizens of California at the time this action was removed. "Where facts are in dispute, the statute [governing the local controversy exception] requires district courts to make factual findings before granting a motion to remand a matter to state court." Mondragon v. Capital One Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013). "[T]here must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." Id. at 884 (citations omitted). The district courts may make reasonable inferences from the facts in evidence to determine whether the class member citizenship standard has been met. Id. at 886.

According to the Complaint, "Plaintiff and the putative classes herein were all California citizens." (Compl. ¶ 8.) In addition, the proposed classes are limited to Defendants' former and current California employees. (See id. ¶ 25.) Considering these statements, in light of the entire record, the Court may reasonably infer that it is more likely than not that over two-thirds of the proposed class members were California citizens at the time of removal.

Although an individual's place of employment or residency does not necessarily establish the individual's domicile, these factors are relevant to the determination of a party's domicile. See Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986) ("The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, . . . [and] place of employment or business . . . ."); see also Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011) (finding that residence may be prima facie evidence of domicile); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (same). It is also far more likely that individuals employed in a state are domiciled in that state, as opposed to individuals who engage in more casual or intermittent transactions in a state, such as buying consumer goods. See Mondragon,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 13-7884 PA (AGRx) | | Date | January 6, 2014 |
| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. | | | |

736 F.3d at 884-85. Finally, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." Id. at 885. Defendants have neither contested that Plaintiff and putative class members were all California citizens, as asserted in the Complaint, nor presented any evidence to the contrary.

## III.    Conclusion

For the reasons stated above, the Court determines that the local controversy exception applies in this case. See 28 U.S.C. § 1332(d)(4)(A). Accordingly, the Court grants Plaintiff's Motion and remands this action to Los Angeles County Superior Court, Case No. BC521378.

IT IS SO ORDERED.

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STACEY E. JAMES (185651); CHRISTINA H. HAYES (267153)<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>TELEPHONE NO: (619) 232-0441    FAX NO. *(Optional)*: (619) 232-4302<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Universal Health Services, Inc., et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Historic Courthouse

PLAINTIFF/PETITIONER: Marlyn Sali

DEFENDANT/RESPONDENT: Universal Health Services of Rancho Springs, Inc.

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL** | CASE NUMBER:<br>RIC1309837 |
| **Check method of service *(only one):***<br>☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery<br>☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service | JUDGE: Sunshine S. Sykes<br>DEPT.: 06 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action**.

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service)*:

4. On *(date):* March 31, 2014        I served the following **documents** *(specify):*

   ☒ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:

   c. ☐ *(Complete if service was by fax or electronic service.)*
   (1) Fax number or electronic service address where person was served:

   (2) Time of service:

   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 4

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME: Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER: RIC1309837 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, California

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

   e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

   f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: March 31, 2014


Virginia R. Gomez
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

   At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

   I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 2 of 4**

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE:<br>Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER:<br>RIC1309837 |
|---|---|

### ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically):*

RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASE


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE:<br>Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER:<br>RIC1309837 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
*(This attachment is for use with form POS-040.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br><br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Where Served**<br><br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | **Time of Service**<br><br>*(Complete for service by fax transmission or electronic service.)* |
|---|---|---|
| Brian D. Chase, Esq.<br>Bisnar Chase LLP<br><u>Attorneys for Plaintiffs</u><br>Marlyn Sali and Deborah Spriggs | 1301 Dove Street, Suite 120<br>Newport Beach, CA 92660<br>Phone   (949) 752-2999<br>Fax:     (949) 752-2777<br>Email:   bchase@bisnarchase.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |



# EXHIBIT I

STACEY E. JAMES, Bar No. 185651
CHRISTINA H. HAYES, Bar No. 267153
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:   619.232.0441
Facsimile:    619.232.4302

Attorneys for Defendants in *Maduagwu v. UHS of
Delaware, Inc., et al.*, Los Angeles Superior Court,
Case Number BC521378
UHS OF DELAWARE, INC. and DEL AMO
HOSPITAL, INC.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 01 2014

i. SIRACUSA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others situated and the general public, | Case No. RIC1309837 |
| Plaintiffs, | ASSIGNED FOR ALL PURPOSES TO JUDGE JOHN D. MOLLOY, DEPT 10 |
| v. | NOTICE OF RESPONSE BY NON-PARTY IN OPPOSITION TO NOTICE OF RELATED CASE |
| UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; and DOES 1 to 100, inclusive, | Trial Date:  None Set Complaint Filed:  August 23, 2013 |
| Defendants. | |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:126163265.1 069080.1042

1    TO THE CLERK OF THE ABOVE NAMED COURT AND TO ALL PARTIES AND TO THEIR

2    ATTORNEYS OF RECORD:

3           PLEASE TAKE NOTICE that Defendants in *Maduagwu v. UHS of Delaware, Inc. et al.*, Los

4    Angeles Superior Court, Case Number BC521378 (the "*Maduagwu* Action") have filed a Response

5    in Opposition to the Notice of Related Case.  Plaintiff in the *Maduagwu* Action filed a Notice of

6    Related Case to deem the *Maduagwu* Action related to the above-captioned case.  A true and correct

7    copy of the *Maduagwu* Defendants' Response is attached hereto as Exhibit "1."

8

9

10   Dated: March 31, 2014

11                                              _____
                                                STACEY E. JAMES
12                                              CHRISTINA H. HAYES
                                                LITTLER MENDELSON, P.C.
13                                              Attorneys for Defendants in *Maduagwu v. UHS
                                                of Delaware, Inc. et al.*, Los Angeles Superior
14                                              Court, Case Number BC521378
                                                UHS OF DELAWARE, INC. and DEL AMO
15                                              HOSPITAL, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

Firmwide:126163265.1 069080.1042                    2.

# EXHIBIT 1

1   STACEY E. JAMES, Bar No. 185651
    CHRISTINA H. HAYES, Bar No. 267153
2   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
3   San Diego, CA 92101.3577
    Telephone:   619.232.0441
4   Facsimile:   619.232.4302

5   Attorneys for Defendants
    UHS OF DELAWARE, INC. and DEL AMO
6   HOSPITAL, INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF LOS ANGELES

10

11  UCHE A. MADUAGWU, as an individual       Case No. BC521378
    and on behalf of all employees similarly
12  situated,                                ASSIGNED FOR ALL PURPOSES TO JUDGE
                                             WILLIAM F. HIGHBERGER, DEPT 307
13              Plaintiff,
                                             DEFENDANTS' STATEMENT OF
14       v.                                  OPPOSITION TO PLAINTIFF'S NOTICE
                                             OF RELATED CASE
15  UHS OF DELAWARE, INC., a Delaware
    Corporation; DEL AMO HOSPITAL,           Trial Date: None Set
16  INC., a California Corporation; and DOES  Complaint Filed: September 13, 2013
    1 through 100, inclusive,
17
                Defendants.
18

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that Defendants UHS OF DELAWARE, INC. and DEL AMO

22  HOSPITAL, INC. ("Defendants") by and through their counsel of record hereby respond pursuant to

23  California Rules of Court rule 3.300(g) to the Notice of Related Cases (the "Notice") filed by

24  Plaintiff UCHE A. MADUAGWU ("Plaintiff") in the above-referenced matter (the "*Maduagwu*

25  Action") advising the Court that Plaintiff believes this matter is related to the following cases: (1)

26  *Barton, et al. v. UHS*, Los Angeles County Superior County, Case No. BC435274 (the "*Barton*

27  ///

28  ///

LITTLER MENDELSON, P.C
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:126102788.2 069080.1042

DEFENDANTS' STATEMENT OF OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE

1  Action"); and (2) *Sali v. Universal Health Services, Inc.,*[1] Riverside County Superior Court, Case

2  No. RIC1309837 (the "*Sali* Action").

3       Defendants do not oppose Plaintiff's Notice with regard to the *Barton* Action. However,

4  Defendants oppose Plaintiff's Notice with regard to the *Sali* Action on the ground that the California

5  Rules of Court prohibit the Court from deeming this matter related to the *Sali* Action because the

6  *Sali* Action is pending in another superior court. Defendants further believe these cases are not

7  related on the merits and that, in any event, it is premature for the Court to make any determination

8  as to relatedness under California Rule of Court 3.300(a).

9  **I.    THE *MADUAGWU* ACTION AND THE *SALI* ACTION CANNOT BE RELATED BECAUSE THEY ARE PENDING IN DIFFERENT SUPERIOR COURTS**

10

11       California Rule of Court 3.300(h)(1) provides that the Court may order cases related and

12  assign them to the same department or judge, ***provided the related cases are pending in one***

13  ***superior court.*** Here, however, the *Sali* Action is pending in the Riverside County Superior Court

14  whereas the *Maduagwu* Action is pending in the Los Angeles Superior Court. Accordingly, the

15  procedures for relating pending cases do not apply. Rather, as set forth in California Rule of Court

16  3.300(h)(2), the procedures for coordinating cases must be followed. Specifically, California Rule

17  of Court 3.300(h)(2) provides:

18      *Related cases pending in different superior courts*

19

20      (A) If the related cases are pending in more than one superior court on notice to all parties, **the judge to whom the earliest filed case is**

21  **assigned** may confer informally with the parties and with the judges to whom each related case is assigned, to determine the feasibility and

22  desirability of joint discovery orders and other informal or formal means of coordinating proceedings in the cases.

23

24

---

[1] In his Notice, Plaintiff improperly lists the *Sali* Action as *Sali v. Universal Health Services, Inc.*
The proper name for the *Sali* Action is *Sali, et al. v. Corona Regional Medical Center, et al.*
Universal Health Services, Inc. is no longer a named Defendant in the *Sali* Action. The Defendants
named in the *Sali* Action are Universal Health Services of Rancho Springs, Inc.; Universal Health
Services of Palmdale, Inc.; Corona Regional Medical Center; Rancho Springs Medical Center;
Palmdale Regional Medical Center; and Temecula Valley Hospital. *See* Exhibit ("Ex.") A
(Conformed Copy of Plaintiffs' First Amended Complaint in the *Sali* Action).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1    (B) If it is determined that related cases pending in different superior
2    courts should be formally coordinated, the procedures in Code of Civil
     Procedure section 403 and rule 3.500 must be followed for
3    noncomplex cases, and **the procedures in Code of Civil Procedure**
     **section 404 et seq. and rules 3.501 et seq. must be followed for**
4    **complex cases.**

5    (Emphasis added).

6        As an initial matter, Plaintiff in this action has not consulted with "the judge to whom the

7    earliest filed case is assigned," which would be Judge Molloy in Department 10 of the Riverside

8    County Superior Court.[2]  For this reason alone, Plaintiff's Notice is improper.

9        Further, both the *Maduagwu* Action and the *Sali* Action are pending in different superior

10   courts and each has been designated "complex." Thus, the procedures set forth in Code of Civil

11   Procedure section 404 *et seq.* and California Rules of Court 3.501 *et seq.* must be followed. Plaintiff

12   has failed to follow these procedures because he has not filed a Petition for Coordination along with

13   the Notice or filed a motion for permission to submit such a petition as required by Code of Civil

14   Procedure section 404.  Thus, the cases cannot be coordinated, nor can either case be transferred to

15   any court other than the court in which it is currently pending, based on the improper Notice filed by

16   Plaintiff. *See* California Rule of Court 3.300(j) ("If for any reason a case is not ordered related under

17   this rule, that case will remain assigned to the court, judge, or department where it was pending at

18   the time of the filing and service of the Notice of Related Case.").  Accordingly, the *Sali* Action

19   must remain in the Riverside County Superior Court, while the *Maduagwu* Action remains in the

20   Los Angeles County Superior Court, and the cases cannot be deemed related.

21   **II.    THE *MADUAGWU* ACTION DOES NOT MEET THE DEFINITION OF A**
22   **RELATED CASE *VIS A VIS* THE *SALI* ACTION**

23       Plaintiff contends that the *Maduagwu* Action and the *Sali* Action are related pursuant to

24   California Rule of Court 3.300(a) because they "are likely for other reasons to require substantial

25   duplication of judicial resources if heard by different judges." As Plaintiff readily acknowledges, the

26   *Maduagwu* Action and the *Sali* Action do not involve the same parties.  Plaintiff Uche Maduagwu is

27
28   [2] As stated in Plaintiff's Notice of Related Case, the original Complaint in the *Sali* Action was filed
     on August 23, 2013.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:126102788.2 069080.1042                     3.

DEFENDANTS' STATEMENT OF OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE

1  a plaintiff in one matter, and Plaintiffs Marlyn Sali and Deborah Spriggs are plaintiffs in the other

2  matter.  Furthermore, there are no overlapping defendants.  The *Maduagwu* Action names UHS of

3  Delaware, Inc. as a defendant, but UHS of Delaware, Inc. is not named in the *Sali* Action.  Similarly,

4  none of the individual hospital facilities named as defendants in the *Sali* Action are named as

5  defendants in the *Maduagwu* Action.  Indeed, in granting Plaintiff's Motion to Remand, the district

6  court concluded:

7      Despite Plaintiff's allegations regarding other facilities, however,
       the scope of this case is limited solely to the alleged actions of
8      UHS and Del Amo as they were the only defendants named in the
       Complaint.  Because the [additional] facilities listed in [Plaintiff's
9      Complaint] are not defendants to this action, it cannot be said that
       [the *Sali* Action constitutes] a class action . . . 'asserting the same
10     or similar factual allegations <u>against any of the defendants</u> on
       behalf of the same or other persons.'

11

12  *See* Ex. B (Order Granting Plaintiff's Mtn to Remand) at 3.

13      In addition, the plaintiff in the *Maduagwu* Action never worked at any of the same facilities

14  as the plaintiffs in the *Sali* Action.  Moreover, none of the plaintiffs worked at more than one

15  hospital facility—the plaintiff in the *Maduagwu* Action worked exclusively at Del Amo Hospital,

16  and the plaintiffs in the *Sali* Action worked exclusively at Corona Regional Medical Center.

17  Accordingly, the claims made in the *Maduagwu* Action are not based on the same or similar claims

18  as in the *Sali* Action because they arise out of separate employment relationships, activities,

19  incidents and events.  Indeed, the plaintiff in the *Maduagwu* action worked at a behavioral health

20  center, whereas the plaintiffs in the *Sali* Action worked at an acute-care facility, and thus the

21  plaintiffs in the two actions were subject to entirely different policies, procedures and working

22  conditions, which will result in numerous factual and legal issues that are unique to each action.  As

23  such, there is simply no basis at this time to conclude that the same facts will be at issue, or that

24  ordering the cases related would achieve substantial judicial efficiencies.

25  / / /

26  / / /

27  / / /

28  / / /

Firmwide:126102788.2 069080.1042                4.

DEFENDANTS' STATEMENT OF OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE

**III.    CONCLUSION**

For the foregoing reasons, the *Maduagwu* Action should not and, indeed cannot, be deemed related to the *Sali* Action.

Dated: March 31, 2014

Respectfully submitted,

STACEY E. JAMES
CHRISTINA H. HAYES
LITTLER MENDELSON, P.C.
Attorneys for Defendants
UHS OF DELAWARE, INC. and DEL AMO
HOSPITAL, INC.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:126102788.2 069080.1042

5.

DEFENDANTS' STATEMENT OF OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE

# EXHIBIT A

Brian D. Chase, Esq. (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone:  (949) 752-2999
Facsimile:   (949) 752-2777

Attorneys for Plaintiffs, on behalf of themselves,
all others similarly situated and the general public

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 25 2013

J. BRANNON

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. RIC1309837<br><br>*Assigned for all purposes to the Honorable Ronald L. Taylor in Department 06*<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**<br><br>1) **Failure to pay all Regular Hourly Wages Based on all Requisite Work Hours (Cal. Lab. Code §§ 200-202, 218);**<br>2) **Failure to pay all Overtime Wages Based on all Requisite Work Hours (Cal. Lab. Code §§ 510, 1194);**<br>3) **Failure to pay Correct Overtime Rate of pay (Cal. Lab. Code §§ 510, 1194);**<br>4) **Failure to pay Premium Wages for Denial of Required Meal-and-Rest Periods (Cal. Lab. Code §§ 226.7, 512, and Cal. IWC Wage Order(s));**<br>5) **Failure to Timely pay all Wages due Upon Termination of Employment (Cal. Lab. Code §§ 201-203);**<br>6) **Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174, and Cal. IWC Wage Order(s)); and**<br>7) **Violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and**<br>8) **Violation of the Private Attorneys General Act of 2004 (the "PAGA") (Cal. Labor Code Section 2698, *et seq.*).**<br><br>DEMAND FOR JURY TRIAL |

Page 1

1.      Plaintiffs Marlyn Sali ("SALI") and Deborah Spriggs ("SPRIGGS") on behalf of themselves, and classes of those similarly situated (collectively "Plaintiffs"), hereby file this First Amended Class Action Complaint ("FAC") against Defendants Universal Health Services of Rancho Springs, Inc. ("UHSRS"), Universal Health Services of Palmdale, Inc. ("UHSP"), Corona Regional Medical Center ("Corona"), Inland Valley Medical Center ("Inland Valley"), Rancho Springs Medical Center ("Rancho Springs"), Palmdale Regional Medical Center ("Palmdale"), Temecula Valley Hospital ("Temecula"), and DOES 1 to 100, inclusive (collectively "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, alleges as follows:

I.

## INTRODUCTION

2.      This is a proposed class action seeking recovery of unpaid wages, restitution, interest, penalties, attorneys' fees and costs for Defendants' systematic violations of the following California Labor Codes ("Labor Code"):

    a.     Labor Code §§ 200-202 and 218 for failing to pay all regular hourly wages to Plaintiffs;

    b.     Labor Code §§ 510 and 1194 for failing to pay Plaintiffs time and a-half for all overtime hours worked;

    c.     Labor Code §§ 510 and 1194 for failing to pay Plaintiffs double their regular rate of pay for all hours worked in excess of 12 hours a day and/or all hours in excess of 8 hours on the seventh consecutive day of work;

    d.     Labor Code §§ 226.7 and 512 for not providing compliant meal-and-rest breaks to Plaintiffs or compensation in lieu thereof;

    e.     Labor Code § 203 for failing to timely pay all wages due and owing to separated former employees of Defendants within 72 hours of separation of employment;

    f.     Labor Code § 226 for failing to provide accurate itemized wage statements

Page 2

to Plaintiffs; and

g.    California Business & Professions Code ("B&PC") § 17200, *et seq.* for restitution of all wages unpaid, due and owing that are derivative of each of the foregoing violations of the Labor Code.

3.    Defendants own and operate medical centers and hospitals throughout Southern California and employ non-exempt, hourly wage, Registered Nurses ("RNs") including, but not limited to, Corona, Inland Valley, Rancho Springs, Palmdale, and Temecula ("Defendants' Hospitals").

4.    Throughout the liability period, Defendants have a uniform policy, consistently applied to Plaintiffs, in which Plaintiffs were required to be on-call or standby (the "Standby and Call Back Policy"). According to the Standby and Call Back Policy, Plaintiffs—who were assigned to on-call or standby—must make themselves available to respond to calls to work and leave word at his residence or the Medical Center where they can be reached, and/or carry a beeper. It also states that Plaintiffs who are on mandatory standby must be immediately available and return to the facility within 30 minutes to meet patient care needs. Plaintiffs are made aware of the requirement for standby and call back responsibilities and if they do not respond or do not return on time, Plaintiffs are disciplined. Therefore, Plaintiffs had to limit their personal activities and limit where and how long they went to ensure that they were close enough to respond on time; otherwise face discipline and possibly termination. Effectively, Plaintiffs were under the control of Defendants and were therefore predominantly benefitting Defendants and their business operation at the expense of Plaintiffs' personal activities. Accordingly, Plaintiffs should have been at least been paid their regular hourly wage for the time spent on-call or standby. Defendants, however, either did not pay Plaintiffs for the time they were on-call or paid them a wage less than their hourly rate.

5.    In addition, according to the Standby and Call Back Policy, Plaintiffs—who were called back to work—were not paid for their travel time and were only paid when Plaintiffs arrived at Defendants' Hospitals and ready to begin work. Accordingly, Plaintiffs were not compensated

for the time that they had to travel back to Defendants' Hospitals.

6.      Throughout the liability period, Defendants implemented a uniform policy that prevented Plaintiffs from clocking in more than seven minutes before their scheduled shift or more than seven minutes after their scheduled shift; otherwise if Plaintiffs clocked in seven minutes before or after their scheduled shift, Plaintiffs' time worked would be rounded down to the nearest one-tenth of the hour (the "Rounding Time Policy"). Defendants' Rounding Time Policy resulted in Plaintiffs being deprived of wages as Defendants' Rounding-Time Policy, over a period of time, resulted in Defendants' failure to compensate Plaintiffs for all the time they actually worked.

7.      As a result of the policies alleged above, Plaintiffs were not paid for all hours worked at the regular and overtime rate of pay.

8.      Defendants also have and continue to have a uniform meal period policy that fails to provide Plaintiffs meal periods before the fifth hour of work and in which they are relieved of all duty during their 30-minute meal period. Moreover, Defendants' uniform meal break policy does not authorize meal breaks before the tenth hour of work for Plaintiffs who worked daily shifts of at least 10 hours or more. In addition, Defendants denied Plaintiffs uninterrupted meal breaks of at least 30-minutes when Plaintiffs' supervisors failed to schedule meal breaks where they would not be interrupted for at least 30-minutes. Another uniform fact is that Defendants' written meal break policies did not authorize Plaintiffs to leave the premises or agree to pay Plaintiffs an additional hour of pay for non-compliant meal breaks.

9.      Defendants also have and continue to have a uniform rest period policy that does not sufficiently authorize or permit the number of 10-minutes rest periods that are required per workday. In addition, Defendants' rest break policy denied Plaintiffs' net rest time of at least 10 minutes because Plaintiffs' supervisors failed to schedule rest breaks where they would be relieved of all duty and not interrupted for at least 10-minutes.

10.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendant DOES 1 through 100 are unknown to Plaintiffs, who therefore sues these defendants by fictitious names pursuant to California Code of Civil Procedure ("CCP") § 474.

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

Plaintiffs further allege that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiffs will amend this FAC to show these defendants' true names and capacities when ascertained, as well as the manner in which each fictitious defendant is responsible.

11.    Plaintiffs is informed and believes, and on that basis alleges, that Defendants named in this FAC were agents, servants, employees, co-conspirators and/or joint venturers of each of the remaining Defendants, and was at all times acting within the course-and-scope of said agency, service, employment, conspiracy and/or joint venture.

12.    Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct complained of herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts complained of, each of the Defendants acted with an awareness of his/her/its/their primary wrongdoing and realized that his/her/its/their conduct would substantially assist the accomplishment of the wrongful conduct and wrongdoing.

13.    The acts complained of herein occurred, continue to occur and will occur, at least in part, within the time period from four years preceding the filing of the initial complaint, up to and through the time of trial for this matter (hereinafter, the "Proposed Class Period").

## II.

## JURISDICTION AND VENUE

14.    The California Superior Court has jurisdiction in this matter due to Defendants' violations of Labor Code §§ 200, *et seq.*, 500, *et seq.*, B&PC § 17200, *et seq.*, the applicable IWC Wage Order(s), and related common law principles.

15.    The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

16.    The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the proposed classes alleged herein are under the $75,000.00

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

jurisdictional threshold for Federal Court. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, applicable IWC Wage Order(s), CCP, California Civil Code ("CC") and B&PC. There is no diversity of parties as to all parties, SALI, SPRIGGS and Defendants are residents of the State of California and Defendants are doing and operating business here in California. Thus, any removal under the Class Action Fairness Action of ("CAFA"), 28 U.S.C. § 1332(d) would be improper and fail to implicate subject matter jurisdiction.

17.     Venue is proper in Riverside County pursuant to CCP § 395(a) and §395.5 because (a) liability arose therein; (b) many of the acts or transactions that are the subject matter of this FAC occurred therein; and/or (c) Defendants either are found, maintain hospitals and medical facilities, transact business, and/or have a registered agent located therein. Venue is also appropriate per the Riverside County Superior Court, Local Rule 3115(a) since this is an unlimited case and a predominant amount of the injuries, damages and unlawful conduct occurred within this district.

18.     In addition, B&PC § 17204 provides that any person acting on his or her own behalf may bring an action in a court of competent jurisdiction. Thus, this Court maintains appropriate jurisdiction to hear and adjudicate this matter.

### III.

### SUMMARY OF CLAIMS

19.     SALI and SPRIGGS are former RNs of Defendants.

20.     SALI and SPRIGGS bring this class action on behalf of all RNs employed by Defendants in California at any time during the Proposed Class Period who (a) were not paid all wages at their regular rate of pay; (b) not paid time and a-half and/or double time for all overtime hours worked; and (c) denied uninterrupted, "off-duty" meal-and-rest periods.

21.     Each of the following allegations pertain and apply to Plaintiffs and the proposed classes defined below throughout all or a substantial part of the Proposed Class Period:

Page 6

a.   Defendants employ RNs, who they classified as non-exempt, in hospitals and medical facilities throughout Southern California and therefore entitled to overtime pay at the correct overtime rate, and meal-and-rest periods.

b.   As a matter of course during all or a substantial portion of the Proposed Class Period, Plaintiffs were regularly, uniformly, and systematically required by Defendants to work in excess of 8 to 12 hours per day and/or 40 hours per week without being paid the requisite overtime wages and at the correct overtime rate of pay as required by Labor Code §§ 510, 1194, and the applicable IWC Wage Order(s).

c.   As a matter of course during all or a substantial portion for each of the Proposed Class Period, Plaintiffs were regularly, uniformly, and systematically denied by Defendants from taking timely, compliant, uninterrupted, unpaid 30-minute meal periods no later than the fifth and tenth hour of work as required by Labor Code §§ 226.7, 512, and the applicable IWC Wage Order(s).  In addition, Plaintiffs were not paid for the untimely, non-compliant, or interrupted 30-minute meal periods; nor were they paid a one-hour premium wage at their regular rate of pay for each missed, short, late or interrupted meal period.  As a result, Plaintiffs who: (i) were denied timely, uninterrupted and duty-free meal periods; and (ii) were not paid a straight wage and/or premium wage in lieu thereof, are all owed back wages as further alleged herein.

d.   As a matter of course during all or a substantial portion of the Proposed Class Period, Plaintiffs were regularly, uniformly, and systematically denied by Defendants from taking timely, sufficiently numerous, compliant, uninterrupted paid 10-minute rest periods for every four hours (or major fraction thereof) worked as required by Labor Code §§

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

226.7, 512, and the applicable IWC Wage Order(s); nor were Plaintiffs paid a one-hour premium wage at their regular rate of pay for each missed, short, late or interrupted rest period. Therefore, Plaintiffs who: (i) were denied timely, sufficiently numerous, uninterrupted and duty-free rest periods; (ii) nor paid a premium wage in lieu thereof, are owed back wages as further alleged herein.

e.   As a matter of course during all or a substantial portion of the Proposed Class Period, and due to the illegal wage polices alleged above, Plaintiffs were not provided true, accurate, and properly itemized wage statements setting forth all deductions, gross wages earned, all hours actually caused or suffered to work, and the corresponding correct amounts of pay at the requisite agreed and legal rate as required by Labor Code § 226 and the applicable IWC Wage Order(s). Because Defendants did not record or track all deductions, wages earned, and total hours worked, Plaintiffs are permitted to reasonably estimate the amount of hours worked and unpaid wages that they are owed as admissible evidence at trial. Also, since Defendants have no reasonable basis to believe that they were in compliance with applicable California law, Plaintiffs are informed and believe, and based thereon allege, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated California labor standards.

f.   As a matter of course during all or a substantial portion of the Proposed Class Period and due to the illegal wage policies alleged above, Plaintiffs, who were terminated or separated from their employment from Defendants, were not timely paid all wages due as required by Labor Code §§ 210-203. Also, since Defendants have no reasonable basis to believe that they were in compliance with applicable California law,

**Page 8**

***FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

Plaintiffs are informed and believe, and based thereon allege, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated California labor standards.

22.     Defendants' uniform policies and practices violated California law as pled herein. As a result of Defendants' unlawful systematic pay practices, Plaintiffs seek overtime compensation (at the correct rate of pay) for all overtime work required, suffered, or permitted by Defendants to work, restitutionary and declaratory relief, compensatory damages, penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## IV.

## THE PARTIES

23.     SALI is a current resident of Riverside County and SPRIGGS is a current resident of Orange County and both will serve as adequate, typical and active participants and Class Representative for the proposed classes under CCP § 382.  Both SALI and SPRIGGS were employed by Defendants during the Proposed Class Period and worked in one of Defendants' Hospitals.  Despite differentiating titles, each of the RNs of Defendants throughout California worked hours in excess of 8 hours per day and/or 40 hours per week, without receiving compensation for all hours worked, time and a-half and/or double time for overtime hours worked, and compensation for non-compliant meal-and-rest periods.

24.     Defendants, on the other hand, own and operate several hospitals and medical facilities throughout Southern California in which it employs RNs who were subject to the illegal policies and practices alleged above.

## V.

## CLASS ACTION ALLEGATIONS

25.     CCP § 382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

26.     Plaintiffs bring this suit as a class action pursuant to CCP § 382, on behalf of individuals who are entitled to the wages unlawfully withheld by Defendants.  The proposed class members are ascertainable, numerous, share specific and predominating common legal and factual issues; are represented by adequate Class Representatives with similar and non-adversarial interests; represented by experienced proposed Class Counsel; and the size, nature and extent of the class and claims makes use of class action procedures as superior to numerous individual actions.

27.     The putative "Plaintiff Class" that Plaintiff seek to represent and to certify is currently composed of and defined as follows:

### PLAINTIFF CLASS:

All current and former RNs of Defendants in California who were not paid for all wages due during the Proposed Class Period.

28.     The putative "Plaintiff Subclasses" that Plaintiffs will seek to represent and to certify are currently composed of and defined as follows:

a.      **THE REGULAR RATE SUBCLASS:**

All members of the Plaintiff Class who were not paid their regular rate of pay for all hours worked.

b.      **THE OVERTIME SUBCLASS:**

All members of the Plaintiff Class who: (i) worked in excess of 8 hours per day and/or 40 hours per week; and (iii) not paid time and a-half for all overtime hours worked.

c.      **THE DOUBLE-TIME SUBCLASS:**

All members of the Plaintiff Class who: (i) worked in excess of 12 hours per day and/or in excess of 8 hours on the seventh consecutive day of work; and (iii) not paid double their regular rate of pay for all overtime hours worked.

d.      **THE MEAL BREAK SUBCLASS:**

All members of the Plaintiff Class who (i) were denied off-duty meal periods of at least 30 minutes before the fifth hour of work; and (ii) who were not provided a second meal break for shifts of at least 10 hours or more.

e.   **THE REST PERIOD SUBCLASS:**

All members of the Plaintiff Class who: (i) were denied rest breaks of at least 10 minutes for every four hours worked or major fraction thereof; and who were not provided a third 10-minute rest break for shifts of at least 10 hours or more.

f.   **THE WAGE STATEMENT SUBCLASS:**

All members of the Plaintiff Class who at any time from one-year prior to the filing of the initial complaint through the date of the commencement of trial, were not provided with an accurate itemized wage statement setting forth all deductions made, gross wages earned, the number of actual hours worked and the effective rates of pay for the operative pay period.

g.   **THE WAITING TIME SUBCLASS:**

All members of the Plaintiff Class who: (i) from three-years prior to the filing of the initial complaint, separated from Defendants' employment; and (ii) who Defendants knowingly and willfully failed to pay all wages due, within 72 hours of the time that the employee voluntarily or involuntarily ended his/her employment with Defendants.

h.   **THE UCL SUBCLASS:**

All members of the Plaintiff Class who from the four years prior to the filing of the initial complaint until the commencement of trial are owed restitution of unpaid wages resulting from Defendants' systematic violations of California law.

29.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Plaintiff Class and Subclasses. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seeks to certify the Plaintiff Class and Subclasses alleged herein.

30.   By this FAC, Plaintiffs also bring this case as a representative action seeking penalties for the State of California in a representative capacity, as provided by the PAGA to the extent permitted by law, as aggrieved employees who held the positions identified herein and was subject to Defendants' violations of the Labor Code. A true and correct copy of the notice correspondence showing compliance with Labor Code § 2699.3 is attached hereto as Exhibit 1 and demonstrates that Plaintiffs are aggrieved employees and have standing to bring

a representative action on behalf of the State of California and Labor and Workforce Development Agency (the "LWDA") as private attorneys general.  No notice of cure by Defendants was provided and no notice of investigation was received from the LWDA in the statutorily proscribed 33-day period since the mailing of the notice of the action. Accordingly, Plaintiffs file this FAC as a "Representative Action" as provided by CCP and as specifically permitted and authorized by Labor Code §2699.3(a)(2)(C).

### VI.

### COMMON CLASS ACTION ALLEGATIONS FOR BOTH THE PLAINTIFF CLASS AND SUBCLASSES

31.    Numerosity (CCP §382): The potential quantity of members of the Plaintiff Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical.  The exact quantity of members of the Plaintiff Class and Subclasses is unknown to Plaintiffs at this time; however, it is estimated that the total number of current and formerly employed members of the Plaintiff Class and Subclasses is greater than 50.  The disposition of the claims of the members of the Plaintiff Class and Subclasses through this class action will benefit both the parties and this Court.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' payroll and time records.

32.    Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

      a.     California has a public policy which encourages the use of the class action device;

      b.     By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1    obtaining redress for claims which would otherwise be too small to warrant

2    individual litigation;

3    c.    This case involves large corporate Defendants and a large number of

4    individual class members with many relatively small claims and common

5    issues of law and fact;

6    d.    If each individual member of each of the Plaintiff Class or Subclasses was

7    required to file an individual lawsuit, the large corporate Defendants would

8    necessarily gain an unconscionable advantage because Defendants would

9    be able to exploit and overwhelm the limited resources of each individual

10   member of the Plaintiff Class or Subclasses with Defendants' vastly

11   superior financial and legal resources;

12   e.    Requiring each individual member of each of the Plaintiff Class or

13   Subclasses to pursue an individual remedy would also discourage the

14   assertion of lawful claims by members of the Plaintiff Class or Subclasses

15   who would be disinclined to pursue an action against Defendants because

16   of an appreciable and justifiable fear of retaliation and permanent damage

17   to their lives, careers and well-being;

18

19   f.    Proof of a common business practice or factual pattern, of which the

20   members of the Plaintiff Class and Subclasses experienced, is

21   representative of all the Plaintiff Class and Subclasses alleged herein and

22   will establish the right of each class member to recover on the causes of

23   action alleged herein;

24   g.    Absent class treatment, the prosecution of separate actions by the

25   individual members of the Plaintiff Class and Subclasses, even if possible,

26   would likely create:

27   i)    a substantial risk of Plaintiffs presenting in separate, duplicative

28   proceedings the same or essentially similar arguments and

**Page 13**

***FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

evidence, including expert testimony;

ii)    a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii)   inconsistent or varying verdicts or adjudications with respect to the individual members of the Plaintiff Class and Subclasses against Defendants;

iv)   potentially incompatible standards of conduct for Defendants; and

v)    potentially incompatible legal determinations with respect to individual members of the Plaintiff Class and Subclasses which would, as a practical matter, be dispositive of the interest of class members who are not parties to this action or which would substantially impair or impede the ability of the members of the Plaintiff Class and Subclasses to protect their interests.

h.    The claims of the individual members of the Plaintiff Class and Subclasses are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.    Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.    Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

33.    <u>Well-Defined Community of Interest</u>: Plaintiffs also meet the established standards for class certification as follows:

a.    <u>Typicality</u>: The claims of SALI and SPRIGGS are typical of the claims of all members of the Plaintiff Class and Subclasses that they seek to represent because all members sustained injuries and damages arising out

Page 14

of Defendants' common course of conduct in violation of law, and the injuries and damages were caused by Defendants' wrongful conduct in violation of California law, as alleged herein.

b.   <u>Adequacy</u>: SALI and SRPIGGS:

    i)   are adequate representatives of the Plaintiff Class and Subclasses that they seek to represent;

    ii)   will fairly protect the interests of the members of the Plaintiff Class and Subclasses;

    iii)   have no interest antagonistic to the members of the Plaintiff Class and Subclasses; and

    iv)   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.   <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Plaintiff Class and Subclasses which predominate over questions affecting only individual members, including, without limitation:

    i)   Whether the members of the Regular Rate Subclass were paid their regular rate for all regular, non-overtime hours worked;

    ii)   Whether the members of the Overtime Subclass regularly worked overtime for which they were not paid time and a-half;

    iii)   Whether the members of the Double-Time Subclass were not paid double their regular rate of pay for work performed in excess of 12 hours per day and/or in excess of 8 hours on the seventh consecutive day of work;

    iv)   Whether members of the Meal Break Subclass were denied uninterrupted meal breaks of at least 30 minutes before the fifth hour of work and were not provided a second meal break before the

Page 15

tenth hour of work for shifts of more than 10 hours;

v)      Whether members of the Rest Break Subclass were provided with a third 10-minute rest break for shifts of at least 10 hours or more and/or denied net rest breaks of at least 10 minutes for every four hours worked or major fraction thereof;

vi)     Whether Defendants' uniform and systematic policy and practice of failing to pay its employees all wages due, within the time required by law after their employment ended, violated applicable state law and regulation (and the proper measure of damages sustained if Defendants did not);

vii)    Whether Defendants failed to timely furnish accurate itemized wage statements to the members of the Wage Statement Subclass; and

viii)   Whether Defendants' conduct constitutes an unfair competition, an unfair business practice and/or a deceptive business practice within the meaning of B&PC § 17200, *et seq.*

d.      <u>Manageability of Class and Common Proof</u>: The nature of this action and the nature of laws available to Plaintiffs and the members of the Plaintiff Class and Subclasses make use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiffs and putative class members for the wrongs alleged herein. Specifically, the Plaintiff Class and Subclasses turn upon Defendants' own uniform and systematic policies and practices applicable during the Proposed Class Period. Whether each member of the Plaintiff Class and Subclasses might be required to ultimately justify an individual claim does not preclude maintenance of a class action. *See Collins v. Rocha,* 7 Cal.3d 232, 238 (1972).

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

34.     SALI and SPRIGGS will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and Subclasses. SALI and SPRIGGS have retained counsel competent and experienced in complex class actions and state labor and employment litigation.

35.     Class certification of the First through the Seventh Causes of Action is also appropriate because questions of law and fact common to the Plaintiff Class and Subclasses predominate over any questions affecting only individual members. Defendants' common and uniform policies and practices resulted in the unlawful misappropriation of wages from the Plaintiff Class and Subclasses. The damages suffered by individual members of the Plaintiff Class and Subclasses are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

36.     Plaintiffs intend to send notice to all members of the Plaintiff Class and Subclasses pursuant to the California Rules of Court and each will be given an opportunity to opt-out of the proceedings.

## VII.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of Cal. LC § 218 for Unpaid Regular Hourly Wages)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Regular Rate Subclass Against Defendants)**

37.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

38.     During the Proposed Class Period, Defendants engaged in a pattern, policy and practice of requiring members of the Regular Rate Subclass to work on-call or standby as alleged above and were either not paid at all or paid at a rate less than their regular rate of pay. In addition, Defendants engaged and implemented a Rounding Time Policy that, during the course of time, resulted in Plaintiffs being underpaid for hours worked. These policies

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

resulted in members of the Regular Rate Subclass working hours that were not accounted in their time records and therefore were not compensated at their regular rate of pay.

39. California law requires all non-exempt employees to be paid at the agreed hourly rate for all hours in which they are under the control of their employer or actually caused or suffered to work.

40. By engaging in these policies and practices in which members of the Regular Rate Subclass were required to work on-call or standby and/or subjected to the Rounding Time Policy as alleged above, Defendants were able to skim wages from employees for all of those workdays. This resulted, on many occasions, in the nonpayment of wages for work performed at their regular rate of pay if they did not work more than 8 hours in a day and/or 40 hours in a week. By the consistent use of these policies or practices, Plaintiffs and the members of the Regular Rate Subclass were deprived of thousands of dollars of wages in violation of Labor Code § 218.

41. Plaintiffs are informed and believe and based thereupon allege that the result of these uniform policies and practices caused damages in the nonpayment of regular wages to themselves and the proposed Regular Rate Subclass in an amount according to proof.

42. Plaintiffs are informed and believe that the nonpayment of these wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

43. Plaintiffs are informed and believe that the underpayment of wages by Defendants also entitle Plaintiffs to attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**(Violation of Labor Code §§ 510 and 1194 for Failure to pay Overtime Wages)**
**(Brought by Plaintiffs, on behalf of themselves, and the Overtime Subclass Against Defendants)**

44. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

---

Page 18

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

45.     Plaintiffs seek to represent the Overtime Subclass as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth above.  Because the practices alleged herein are uniform, systematic and continuous and affect the Overtime Subclass in a legally identical way, Plaintiffs, at the appropriate time, will move to certify the Overtime Subclass to the extent permitted by CCP § 382.

46.     Plaintiffs and the members of the Overtime Subclass were at all times subject to state laws and regulations protecting the employees' entitlement to be paid, and presumption to be paid, overtime wages for requisite hours worked beyond a normal work day or a normal workweek, as specified, without limitation, by Labor Code §§ 510, 1194, and applicable IWC Wages Order(s) and California Code of Regulations.

47.     Plaintiffs allege that California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day.  Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.  This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

48.     Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

49.     Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the IWC Wage Order(s).

50.     Plaintiffs and the members of the Overtime Subclass were and are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.  Plaintiffs, and each of the members of the Overtime Subclass, were regularly required to work overtime during the Proposed Class Period, but were denied payment of overtime or premium wages.

51.     Throughout the Proposed Class Period, Plaintiffs and the members of the Overtime Subclass worked in excess of 8 hours in a workday and/or 40 hours in a workweek.  Plaintiffs and

Page 19

1   members of the Overtime Subclass, at times, also worked in excess of 12 hours in a workday and

2   seven consecutive days in a workweek.

3         52.   During the Proposed Class Period, Defendants failed and refused to pay Plaintiffs

4   overtime premium pay for their overtime hours worked.

5         53.   As a direct and proximate result of Defendants' unlawful conduct, as set forth

6   herein, Plaintiffs and the members of the Overtime Subclass have sustained damages, including

7   loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be

8   established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and

9   other applicable law.

10                        **THIRD CAUSE OF ACTION**

11   **(Violation of Labor Code §§ 510 and 1194 for Failure to pay the Correct Overtime Rate of Pay)**

12   **(Brought by Plaintiffs, on Behalf of Themselves, and the Double-Time Subclass Against Defendants)**

13        54.   Plaintiffs incorporate by reference and reallege each and every one of the

14   allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth

15   herein.

16        55.   Plaintiffs seek to represent the Double-Time Subclass as a basis to enforce equal or

17   greater protections for wages owed that are offered by California labor laws and local regulations

18   as set forth above. Because the practices alleged herein are uniform, systematic and continuous

19   and affect the Double-Time Subclass in a legally identical way, Plaintiffs, at the appropriate time,

20   will move to certify the Double-Time Subclass to the extent permitted by CCP § 382.

21        56.   Plaintiffs and the members of the Double-Time Subclass were at all times subject

22   to state laws and regulations protecting the employees' entitlement to be paid, and presumption to

23   be paid, overtime wages at the correct overtime rate for requisite hours worked beyond a normal

24   workday or a normal workweek, as specified, without limitation, by Labor Code §§ 510, 1194,

25   applicable IWC Wages Order(s) and California Code of Regulations.

26        57.   Plaintiffs allege that California law requires employers, such as Defendants, to pay

27   twice the regular rate of pay to all nonexempt employees for all hours worked over 12 hours per

28

Page 20

and/or hours worked in excess of 8 on the seventh consecutive day of work. Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

58.   Labor Code § 510(a) states in pertinent part: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

59.   Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the IWC Wage Order(s).

60.   Throughout the Proposed Class Period, Plaintiffs and the members of the Double-Time Subclass worked in excess of 12 hours in a workday and in excess of 8 hours on the seventh consecutive day of work, but were either not paid double-time or not paid at the correct overtime rate.

61.   During the Proposed Class Period, Defendants failed and refused to pay Plaintiffs the correct overtime premium pay for their overtime hours worked.

62.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the members of the Double-Time Subclass have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**FOURTH CAUSE OF ACTION**
**(Violation of Labor Code §§ 226.7, 512 and Applicable IWC Wage Order(s) for Denial of Required Meal-and-Rest Periods)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Meal Break Subclass and Rest Break Subclass Against Defendants)**

63.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

Page 21

64.     Labor Code § 226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the [IWC]."

65.     Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

66.     Labor Code § 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

67.     Labor Code § 516 provides that the IWC may adopt or amend working conditions with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

68.     Section 11(A) of the applicable IWC Wage Order(s) provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

69.     Section 11(B) of the applicable IWC Wage Order(s) provide that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

70.     Defendants' uniform meal break policy failed to provide members of the Meal Break Subclass with at least 30-minute uninterrupted meal breaks no later than the fifth hour of work.  In addition, members of the Meal Break Subclass were not provided with meal breaks before the tenth hour of work as required by California law.  Moreover, members of the Meal Break Subclass were denied uninterrupted meal breaks of at least 30 minutes because supervisors did not schedule meal breaks in accordance with California law; nor were members of the Meal Break Subclass provided with a second uninterrupted meal break of at least 30 minutes for daily shifts in excess of 10 hours.

71.     The members of the Meal Break Subclass did not waive their meal periods, by mutual consent with Defendants or otherwise.

72.     The members of the Meal Break Subclass did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

73.     Similarly, Plaintiffs and members of the Rest Period Subclass were and are entitled to duty-free, uninterrupted 10 minute rest periods for every four hours worked (or every major fraction thereof) or be paid for one hour of premium wage at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

74.     During the Proposed Class Period, Defendants' uniform rest break policy did authorize and permit sufficiently numerous rest breaks each workday of at least 10 minutes.

75.     Defendants failed to comply with their required meal-and-rest period obligations established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable IWC Wage Order(s).

76.     Defendants' policies failed to provide the members of the Meal Break Subclass with legally required meal periods and as such denied, impeded, discouraged and/or dissuaded the members of the Meal Break Subclass from taking legally mandated meal periods.  Defendants' policies also failed to provide, authorize or permit members of the Rest Break Subclass to take

1    compliant rest periods, nor did it pay a premium wage for missed, short, late or interrupted rest

2    periods.

3            77.     Further, Defendants knew or should have known that the members of the Meal-

4    and-Rest Break Subclasses were denied required meal periods and rest periods because Defendants

5    created and enforced the policies and had no good-faith belief to conclude that they were in

6    compliance with California law.  In addition, Defendants did not take steps to address the situation.

7            78.     Therefore, the members of the Meal-and-Rest Break Subclasses were effectively

8    denied their legally requisite meal-and-rest periods.

9            79.     Pursuant to Section 11(B) and Section 12 of the applicable IWC Wage Order(s)

10   and Labor Code § 226.7(b), which states "if an employer fails to provide an employee a meal or

11   rest period in accordance with an applicable order of the [IWC], the employer shall pay the

12   employee one additional hour of pay at the employee's regular rate of compensation for each work

13   day that the meal or rest period is not provided," the members of the Meal-and-Rest Break

14   Subclasses are entitled to damages in an amount equal to an additional hour of pay at each

15   employee's regular rate of compensation for each workday that the meal period and/or rest period

16   was not provided, in a sum to be proven at trial.

17

18           80.     Pursuant to Labor Code § 218.6 and CC § 3287, the members of the Meal-and-

19   Rest Break Subclasses seek recovery of prejudgment interest on all amounts recovered herein.

20           81.     Plaintiffs limit the recovery of premium wages to one hour of pay per day for any

21   missed, short, late or uninterrupted meal period and to one hour of pay for each employee at their

22   respective regular rate of pay for any missed, short, late or interrupted rest period, as demonstrated

23   by the DLSE Policy Manual guidelines, for a maximum recovery of two premium wages payments

24   per employee per day.

25   ///

26   ///

27   ///

28   ///

<div align="center">Page 24</div>

---

<div align="center">***FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**</div>

**FIFTH CAUSE OF ACTION**
**(Violation of Labor Code §§ 201-203 for Failure to Timely pay all Wages due Upon Termination of Employment)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Waiting Time Subclass Against all Defendants)**

82.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

83.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

84.    All members of the Waiting Time Subclass who ceased employment with Defendants are entitled to unpaid compensation, but to date, have not received such compensation. More than 30 days have passed since members of the Waiting Time Subclass have left Defendants' employ.

85.    As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the members of the Waiting Time Subclass whose employment ended within three years of the Proposed Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**(Violation of Labor Code §§ 226, 1174, 1174.5, and Applicable IWC Wage Order(s) for Failure to Provide Accurate Itemized Wage Statements)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Wage Statement Subclass Against all Defendants)**

86.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

87.    Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all

applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

88.     Therefore, pursuant to Labor Code § 226, California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Subclass, including but not limited to, beginning and ending of each work period, all deductions, meals periods, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

89.     As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not furnish each of the members of the Wage Statement Subclass  with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

90.     As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not maintain accurate records pertaining to all deductions made and the total hours worked by the members of the Wage Statement Subclass including, but not limited to, meal periods and the total daily hours worked.

91.     Pursuant to Labor Code § 226(e), Plaintiffs and the members of the Wage Statement Subclass are entitled to penalties as follows:

      a.     Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

      b.     One hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

      c.     Pursuant to Labor Code § 226(g), the members of the Wage Statement Subclass are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

92.     Pursuant to Labor Code § 226(g), Plaintiffs and the members of the Wage

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1   Statement Subclass are entitled to an award of costs and reasonable attorneys' fees.

2                        **SEVENTH CAUSE OF ACTION**
                              **(Violation of the UCL)**
3   **(Brought by Plaintiffs, on Behalf of Themselves, and Members of the UCL Subclass Against**
                              **all Defendants)**
4

5       93.    Plaintiffs incorporate by reference and reallege each and every one of the

6   allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth

7   herein.  Plaintiffs also bring this action for the benefit of the public, who are entitled to restitution

8   of funds being improperly withheld by Defendants.

9       94.    During the Proposed Class Period, Defendants have engaged in unlawful,

10  deceptive and unfair business practices prohibited by B&PC §17200, including those set forth in

11  the preceding and foregoing paragraphs of this FAC, thereby depriving Plaintiffs, members of the

12  UCL Subclass, and the general public of the minimum working standards and conditions due to

13  them under the California labor laws and the applicable IWC Wage Order(s) as specifically

14  described herein.

15      95.    Defendants have engaged in unfair business practices in California by practicing,

16  employing and utilizing the employment practices outlined in the preceding and foregoing

17  paragraphs, specifically, by forfeiting/deducting vested wages from employees' earnings and

18  requiring employees to perform the labor services complained of herein without the proper

19  compensation.

20      96.    Defendants' use of such practices constitutes an unfair business practice, unfair

21  competition and provides an unfair advantage over Defendants' competitors.

22      97.    Plaintiffs, on behalf of the general public, seek full restitution from Defendants, as

23  necessary and according to proof, to restore any and all monies withheld, acquired and/or

24  converted by Defendants by means of the unfair practices complained of herein.

25      98.    Plaintiffs, on behalf of the general public, seek the appointment of a receiver, as

26  necessary, to establish the total monetary relief sought from Defendants.

27  ///

28                        **EIGHTH CAUSE OF ACTION**

                                **Page 27**
───────────────────────────────────────────────────
*FIRST AMENDED* **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,**
                **PENALTIES AND INJUNCTIVE RELIEF**

**(Violation of the PAGA)**
**(Plaintiffs, as Representatives of the General Public, on Behalf of all Aggrieved Employees, and Against all Defendants)**

99.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

100.    Plaintiffs, by virtue of his employment with Defendants and Defendants' violations of the Labor Code as alleged herein, are aggrieved employees with standing to bring an action under the PAGA. Plaintiffs, by virtue of Exhibit 1 attached hereto, have satisfied all prerequisites to serve as representatives of the general public to enforce California's labor laws, including, without limitation, the penalty provisions identified in Labor Code § 2699.5. Since the LWDA took no steps within the time period required to intervene and because Defendants took no corrective action to remedy the allegations set forth above, Plaintiffs, as representatives of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the DLSE. This includes each of the following, as is set forth in Labor Code §2699.5, which states:

> The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774,

Page 28

1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

101.   Plaintiffs are informed and believe that Defendants have violated and continue to violate provisions of the Labor Code and applicable Wage Orders related to the failure to provide accurate itemized wage statements.  Despite mailing of Exhibit 1 at least 33-days prior to the filing of this FAC, no state agency has acknowledged, accepted or advised Plaintiffs of its intent to investigate the Labor Code violations alleged in the this FAC, such that, by operation of law, Plaintiffs are entitled to commence this cause of action in the California Superior Court and as a representative action under the PAGA.

102.   Plaintiffs, as a personal representative of the general public, will and do seek to recover any and all penalties for each and every violation shown to exist or to have occurred during the Proposed Class Period, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions.  Said funds recovered will be distributed in accordance with the PAGA, with at least 75% of said PAGA penalty recovery being reimbursed to the State of California and the LWDA.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and all others similarly situated, pray for relief as follows:

1.   For an Order certifying the proposed Plaintiff Class and Subclasses herein pursuant to CCP § 382, appointing SALI and SPRIGGS as Class Representatives of all others similarly situated, and appointing the law firm representing SALI and SPRIGGS as Class Counsel for the members of the Plaintiff Class and Subclasses;

2.   For damages, as set forth in Labor Code § 1194(a) and the applicable IWC Wage Order(s) regarding wages due and owing, according to proof;

3.   For damages, as set forth in Labor Code § 226.7 and the IWC Wage Order(s) regarding wages due and owing, according to proof;

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

4.      A declaratory judgment that the practices complained of herein are unlawful under California law, applicable IWC Wage Order(s) and regulations;

5.      Appropriate equitable relief to remedy Defendants' violations of California law including, but not necessarily limited to, an order enjoining Defendants from continuing its unlawful practices;

6.      All appropriate state statutory penalties;

7.      An award of compensatory damages to the extent available, and restitution to be paid by Defendants according to proof;

8.      Unpaid overtime premium compensation as provided by California law for overtime hours worked;

9.      Compensation at the rate of one hour of regular pay for each instance in which a member of the Rest Break Subclass worked through a rest break or was denied a proper rest break for every four hours worked (or major fraction thereof);

10.     Compensation at the rate of one hour of regular pay for each instance in which a member of the Meal Break Subclass worked through a meal period or was denied a proper meal period;

11.     Labor Code § 203 Waiting Time Penalties;

12.     Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3;

13.     For an order that Defendants make restitution to Plaintiffs and the UCL Subclass due to its unlawful business practices, including unlawfully-collected compensation pursuant to B&PC §§ 17203 and 17204;

14.     Pre-and-post judgment interest, as provided by law;

15.     Such other equitable relief as this Court may deem just and proper;

16.     For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Plaintiff Class and Subclasses who are owed monies by Defendants;

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

17.  For an Order requiring Defendants to identify each of the members of the Plaintiff Class and Subclasses by name, home address, and home telephone number;

18.  For an Order requiring Defendants to make full restitution and payment pursuant to Labor Code §§ 200, *et seq.*, 500, *et seq.* and 1194;

    a.  For the creation of an administrative process wherein each injured member of the Plaintiff Class and Subclasses may submit a claim in order to receive his/her money;

    b.  For all other appropriate declaratory and equitable relief;

    c.  For interest to the extent permitted by law;

    d.  For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and any other applicable provision of law;

19.  For attorneys' fees and costs of suit, including expert fees and fees pursuant to Labor Code §§ 218.5, 226, 1194, CCP § 1021.5, and other applicable state laws; and

20.  For penalties as provided, per violation, under the PAGA, Labor Code §§ 2699, *et seq.*, and as provided by Labor Code § 558, and distributed in accordance with the PAGA.

///
///
///
///
///
///
///

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

## IX.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a state and/or federal constitutional right to jury trial.

Dated: September 23, 2013

Respectfully submitted,

BISNAR|CHASE LLP

By: _____
Brian D. Chase, Esq.
Jerusalem F. Beligan, Esq.
Attorneys for Plaintiffs and Proposed Classes

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

# EXHIBIT 1

# BISNAR|CHASE
PERSONAL INJURY ATTORNEYS LLP

August 22, 2013

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
### *LABOR CODE § 2699.3*

**To:** The California Labor and Workforce Development Agency ("LWDA"), Universal Health Services, Inc. ("UHS"), Universal Health Services Foundation ("UHSF"), Universal Health Services of Rancho Springs, Inc. ("UHSRS"), Universal Health Services of Palmdale, Inc. ("UHSP"), Corona Regional Medical Center ("Corona"), Inland Valley Medical Center ("Inland Valley"), Rancho Springs Medical Center ("Rancho Springs"), Palmdale Regional Medical Center ("Palmdale"), and Temecula Valley Hospital ("Temecula") (collectively "Respondents")

**From:** Marilyn Sali and Deborah Spriggs ("Claimants"), on behalf of themselves, the general public and on behalf of all other similarly situated current and/or former aggrieved Registered Nurses ("RNs") of Respondents who were not paid for all regular and overtime hours worked, not paid overtime at the correct rate of pay, not paid premium wages for non-compliant meal-and-rest breaks, and not provided with accurate itemized wage statements in violation of Labor Code ("LC") §§ 201-203, 218, 226, 226.7, 510, 512, 558, 1194, 1198, and applicable Industrial Welfare Commission ("IWC") Wage Order(s) and California regulations

**Factual Statement:**

Claimants, on behalf of themselves, the general public and similarly situated California-based current and former non-exempt employees of Respondents (the "Aggrieved Employees"), hereby give notice of their intent to bring a cause of action for violation of the Private Attorneys General Act of 2004 ("PAGA") for Respondents' failure to comply with California's minimum wage-and-hour requirements. During the relevant time period, Respondents knew or should have known that the Aggrieved Employees were not paid for all regular and overtime hours worked, not paid double time for hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on the seventh consecutive day of work, not provided with compliant meal-and-rest periods, not provided with accurate pay records, and not timely paid termination pay. As a consequence, Respondents violated LC §§ 201-203, 218, 226, 226.7, 510, 512, 1174, 1194, 1198, and applicable IWC Wage Order(s) and California regulations.

Respondents have and continue to provide knowingly inaccurate and untimely itemized pay stubs in violation of LC § 226(a). Claimants are informed and believe that such violations are ongoing, systematic and continuous. Claimants intend to bring an action against Respondents under the PAGA to recover wages and penalties as provided by California law.[1]

---

[1] Without limitation, Claimant, if permitted, will seek any and all penalties otherwise capable of being collected by the LWDA. This includes, each of the following, as is set forth in LC§ 2699.5, which states:

**Theories of Labor Code Violations and Remedies:**

Claimants are former RNs of Respondents. Each RN of Respondents, while having varied job titles throughout California, were and are, at all times, entitled to overtime, required meal-and-rest breaks, and accurate wage statements.

Respondents, for a period of at least four years prior to the date of this Notice, unlawfully failed to pay the Aggrieved Employees regular and overtime wages, but yet regularly required said employees to work in excess of 8 to 12 hours per day and/or 40 hours per week without regular and premium pay under LC § 1194 and at the incorrect overtime rate of pay.

Claimants, and the Aggrieved Employees, were at all times also entitled to uninterrupted meal periods of at least 30-minutes before their fifth hour of work or compensation in lieu thereof. Respondents failed to provide compliant meal periods to the Aggrieved Employees by not providing uninterrupted meal periods before their fifth hour of work. Therefore, the Aggrieved Employees are entitled to recover wages and/or penalties as provided by LC § 558 and the applicable IWC Wage Order(s). Furthermore, since Respondents failed to provide Claimants and others similarly situated with compliant meal periods in violation of LC § 226.7(a), the Aggrieved Employees seek wages of one additional hour of pay as permitted by LC § 226.7(b) as well as all available penalties as set forth in LC § 2699(f.)

Claimants, and the Aggrieved Employees, were also, at all times, entitled to rest breaks as authorized and permitted by the applicable IWC Wage Order(s). Respondents failed to authorize or permit sufficiently numerous rest breaks for Claimants and all others similarly situated as required by LC §§ 226.7, 512, and the applicable Wage Order(s). Therefore, Claimants are entitled to recover wages and/or penalties as provided by LC § 558 and the applicable IWC Wage Order(s). Furthermore, since Respondents did not permit or authorize sufficiently

---

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

numerous rest breaks in violation of LC § 226.7(a), the Aggrieved Employees seek wages of one additional hour of pay as permitted by LC § 226.7(b) as well as all available penalties as set forth in LC § 2699(f.)

Respondents' uniform failure to pay regular and overtime wages, pay overtime wages at the correct rate of pay, and permit authorized meal-and-rest periods to Claimants, and all other similarly situated, were done with a systematic and uniform policy to avoid the payment of wages as required by California law.  Respondents' failure to pay such compensation violated LC §§ 204 and 204(b), such that penalties are recoverable as set forth in LC § 210.

Claimants, and the Aggrieved Employees, are entitled to recover unpaid wages, with interest, and are entitled to an award of attorney's fees as permitted by LC § 218.5, 226, 1194, 1021.5, and other penalties, as permitted by LC §§ 2699, *et seq.*, 210, and waiting time penalties for former employees, pursuant to LC § 203.

If, within the next 33-days, the LWDA or the DLSE does not investigate and Respondents do not make any effort to resolve the claims outlined by Claimants, our office will require disclosure and notice of any settlements for unpaid wages or derivative claims with the Aggrieved Employees in order to determine the recovery of our attorney's fees in relation to such settlements as permitted in California under *Graham v. Diamler-Chrysler Corp.*, 34 Cal.4th 553 (2004) (allowing for catalyst attorney's fees).  Please be advised that any such settlements with the California-based employees after the date of this Notice may result in an award of catalyst fees to our office.  Please understand that this letter is required to protect the interests of the Aggrieved Employees in light of *Chindarah v. Pic-Up Stix, Inc.*, 171 Cal.App.4th 796, 801–803 (2009).

Thank you for your attention to this matter.  We look forward to your response.

Respectfully submitted,

Jerusalem F. Beligan, Esq.
Attorney at Law

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**

**Secretary**
**California Labor and Workforce Development Agency**
801 K Street, Suite 2101
Sacramento, CA 95814

**Corona Regional Medical Center**
800 S. Main Street
Corona, CA 92882

**Universal Health Services Foundation**
CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

**Universal Health Services of Rancho Springs, Inc.**
CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

**Universal Health Services of Palmdale, Inc.**
CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

**Inland Valley Medical Center**
36485 Inland Valley Drive
Wildomar, CA 92595

**Rancho Springs Medical Center**
25500 Medical Center Drive
Murrieta, CA 92562

**Palmdale Regional Medical Center**
38600 Medical Center Drive
Palmdale, CA 93551

**Temecula Valley Hospital**
31700 Temecula Parkway
Temecula, CA 92592

**PROOF OF SERVICE**
*Sali v. Universal Health Services*
Case No. RIC1309837

I am employed in the County of Orange, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 1301 Dove Street, Suite 120, Newport Beach, CA, 92660.

On October 28, 2013, I served the foregoing on the interested parties in this action:

- **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

| | |
|---|---|
| Stacey E. James, Esq.<br>**LITTLER**<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>Tel: 619.515.1865<br>sjames@littler.com | Attorneys for Defendants. |

( )   **BY MAIL,** by placing a true copy thereof, in a sealed envelope to the addressee(s) below, and depositing the same into the United States mail at the address located set forth herein above, with sufficient first-class postage thereon pre-paid.

( )   **BY OVERNIGHT PRIORITY MAIL WITH NEXT DAY DELIVERY GUARANTEED** by placing a true copy thereof, in a sealed envelope to the addressee(s) below and depositing the same into the **OVERNIGHT EXPRESS** mail drop at the address located set forth herein above, with postage pre-paid.

( )   **BY PERSONAL SERVICE,** by personally delivering the same to the addressee(s) listed above

( )   **BY FACSIMILE,** by transmitting by facsimile transmission a true and correct copy of the same to the addressee(s) listed above

( )   **VIA ONE LEGAL ELECTRONIC FILING SYSTEM:** I transmitted via the Internet a true copy(s) of the above-entitled documents(s) to the One Legal system of the Superior Court of California, County of Orange, Civil Complex Center and concurrently caused the above-entitled documents(s) to be sent to the recipients listed above pursuant to the E-Service List maintained by and as it exists on that database. This will constitute service of the above-listed document(s).

(XX)   **BY EMAIL,** upon agreement by the parties this document was email to SJames@littler.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 28, 2013, at Newport Beach, California.

Javier R. Ruiz

# EXHIBIT B

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 13-7884 PA (AGRx) | | Date | January 6, 2014 |

| | |
|---|---|
| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Uche A. Maduagwu ("Plaintiff"). (Docket No. 16.) In the Notice of Removal, defendants UHS of Delaware, Inc. ("UHS") and Del Amo Hospital, Inc. ("Del Amo") (collectively "Defendants") assert that jurisdiction exists based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 6, 2014 is vacated, and the matter taken off calendar.

## I.    Background

Plaintiff was employed at various times in California by Defendants during the proposed class period. Defendant UHS is incorporated in Delaware, with its principal place of business in Pennsylvania. (Notice of Removal ¶ 16.) Defendant Del Amo is a California facility that is operated and maintained by defendant UHS. (Compl. ¶¶ 11, 12.)

Plaintiff commenced this putative class action in Los Angeles Superior Court on September 13, 2013. The Complaint alleges seven causes of action: (1) failure to pay overtime wages, Cal. Labor Code §§ 204, 510, 1194, 1198; (2) failure to provide meal periods, Cal. Labor Code §§ 226.7, 512; (3) failure to provide rest periods, Cal. Labor Code §§ 226.7, 512; (4) failure to timely pay final wages, Cal. Labor Code §§ 201-03; (5) engaging in unfair competition, Cal. Bus. & Prof. Code §§ 17200 et seq.; (6) failure to provide accurate, itemized wage statements, Cal. Labor Code § 226; and (7) violations of the California Labor Code Private Attorney's General Act, California Labor Code sections 2698-99. Plaintiff proposes three putative classes:

> All current and former California hourly employees of Defendants who worked over eight (8) hours in a day or forty (40) in a week without receiving proper overtime premiums from May 9, 2009 through the date

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 13-7884 PA (AGRx) | | Date | January 6, 2014 |
| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. | | | |

of judgment.[1]

All California persons employed as hourly nonexempt employees by Defendants from May 9, 2009 through the date of judgment, who left [D]efendants employ without receiving all wages due upon termination.

All California hourly employees who worked for Defendants from May 9, 2009 through the present who were provided a paystub . . . that contained inaccurate information.

(Compl. ¶ 25.)

Defendants filed a Notice of Removal on October 24, 2013. Plaintiff filed this Motion to Remand on November 25, 2013. In the Motion to Remand, Plaintiff argues that Defendants did not show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000; the Court must decline to exercise jurisdiction because this case falls within the "local controversy exception," 28 U.S.C. § 1332(d)(4)(A); the Court must decline to exercise jurisdiction because this case falls within the "home state exception," 28 U.S.C. § 1332(d)(4)(B); and/or the Court should decline to exercise its jurisdiction under the "totality of the circumstances exception." 28 U.S.C. § 1332(d)(3). Defendants filed an Opposition on December 16, 2013. (Docket No. 20). Having reviewed the parties' submissions and for the reasons that follow, the Court remands this case.

### II.    Analysis

Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). However, the statute establishes several exceptions to CAFA's jurisdictional reach. The local controversy exception provides that the district court "shall decline to exercise jurisdiction" over a class action if (1) more than two-thirds of the class members are citizens of the state where the action was commenced; (2) at least one defendant, from whom significant relief is sought and whose conduct forms a significant basis for relief, is a citizen of the state in which the action was commenced; (3) the principal injuries occurred in the state in which the action was originally filed; and (4) during the three-year period prior to the commencement of the case, no other class actions have been filed against any of the defendants on behalf of any persons alleging the same or

---

[1]    Plaintiff also proposes a subclass of "[a]ll California hourly employees who worked for Defendants from May 9, 2009 through the date of judgment, who received a missed meal period or rest period payment." (Compl. ¶ 25.)

Case 5:14-cv-00985-PSG-JPR   Document 1-1   Filed 05/16/14   Page 104 of 191   Page ID
#:268
Case 2:13-cv-07884-PA-AGR   Document 22   Filed 01/06/14   Page 3 of 5   Page ID #:546

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7884 PA (AGRx) | Date | January 6, 2014 |
|---|---|---|---|

| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. | | |

similar facts.[2/]  28 U.S.C. § 1332(d)(4)(A).  "The plaintiff seeking remand has the burden of showing
that the local controversy exception applies." Coleman v. Estes Express Lines, Inc., 631 F.3d 1010,
1013 (9th Cir. 2011) (citing Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007)).

Neither party appears to dispute that the principal injuries alleged occurred in California.
Defendants, however, argue that the local controversy exception does not apply in this case because a
class action asserting similar allegations has been filed within the past three years; Plaintiff did not show
that more than two-thirds of the class members are domiciled in California; and Plaintiff did not show
that he is seeking significant relief from defendant Del Amo.  The Court disagrees.

Even though the Complaint names only two defendants - UHS and Del Amo - Defendants assert
that Plaintiff is actually asserting claims against twelve facilities including Corona Regional Medical
Center, Inland Valley Medical Center, Rancho Springs Medical Center, Palmdale Regional Medical
Center and Temecula Valley Hospital.  (Opp'n 19 (citing Compl. ¶¶ 11-12); see also Pl.'s Ex Parte
Appl. 9.)  Defendants state "a nearly identical wage and hour class action" was filed against these
facilities on August 23, 2013.  (Opp'n 19; Defs.' Req. for Judicial Notice, Exs. A, B.)  As a result,
Defendants argue that the local controversy exception cannot apply "[b]ecause another class action
lawsuit was filed less than three years before Plaintiff filed his lawsuit, and because both lawsuits
purport to include the same individuals."  (Opp'n 19-20.)

Despite Plaintiff's allegations regarding other facilities, however, the scope of this case is limited
solely to the alleged actions of UHS and Del Amo as they were the only defendants named in the
Complaint.  See Fed. R. Civ. P. 10; cf. Villalpando v. Excel Direct, Inc., No. C-12-04137 JCS, 2012 WL
5464620, at *4-5 (N.D. Cal. Nov. 8, 2012).  Because the facilities listed above are not defendants to this
action, it cannot be said that a class action was filed within the prior three years "asserting the same or
similar factual allegations against any of the defendants on behalf of the same or other persons."  28
U.S.C. § 1332(d)(4)(A)(ii) (emphasis added).  Thus, the Court determines that no class action asserting
the same or similar facts has been filed against either of the defendants in this case in the preceding
three years.[3/]

Further, the Court determines that Plaintiff sufficiently showed that he was seeking significant
relief from Del Amo.  The Complaint alleges that the putative class members' claims arise from
Defendants' policies and practices as applied to Defendants' California employees, and requests

---

[2/]     The Court declines to address the parties' other arguments since the following analysis
disposes of the case.

[3/]     To the extent that the parties disagree as to the scope of discovery or Plaintiff's inclusion
of employees of other entities in the putative class, Defendants may always petition the Court to redress
these issues.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7884 PA (AGRx) | | Date | January 6, 2014 |
|---|---|---|---|---|

| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. |
|---|---|

damages, injunctive relief, and restitution equally from both defendants. Similar to the Ninth Circuit's findings in Coleman,

> There is nothing in the complaint to suggest that . . . [Del Amo] is a nominal defendant, or that . . . [Del Amo] has so few assets . . . that . . . [Plaintiff] is not seeking significant . . . relief from it. Further, the complaint seeks injunctive relief against . . . [Del Amo]. There is nothing in the complaint to suggest either that the injunctive relief sought is itself insignificant or that . . . [Del Amo] would be incapable of complying with an injunction.

See Coleman, 631 F.3d at 1020; see also Cubillas v. Dav-El Los Angeles, Inc., CV 11-03536 DMG (JEMx), 2011 U.S. Dist. LEXIS 56529, at *7-8 (C.D. Cal. May 26, 2011). In addition, Defendants' argument that Plaintiff does not show "that the relief he seeks from one facility, Del Amo Hospital, is more "significant" relative to the relief he seeks from UHS" is inapposite due to the Court's finding that this action only involves two Defendants - Del Amo and UHS.

The record also indicates that greater than two-thirds of the putative class members were citizens of California at the time this action was removed. "Where facts are in dispute, the statute [governing the local controversy exception] requires district courts to make factual findings before granting a motion to remand a matter to state court." Mondragon v. Capital One Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013). "[T]here must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." Id. at 884 (citations omitted). The district courts may make reasonable inferences from the facts in evidence to determine whether the class member citizenship standard has been met. Id. at 886.

According to the Complaint, "Plaintiff and the putative classes herein were all California citizens." (Compl. ¶ 8.) In addition, the proposed classes are limited to Defendants' former and current California employees. (See id. ¶ 25.) Considering these statements, in light of the entire record, the Court may reasonably infer that it is more likely than not that over two-thirds of the proposed class members were California citizens at the time of removal.

Although an individual's place of employment or residency does not necessarily establish the individual's domicile, these factors are relevant to the determination of a party's domicile. See Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986) ("The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, . . . [and] place of employment or business . . . ."); see also Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011) (finding that residence may be prima facie evidence of domicile); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (same). It is also far more likely that individuals employed in a state are domiciled in that state, as opposed to individuals who engage in more casual or intermittent transactions in a state, such as buying consumer goods. See Mondragon,

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-7884 PA (AGRx) | Date | January 6, 2014 |

| | |
|---|---|
| Title | Uche A. Maduagwu v. UHS of Delaware, Inc., et al. |

736 F.3d at 884-85. Finally, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." Id. at 885. Defendants have neither contested that Plaintiff and putative class members were all California citizens, as asserted in the Complaint, nor presented any evidence to the contrary.

### III.    Conclusion

For the reasons stated above, the Court determines that the local controversy exception applies in this case. See 28 U.S.C. § 1332(d)(4)(A). Accordingly, the Court grants Plaintiff's Motion and remands this action to Los Angeles County Superior Court, Case No. BC521378.

IT IS SO ORDERED.

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STACEY E. JAMES (185651); CHRISTINA H. HAYES (267153)<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional):* (619) 232-4302<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* UHS of Delaware, Inc. and Del Amo Hospital, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: same as below
MAILING ADDRESS: 600 S. Commonwealth Avenue
CITY AND ZIP CODE: Los Angeles, CA 90005
BRANCH NAME: Central Civil West

PLAINTIFF/PETITIONER: Uche A. Maduagwu

DEFENDANT/RESPONDENT: UHS of Delaware, Inc.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE—CIVIL** | BC521378 |
| **Check method of service** *(only one):* | JUDGE: WILLIAM F. HIGHBERGER |
| ☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery<br>☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service | DEPT: CCW 307 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐   The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* March 31, 2014        I served the following **documents** *(specify):*

   ☒   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:
   b. ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:

   c. ☐   *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:

      (2) Time of service:
   ☒   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 4

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,<br>2015.5, Cal. Rules of Court, rules 2.260, 2.306<br>www.courts.ca.gov


American LegalNet, Inc.<br>www.FormsWorkFlow.com

POS-040

| CASE NAME<br>Maduagwu v. UHS Of Delaware, Inc. | CASE NUMBER<br>BC521378 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, California

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 31, 2014

Virginia R. Gomez
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 2 of 4**

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Maduagwu v. UHS Of Delaware, Inc. | BC521378 |

**ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)**
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically)*:

DEFENDANTS' STATEMENT OF OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE:<br>Maduagwu v. UHS Of Delaware, Inc. | CASE NUMBER:<br>BC521378 |
| --- | --- |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u><br><br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | <u>Where Served</u><br><br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | <u>Time of Service</u><br><br>*(Complete for service by fax transmission or electronic service.)* |
| --- | --- | --- |
| Joseph Antonelli, Esq.<br>Law Office of Joseph Antonelli<br><u>Attorneys for Plaintiff</u><br>Uche A. Maduagwu | 14758 Pipeline Avenue, Suite E<br>Chino Hills, CA  91709<br>Phone:    (909) 393-0223<br>Fax:       (909) 393-0471 | Time: _____ |
| Kevin Mahoney, Esq.<br>Mahoney Law Group, APC<br><u>Attorneys for Plaintiff</u><br>Uche A. Maduagwu | 249 E. Ocean Boulevard, Suite 814<br>Long Beach, CA  90802<br>Phone:    (562) 590-5550<br>Fax:       (562) 590-8400<br>Email:    kmahoney@mahoney-law.net | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |
|  |  | Time: _____ |



POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STACEY E. JAMES (185651); CHRISTINA H. HAYES (267153)<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>TELEPHONE NO: (619) 232-0441   FAX NO. *(Optional):* (619) 232-4302<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Universal Health Services, Inc., et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Historic Courthouse

PLAINTIFF/PETITIONER: Marlyn Sali

DEFENDANT/RESPONDENT: Universal Health Services of Rancho Springs, Inc.

| CASE NUMBER:<br>RIC1309837 |
|---|

| **PROOF OF SERVICE—CIVIL** | JUDGE: Sunshine S. Sykes |
|---|---|
| **Check method of service *(only one):*** | DEPT.: 06 |

**Check method of service *(only one):***
- ☐ By Personal Service
- ☒ By Mail
- ☐ By Overnight Delivery
- ☐ By Messenger Service
- ☐ By Fax
- ☐ By Electronic Service

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* March 31, 2014       I served the following **documents** *(specify):*

   ☒ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:

   c. ☐ *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:

      (2) Time of service:
   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 4

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.305<br>*www.courts.ca.gov* |
|---|---|---|



POS-040

| CASE NAME:<br>Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER:<br>RIC1309837 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, California

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 31, 2014

Virginia R. Gomez
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

  At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

  I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 2 of 4**

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE: Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER: RIC1309837 |
|---|---|

### ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically)*:

NOTICE OF RESPONSE BY NON-PARTY IN OPPOSITION TO NOTICE OF RELATED CASE

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sali v. Universal Health Services of Rancho Springs, Inc. | RIC1309837 |

# ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Where Served | Time of Service |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Brian D. Chase, Esq.<br>Bisnar Chase LLP<br>Attorneys for Plaintiffs<br>Marlyn Sali and Deborah Spriggs | 1301 Dove Street, Suite 120<br>Newport Beach, CA  92660<br>Phone   (949) 752-2999<br>Fax:     (949) 752-2777<br>Email:   bchase@bisnarchase.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. July 1, 2011]

ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
(Proof of Service)

Page **4** of **4**
www.courts.ca.gov



# EXHIBIT J

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| STACEY E. JAMES (185651); CHRISTINA H. HAYES (267153)<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>TELEPHONE NO.: (619) 232-0441   FAX NO. (Optional): (619) 232-4302<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Corona Regional Medical Center, et al. | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>APR 03 2014<br>R. Mc Elyea |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Historic Courthouse

PLAINTIFF/PETITIONER: Marlyn Sali, et al.

DEFENDANT/RESPONDENT: Corona Regional Medical Center, et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one): ☒ UNLIMITED CASE<br>(Amount demanded exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | RIC1309837 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 21, 2014   Time: 8:30 a.m.   Dept.: 10   Div.:   Room:

Address of court (if different from the address above):

☐   Notice of Intent to Appear by Telephone, by (name):

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐   This statement is submitted by party (name):
   b. ☒   This statement is submitted jointly by parties (names): Defendants Universal Health Services of Rancho Springs, Inc.; Universal Health Services of Palmdale, Inc.; Corona Regional Medical Center; Inland Valley Medical Center; Rancho Springs Medical Center, Palmdale Regional Medical Center; and Temecula Valley Hospital. Plaintiffs Marlyn Sali and Deborah Spriggs.

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): August 23, 2013
   b. ☐   The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☒   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served (specify names and explain why not):

      (2) ☐   have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐   have had a default entered against them (specify names):

   c. ☐   The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☒ complaint   ☐ cross-complaint   (Describe, including causes of action):
      See 4(b)

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Marlyn Sali, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Corona Regional Medical Center, et al. | RIC1309837 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs brought this case as a putative class action alleging they were not paid for all hours worked, were not paid at the correct rate of pay, were denied meal and rest breaks, were not timely paid for all wages due upon termination of employment, and were not provided with accurate itemized wage statements. Plaintiffs also allege violations of California's Unfair Competition Law and the Private Attorneys General Act of 2004. Defendants deny Plaintiffs' allegations and contend this case is not appropriate for class treatment.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The Parties request the Court not set a trial date at this time. The Parties will submit a timeline for case management in a Joint Status Conference Statement five days before the hearing.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 10-15
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☒ by the following:
a.  Attorney: Jerusalem F. Beligan, Esq.
b.  Firm: BISNAR|CHASE LLP
c.  Address: 1301 Dove Street, Suite 120
d.  Telephone number: 949-752-2999       f.  Fax number: 714-752-2777
e.  E-mail address: jbeligan@bisnarchase.com    g.  Party represented: Plaintiffs
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR Information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☒ has  ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** *(if available).*
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
section 1775.5

**CASE MANAGEMENT STATEMENT**



<div style="text-align:right">**CM-110**</div>

| | |
|---|---|
| PLAINTIFF/PETITIONER: Marlyn Sali, et al. | CASE NUMBER:<br>RIC1309837 |
| DEFENDANT/RESPONDENT: Corona Regional Medical Center, et al. | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☒ | ☒ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

<div style="text-align:center">**CASE MANAGEMENT STATEMENT**</div>

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Marlyn Sali, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Corona Regional Medical Center, et al. | RIC1309837 |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**
- a. ☒ There are companion, underlying, or related cases.
  (1) Name of case: Maduagwu v. UHS of Delaware, Inc.
  (2) Name of court: Los Angeles Superior Court
  (3) Case number: BC521378
  (4) Status: The plaintiff attorney in this case filed a Notice of Related Case; otherwise, unknown.  Defendants dispute that the Maduagwu case is related.
  ☐ Additional cases are described in Attachment 13a.
- b. ☒ A motion to ☒ consolidate ☒ coordinate will be filed by *(name party)*: Unknown at this time. The attorneys will meet and confer to discuss whether cases should be consolidated/coordinated, etc. At this time, Defendants' position is that the cases are not related.

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Defendants may file a motion for summary judgment and/or summary adjudication, a motion for non-certification, and/or a motion to deny class certification.  Plaintiffs will file a motion for class certification and possibly cross-motion for summary adjudication and/or judgment.

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | Plaintiffs' depositions | TBD |
| Defendants | Written discovery | TBD |
| Plaintiffs | Written discovery | TBD |
| Plaintiffs | PMK Deposition(s) | TBD |
| Plaintiffs | Witness Deposition(s) | TBD |



CM-110

c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Belaire-West Opt-Out Notices to be sent to putative class members prior to certification.  Plaintiffs also intend to seek a statistically significant redacted, representative sampling of time and payroll records to substantiate class-action allegations in TIFF or PDF format with metadata intact.  Defendants contend that such a sampling, if any, should be limited to Corona Regional Medical Center as this is the only hospital facility at which Plaintiffs were employed, and Plaintiffs lack standing to assert claims against any other hospital facility.



**CM-110**

| PLAINTIFF/PETITIONER: Marlyn Sali, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Corona Regional Medical Center, et al. | RIC1309837 |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* Given the complex nature of this action, the parties have agreed to submit a joint case management statement at least five days prior to the initial status hearing setting forth in greater detail the case management issues identified to date.

19. **Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 3, 2014

Christina H. Hayes
_____
     (TYPE OR PRINT NAME)

▶ _____
     (SIGNATURE OF PARTY OR ATTORNEY)

Jerusalem F. Beligan
_____
     (TYPE OR PRINT NAME)

▶ _____
     (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STACEY E. JAMES (185651); CHRISTINA H. HAYES (267153)<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA  92101-3577<br>TELEPHONE NO.: (619) 232-0441   FAX NO. *(Optional)*: (619) 232-4302<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Universal Health Services of Rancho Springs, Inc., et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA  92501
BRANCH NAME: Historic Courthouse

PLAINTIFF/PETITIONER: Marlyn Sali

DEFENDANT/RESPONDENT: Universal Health Services of Rancho Springs, Inc.

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL**<br><br>**Check method of service** *(only one)*:<br>☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery<br>☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service | CASE NUMBER:<br>RIC1309837 |
| | JUDGE: Sunshine S. Sykes<br>DEPT.: 06 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA  92101-3577.

3. ☐   The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service)*:

4. On *(date)*: April 3, 2014        I served the following **documents** *(specify)*:

   ☒   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:
   b. ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:

   c. ☐   *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:

      (2) Time of service:
   ☒   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify)*:
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 4

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**



POS-040

| CASE NAME<br>Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER<br>RIC1309837 |
|---|---|

6. b. ☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, California

c. ☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐   **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 3, 2014

Rosa Nichols
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 4

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE: Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER: RIC1309837 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)**
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically)*:

Case Management Statement

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE: Sali v. Universal Health Services of Rancho Springs, Inc. | CASE NUMBER: RIC1309837 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served** | **Where Served** | **Time of Service** |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Brian D. Chase, Esq. Bisnar Chase LLP <u>Attorneys for Plaintiffs</u> Marlyn Sali and Deborah Spriggs | 1301 Dove Street, Suite 120 Newport Beach, CA  92660 Phone    (949) 752-2999 Fax:       (949) 752-2777 Email:    bchase@bisnarchase.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. July 1, 2011]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page **4** of **4**
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT K

1  BRIAN D. CHASE, Bar No. 164109
   JERUSALEM F. BELIGAN, Bar No. 211258
2  BISNAR CHASE LLP
   1301 Dove Street, Suite 120
3  Newport Beach, CA 92660
   Telephone    (949) 752-2999
4  Facsimile:   (949) 752-2777

5
   Attorneys for Plaintiffs
6  MARLYN SALI AND DEBORAH SPRIGGS

7
   STACEY E. JAMES, Bar No. 185651
8  CHRISTINA H. HAYES, Bar No. 267153
   LITTLER MENDELSON, P.C.
9  501 W. Broadway
   Suite 900
10 San Diego, CA 92101.3577
   Telephone:   619.232.0441

11
   Attorneys for Defendants
12 UNIVERSAL HEALTH SERVICES OF RANCHO
   SPRINGS, INC.; UNIVERSAL HEALTH
13 SERVICES OF PALMDALE, INC.; CORONA
   REGIONAL MEDICAL CENTER; INLAND
14 VALLEY MEDICAL CENTER; RANCHO
   SPRINGS MEDICAL CENTER; PALMDALE
15 REGIONAL MEDICAL CENTER; AND
   TEMECULA VALLEY HOSPITAL

16

17                  SUPERIOR COURT OF CALIFORNIA

18                       COUNTY OF RIVERSIDE

19

20 MARLYN SALI and DEBORAH              Case No.  RIC1309837
   SPRIGGS, on behalf of themselves, all
21 others situated and the general public,   ASSIGNED FOR ALL PURPOSES TO JUDGE
                                         JOHN MOLLOY
22             Plaintiffs,
                                         **JOINT INITIAL STATUS CONFERENCE
23       v.                              STATEMENT**

24 UNIVERSAL HEALTH SERVICES OF          Date:  April 21, 2014
   RANCHO SPRINGS, INC.; UNIVERSAL       Time:  8:30 a.m.
25 HEALTH SERVICES OF PALMDALE,          Dept:  10
   INC.; CORONA REGIONAL MEDICAL
26 CENTER; INLAND VALLEY MEDICAL         Trial Date:  None Set
   CENTER; RANCHO SPRINGS                Initial Complaint Filed:  August 23, 2013
27 MEDICAL CENTER; PALMDALE              Amended Complaint Filed:  September 25, 2013
   REGIONAL MEDICAL CENTER;
28 TEMECULA VALLEY HOSPITAL; and

JOINT INITIAL STATUS CONFERENCE STATEMENT

DOES 1 to 100, inclusive,

Defendants.

**TO THE HONORABLE COURT:**

Plaintiffs MARLYN SALI and DEBORAH SPRIGGS ( "Plaintiffs"), and Defendants UHS OF RANCHO SPRINGS, INC., UHS OF PALMDALE, INC., CORONA REGIONAL MEDICAL CENTER, INLAND VALLEY MEDICAL CENTER, RANCHO SPRINGS MEDICAL CENTER, PALMDALE REGIONAL MEDICAL CENTER and TEMECULA VALLEY HOSPITAL ("Defendants") (collectively "the Parties") hereby submit the following Joint Initial Status Conference Statement in advance of the Initial Status Conference scheduled for April 21, 2014 at 8:30 a.m., in Department 10 of the Riverside County Superior Court, the Honorable John Molloy presiding.

**I.    PARTIES AND COUNSEL.**

**A.    Presently Named Plaintiffs.**

Plaintiffs are MARLYN SALI and DEBORAH SPRIGGS.

**B.    Presently Named Defendants.**

Presently named Defendants are UHS OF RANCHO SPRINGS, INC., UHS OF PALMDALE, INC., CORONA REGIONAL MEDICAL CENTER, INLAND VALLEY MEDICAL CENTER, RANCHO SPRINGS MEDICAL CENTER, PALMDALE REGIONAL MEDICAL CENTER and TEMECULA VALLEY HOSPITAL.

**C.    Plaintiffs' Counsel of Record.**

Brian D. Chase (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan (SBN 211258)
jbeligan@bisnarchase.com
BISNAR CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone:    (949) 752-2999
Facsimile:    (949) 752-2777

2.

ITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

**D.**   **Defendants' Counsel of Record.**

Stacey E. James (SBN: 185651)
sjames@littler.com
Christina H. Hayes (SBN: 267153)
chayes@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:    619.232.0441
Facsimile:    619.232.4302

## II.   POTENTIAL ADDITIONAL PARTIES.

### A.   Plaintiffs' Position.

Plaintiffs do not intend to add more class representatives at this time.  Plaintiffs, however, reserve the right to conduct precertification discovery to identify suitable class representatives should Plaintiffs lose standing to bring the causes of action alleged in the First Amended Complaint ("FAC").  *CashCall, Inc. v. Superior Court*, 159 Cal.App.4th 273, 285-286 (2008); *see also Safeco Insurance Co. of America v. Superior Court*, 173 Cal. App.4th 814, 833 (2009).  "[I]lf the trial court concludes that the named plaintiffs can no longer suitably represent the class ..., it should afford plaintiffs the opportunity to amend their complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative."  *Budget Finance Plan v. Superior Court*, 34 Cal.App.3d 794, 800 (1973) [*citing La Sala v. American Sav. & Loan Assn.*, 5 Cal.3d 864, 872 (1971)]; *see also Kagan v. Gibraltar Sav. & Loan Assn.*, 35 Cal.3d 582, 596 (1984); *Scott v. City of Indian Wells*, 6 Cal.3d 541, 550 (1972) (holding that if the named plaintiffs may not adequately represent the class, it should afford them an opportunity to redefine the class or to add new individual plaintiffs).

Regarding adding new defendants, Plaintiffs have been informed and therefore believe a joint employer structure is in place, such that the different medical facilities in California, as identified in the FAC, are under *UHS of Delaware, Inc.*  Based on this information, Plaintiffs will file an Amendment to Complaint (Form RI-025) to add said entity as a Doe defendant and immediately serve same with the FAC once a conformed copy of the Amendment to Complaint is received by Plaintiffs.

TITLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

3.

JOINT INITIAL STATUS CONFERENCE STATEMENT

**B.   Defendants' Position.**

Defendants do not presently intend to add any additional parties.  Defendants contend that it would be improper to add UHS of Delaware, Inc. as a defendant because UHS of Delaware, Inc. did not employ Plaintiffs or any member of the putative class.  Moreover, none of the named facilities are "under" UHS of Delaware, Inc.  Rather, the facilities named as Defendants in the FAC are separate legal entities, and it is well established under California and Federal law that the corporate form is entitled to considerable deference.  *See e.g.*, *Laird v. Capital Cities/Abc*, 68 Cal. App. 4th 727, 737 (1998) ("Corporate entities are presumed to have separate existences . . . and there is a strong presumption that a parent company is not the employer of its subsidiary's employees"); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993) (recognizing same).  Furthermore, UHS of Delaware, Inc. has never exercised control over the working conditions or conditions of employment of non-exempt employees employed at any facility named in the FAC.  *See Vernon v. State of California*, 116 Cal. App. 4th 114 (2004) (recognizing that "the most important" factor in determining whether a joint employer relationship exists is "the extent of the defendant's right to control the means and manner of the workers' performance").  Accordingly, UHS of Delaware, Inc. is not a proper defendant in this action, and Defendants will consider filing a motion to dismiss if UHS of Delaware, Inc. is added as a defendant.

**III.   IMPROPERLY NAMED DEFENDANT(S).**

**A.   Plaintiffs' Position.**

The defendants were properly named because Plaintiffs and other putative class members may have been jointly employed by Defendants.  *See Guerrero v. Superior Court,* 213 Cal.App.4th 912 (2013) (holding two or more employers may jointly employee someone for purposes of the FLSA and California Labor Code).  Moreover, Plaintiffs and their counsel owe a "fiduciary duty not to prejudice the interests that putative class members have in their class action litigation because class counsel acquires certain limited abilities to prejudice the substantive legal interests of putative class members even prior to class certification."  *Holman v. Experian Information Solutions, Inc.,* 2012 WL 1496203 at *16 (N.D. Cal. Apr. 27, 2012); *see also Staton v. Boeing Co.,* 327 F.3d 938,

ITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

4.

1   960 (9th Cir. 2003) (indicating class attorneys purporting to represent a putative class owe the entire

2   class a fiduciary duty once the class complaint is filed).  "It is well established that counsel for

3   plaintiff has a fiduciary relationship with putative class members: 'Beyond their ethical obligations

4   to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary

5   duty once the class complaint is filed.'"  *Stone v. Advance America*, 2009 WL 4722924 at *3 (S.D.

6   Cal. Dec. 4, 2009) [*quoting In re General Motors Corp. Pick–Up Truck Fuel Tank Prod. Liab. Litig.*,

7   55 F.3d 768, 801 (3rd Cir.1995)].  Because of the potential joint-employer issue and fiduciary duty

8   owed to unnamed class members, Plaintiffs believe that all of the defendants were properly named.

9       **B.**    **Defendants' Position.**

10       Defendants contend that UHS of Rancho Springs, Inc., UHS of Palmdale, Inc., Inland Valley

11   Medical Center, Rancho Springs Medical Center, Palmdale Regional Medical Center, and Temecula

12   Valley Hospital are not proper Defendants, as these hospital facilities are independent legal entities

13   and never employed either of the named Plaintiffs.  Plaintiffs were employed exclusively by Corona

14   Regional Medical Center.  Moreover, none of the above-named facilities acted as a joint employer of

15   Plaintiffs, because none of the facilities: (1) had the power to hire and fire employees at Corona

16   Regional Medical Center or any other facility; (2) supervised or controlled the work schedules or

17   conditions of employment of employees at Corona Regional Medical Center or any other facility; (3)

18   determined the rate and method of payment to employees at Corona Regional Medical Center or any

19   other facility; or (4) maintained employment records for employees at Corona Regional Medical

20   Center or any other facility.  *See Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465,

21   1469-70 (9th Cir. 1983).  Thus, Plaintiffs cannot establish that any of the above-named facilities

22   were in a joint employment relationship with Corona Regional Medical Center or any other hospital

23   facility.  Similarly, as set forth above, UHS of Delaware, Inc. did not exercise control over the

24   conditions of employment of non-exempt employees at any of the named facilities, and therefore, it

25   would be improper to add UHS of Delaware, Inc. as a defendant in this matter.

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

**IV.    ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S).**

Plaintiffs contend that Plaintiffs are adequate class representative and have no claims antagonistic to the class.  Defendants contend that Plaintiffs are not adequate class representatives because they do not have standing to pursue claims against any Defendant other than Corona Regional Medical Center.

**V.    ESTIMATED CLASS SIZE.**

**A.    Plaintiffs' Position.**

Class size has yet to be established based on the joint-employer dispute.  However, Plaintiffs would estimate there are not less than 400 putative class members at Defendant Corona Regional Medical Center's facility.  Plaintiffs believe that with the additional entities to be named as Defendants, the potential class members will exceed 3,000.

**B.    Defendants' Position.**

Defendants maintain that the putative class should be limited to non-exempt employees employed by Corona Regional Medical Center during the relevant period, as Plaintiffs were never employed by any other named Defendant.  Defendants estimate that Corona Regional Medical Center employed approximately 2,015 non-exempt employees in California during the relevant period.  This number is subject to change as discovery progresses.

**VI.   OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS.**

**A.    Plaintiffs' Position.**

Plaintiff in the action *Maduagwu v. UHS of Delaware, Inc. et al.*, Los Angeles Superior Court, Case No. BC521378, has filed a notice of related case.  Plaintiffs contend the *Maduagwu* matter and the present matter are related because both cases: (1) name overlapping defendant medical facilities allegedly operated by UHS of Delaware, Inc.; and (2) alleged similar theories of liability.  If Defendants do not agree to a Petition to Coordinate, it is anticipated that plaintiff in the *Maduagwu* action will file said petition.

JTTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

**B.     Defendants' Position.**

Defendants have opposed the notice of related case filed by the *Maduagwu* plaintiff on the grounds that the notice was improper, and the *Maduagwu* action and the instant action do not involve any overlapping parties.

**VII.   POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES.**

The Parties are not aware of any potentially relevant arbitration and/or class action waiver clauses.  Defendants are still investigating this issue.

**VIII.  POTENTIAL EARLY CRUCIAL MOTIONS.**

Plaintiffs anticipate moving for class certification.  Defendants may file a motion for judgment on the pleadings, a motion for summary judgment and/or summary adjudication, a motion for non-certification, and/or a motion to deny class certification.

**IX.    CLASS CONTACT INFORMATION.**

**A.     Plaintiffs' Position.**

Plaintiffs maintain they are entitled to the contact information of the putative class members for all the medical facilities in the FAC.  *See Pioneer Electronics (USA), Inc. v. Superior Ct.*, 40 Cal.4th 360 (2007); *Belaire-West Landscape, Inc. v. Superior Ct.*, 149 Cal.App.4th 554 (2007); *Puerto v. Superior Ct.*, 158 Cal.App.4th 1242, 1252 (2008); *Lee v. Dynamex, Inc.*, 166 Cal.App.4th 1325, 1336-38 (2008); *Alch v. Superior Ct.*, 165 Cal.App.4th 1412 (2008); *Addison, Inc. v. Superior Ct.*, 169 Cal.App.4th 958 (2008); *see also County of Los Angeles v. Los Angeles County Employee Relations Commission*, 56 Cal.4th 905, 911-12 (2013).  However, until the joint employer issue is resolved, Plaintiffs are amenable on moving forward with the putative class contact for Defendant Corona Regional Medical Center with a neutral mailer.

**B.     Defendants' Position.**

Defendants contend that the putative class is limited to non-exempt employees employed by Corona Regional Medical Center during the relevant period.  Defendants further contend that at this early stage in the litigation, production of class contact information is premature.  When it becomes appropriate to produce such information, Defendants agree to use an "opt-out" notice process for the

7.

ITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1  disclosure of putative class members' contact information (as approved in *Belaire-West Landscape,*

2  *Inc. v. Superior Court* (2007) 149 Cal. App. 4th 554, 561). Defendants request that the notices be

3  sent out by a third-party administrator with Plaintiffs bearing the costs of providing notice to the

4  putative class members, including the costs of mailing and compiling responses.

5  **X.    PROTECTIVE ORDERS.**

6      Defendants contend that a protective order should be used to protect confidential documents

7  produced in this matter. Plaintiffs are amenable to a standard protective order. The Parties will meet

8  and confer regarding the scope of such order and mechanism for protecting the confidentiality of the

9  information.

10  **XI.   DISCOVERY.**

11      **A.    Plaintiffs' Position.**

12      Plaintiffs contend they should be allowed to conduct discovery relating to class certification

13  issues and merits-based discovery to the extent it will assist in substantiating one or more class

14  certification elements. Plaintiffs will also seek, without limitation, a statistically significant,

15  representative sampling of time and payroll records of putative class members to determine whether

16  evidence common to the class exists to determine Defendants' liability and to show that the class

17  action mechanism is the superior method of adjudicating this case. Plaintiffs intend to initiate

18  discovery by first propounding written discovery (i.e., interrogatories, requests for admission and

19  requests for production of documents). Once the written discovery is over, Plaintiffs intend to

20  conduct depositions (i.e., PMK and possibly witness depositions).

21      **B.    Defendants' Position.**

22      Defendants will be seeking written and deposition discovery from Plaintiffs. Defendants

23  contend that before a decision is rendered on class certification, discovery should be limited to

24  matters bearing on class certification. *Fireside Bank v. Superior Court,* 40 Cal. 4th 1069, 1074

25  (2007) ("[T]rial courts in class action proceedings should decide whether a class is proper and, if so,

26  order class notice before ruling on the substantive merits of the action."). Defendants further

27  contend that no classwide merits discovery should occur unless and until the Court grants class

28

8.

1   certification. *See id.* at 1083.  Defendants will also oppose any representative sampling sought by

2   Plaintiffs on the ground that such a sampling is not relevant to class certification issues.  In the event

3   that Plaintiffs submit any declarations of putative class members in support of their motion for class

4   certification, Defendants reserve the right to depose such declarants in order to prepare their

5   opposition to said motion.

6   **XII.   INSURANCE COVERAGE.**

7          At this time, the Parties are unaware of any insurance policy which would cover the claims in

8   this action or which could affect settlement.

9   **XIII.   ALTERNATIVE DISPUTE RESOLUTION.**

10          Plaintiffs are open to private mediation at the appropriate time when the scope of the class is

11   decided and the related action claims are decided.  Defendants are open to exploring the possibility

12   of an early resolution of this matter but believe that such discussions are premature at this time.

13   **XIV.   TIMELINE FOR CASE MANAGEMENT.**

14          The Parties jointly request the next status conference be scheduled for 90 days from the

15   Initial Status Conference, at the Court's discretion.

16          The Parties will be in a better position to project dates for class certification motions and

17   other dispositive briefing by the time of the next Status Conference, following exploration of

18   potential early resolution and/or some initial rounds of discovery.

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON, P.C
501 W. Broadway
Suite 900
an Diego, CA 82101.3577
619.232.0441

1    Dated: April 14, 2014

2

3                                              BRIAN CHASE
                                               JERUSALEM F. BELIGAN
4                                              Bisnar Chase LLP
                                               Attorneys for Plaintiffs
5

6    Dated: April 14, 2014

7

8                                              STACEY E. JAMES
                                               CHRISTINA H. HAYES
9                                              Littler Mendelson, P.C.
                                               Attorneys for Defendants

10

11

12   Firmwide:126499180.1 069080.1046

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        10.

                     JOINT INITIAL STATUS CONFERENCE STATEMENT

TTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101-3577
619.232.0441

Brian D. Chase, Esq. (SBN 164109)
*bchase@bisnarchase.com*
Jerusalem F. Beligan, Esq. (SBN 211258)
*jbeligan@bisnarchase.com*
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone:  (949) 752-2999
Facsimile:   (949) 752-2777

Attorneys for Plaintiffs, on behalf of themselves,
all others similarly situated and the general public

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others similarly situated and the general public, | Case No. RIC1309837 |
| | *Assigned for all purposes to the Honorable Ronald L. Taylor in Department 06* |
| Plaintiffs, | ***PROOF OF SERVICE*** |
| vs. | |
| UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; and DOES 1 to 100, inclusive, | |
| Defendants. | |

Page 1

***PROOF OF SERVICE***

**PROOF OF SERVICE**
*Sali v. Universal Health Services*
Case No. RIC1309837

I am employed in the County of Orange, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 1301 Dove Street, Suite 120, Newport Beach, CA, 92660.

On April 18, 2014, I served the foregoing on the interested parties in this action:

- **JOINT INITIAL STATUS CONFERENCE STATEMENT**

| Stacey E. James, Esq.<br>**LITTLER**<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>Tel: (619)515-1865<br>Fax: (619) 232-4302<br>sjames@littler.com | **Attorneys for Defendants.** |
|---|---|

(XX)   **BY MAIL,** by placing a true copy thereof, in a sealed envelope to the addressee(s) below, and depositing the same into the United States mail at the address located set forth herein above, with sufficient first-class postage thereon pre-paid.

( )   **BY OVERNIGHT PRIORITY MAIL WITH NEXT DAY DELIVERY GUARANTEED** by placing a true copy thereof, in a sealed envelope to the addressee(s) below and depositing the same into the **OVERNIGHT EXPRESS** mail drop at the address located set forth herein above, with postage pre-paid.

( )   **BY PERSONAL SERVICE,** by personally delivering the same to the addressee(s) listed above

( )   **BY FACSIMILE,** by transmitting by facsimile transmission a true and correct copy of the same to the addressee(s) listed above

( )   **BY EMAIL,** upon agreement by the parties this document was email to SJames@littler.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 18, 2014, at Newport Beach, California.

Javier R. Ruiz

# EXHIBIT L

AUG-25-2013  12:56          BISNAR & CHASE                    949 762 2777      P.006/009

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** UNIVERSAL HEALTH SERVICES, INC.;
**(AVISO AL DEMANDADO):** UNIVERSAL HEALTH SERVICES
FOUNDATION; UNIVERSAL HEALTH SERVICES OF RANCHO
SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE,
INC.; CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY
MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER;
PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY
HOSPITAL; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** MARLYN BALI and DEBORAH
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** SPRIGGS, on behalf
of themselves, all others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 23 2013

I. SIRACUSA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California-County of Riverside
Historic Courthouse
4050 Main Street.
Riverside, CA 92501

CASE NUMBER:
(Número del Caso):
RIC   1309837

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jerusalem F. Beligan, Esq. (SBN 211258)      949-752-2999   949-752-2777
Brian D. Chase, Esq. (SBN 164109)
Bisnar|Chase
1301 Dove St., Suite 120, Newport Beach, CA 92660

DATE: AUG 23 2013                          Clerk, by _____, Deputy
(Fecha)                                    (Secretario)                        (Adjunto)

I. Siracusa

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [✓] as the person sued under the fictitious name of (specify): as Doe
3. [✓] on behalf of (specify): UHS of Delaware Inc as Doe 1

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
4 Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

4/21/ID
3:40 pm



## COPY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| BANNING 135 N. Alessandro Rd., Banning, CA 92220 | INDIO 46-200 Oasis St., Indio, CA 92201 |
| BLYTHE 265 N. Broadway, Blythe, CA 92225 | MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| X RIVERSIDE 4050 Main St., Riverside, CA 92501 | TEMECULA 41002 County Center Dr., Ste. 100, Temecula, CA 92591 |
| HEMET 880 N. State St., Hemet, CA 92543 | |

RI-025

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Brian D. Chase, Esq. (SBN 164109)<br>Jerusalem F. Beligan, Esq. (SBN 211258)<br>BISNAR\|CHASE LLP<br>1301 Dove Street, Suite 120<br>Newport Beach, CA 92660 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>APR 17 2014<br><br>R. Mc Elyea |
| TELEPHONE NO: (949)752-2999 FAX NO. (Optional): (949)752-2777<br>E-MAIL ADDRESS (Optional): jbeligan@bisnarchase.com<br>ATTORNEY FOR (Name): Plaintiffs Marilyn Sali and Deborah Spriggs | |
| TITLE OF CASE: Marilyn Sali et al. vs. Universal Health Services of Rancho Springs, Inc., et al. | |
| | CASE NUMBER:<br>RIC1309837 |

BY FAX

| AMENDMENT TO | X COMPLAINT | CROSS COMPLAINT |
|---|---|---|

**FICTITIOUS NAME** (No order required)

Upon filing the complaint * herein, plaintiff(s)* being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of DOE 1 _____ and having discovered the true name of the said defendant to be UHS OF DELAWARE, INC. _____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

April 16, 2014   Jerusalem F. Beligan, Esq.

(DATE)   (TYPE OR PRINT NAME OF X : ATTORNEY   PARTY MAKING DECLARATION)   (SIGNATURE)

**INCORRECT NAME** (Requires order thereon)

Plaintiff(s)* having designated a defendant in the complaint* by the incorrect name of _____

and having discovered the true name of the said defendant to be _____

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____   _____   _____   _____

(DATE)   (TYPE OR PRINT NAME OF   : ATTORNEY   . PARTY MAKING DECLARATION)   (SIGNATURE)

### ORDER

Proper cause appearing, plaintiff(s)* allowed to file the above amendment to the complaint.*

_____   _____

(DATE)   (JUDGE OF THE SUPERIOR COURT)

*Complaint can also mean a cross-complaint. Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

| | | Page 1 of 1 |
|---|---|---|
| Approved for Optional Use<br>Riverside Superior Court<br>RI-025 (Rev. 5/2/11) | AMENDMENT TO COMPLAINT/CROSS COMPLAINT | riverside.courts.ca.gov/localforms/localfrms.shtml<br>RI-025 |

Brian D. Chase, Esq. (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone:  (949) 752-2999
Facsimile:  (949) 752-2777

Attorneys for Plaintiffs, on behalf of themselves,
all others similarly situated and the general public

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 25 2013

J. BRANNON

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others similarly situated and the general public,<br><br>             Plaintiffs,<br><br>vs.<br><br>UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; and DOES 1 to 100, inclusive,<br><br>             Defendants. | Case No. RIC1309837<br><br>*Assigned for all purposes to the Honorable Ronald L. Taylor in Department 06*<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**<br><br>1)  **Failure to pay all Regular Hourly Wages Based on all Requisite Work Hours (Cal. Lab. Code §§ 200-202, 218);**<br>2)  **Failure to pay all Overtime Wages Based on all Requisite Work Hours (Cal. Lab. Code §§ 510, 1194);**<br>3)  **Failure to pay Correct Overtime Rate of pay (Cal. Lab. Code §§ 510, 1194);**<br>4)  **Failure to pay Premium Wages for Denial of Required Meal-and-Rest Periods (Cal. Lab. Code §§ 226.7, 512, and Cal. IWC Wage Order(s));**<br>5)  **Failure to Timely pay all Wages due Upon Termination of Employment (Cal. Lab. Code §§ 201-203);**<br>6)  **Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174, and Cal. IWC Wage Order(s)); and**<br>7)  **Violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, et seq.); and**<br>8)  **Violation of the Private Attorneys General Act of 2004 (the "PAGA") (Cal. Labor Code Section 2698, et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

Page 1

*FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF*

1.     Plaintiffs Marlyn Sali ("SALI") and Deborah Spriggs ("SPRIGGS") on behalf of themselves, and classes of those similarly situated (collectively "Plaintiffs"), hereby file this First Amended Class Action Complaint ("FAC") against Defendants Universal Health Services of Rancho Springs, Inc. ("UHSRS"), Universal Health Services of Palmdale, Inc. ("UHSP"), Corona Regional Medical Center ("Corona"), Inland Valley Medical Center ("Inland Valley"), Rancho Springs Medical Center ("Rancho Springs"), Palmdale Regional Medical Center ("Palmdale"), Temecula Valley Hospital ("Temecula"), and DOES 1 to 100, inclusive (collectively "Defendants").  Plaintiffs are informed and believe, and on the basis of that information and belief, alleges as follows:

## I.

## INTRODUCTION

2.     This is a proposed class action seeking recovery of unpaid wages, restitution, interest, penalties, attorneys' fees and costs for Defendants' systematic violations of the following California Labor Codes ("Labor Code"):

    a.     Labor Code §§ 200-202 and 218 for failing to pay all regular hourly wages to Plaintiffs;

    b.     Labor Code §§ 510 and 1194 for failing to pay Plaintiffs time and a-half for all overtime hours worked;

    c.     Labor Code §§ 510 and 1194 for failing to pay Plaintiffs double their regular rate of pay for all hours worked in excess of 12 hours a day and/or all hours in excess of 8 hours on the seventh consecutive day of work;

    d.     Labor Code §§ 226.7 and 512 for not providing compliant meal-and-rest breaks to Plaintiffs or compensation in lieu thereof;

    e.     Labor Code § 203 for failing to timely pay all wages due and owing to separated former employees of Defendants within 72 hours of separation of employment;

    f.     Labor Code § 226 for failing to provide accurate itemized wage statements

**Page 2**

to Plaintiffs; and

g.   California Business & Professions Code ("B&PC") § 17200, *et seq.* for restitution of all wages unpaid, due and owing that are derivative of each of the foregoing violations of the Labor Code.

3.   Defendants own and operate medical centers and hospitals throughout Southern California and employ non-exempt, hourly wage, Registered Nurses ("RNs") including, but not limited to, Corona, Inland Valley, Rancho Springs, Palmdale, and Temecula ("Defendants' Hospitals").

4.   Throughout the liability period, Defendants have a uniform policy, consistently applied to Plaintiffs, in which Plaintiffs were required to be on-call or standby (the "Standby and Call Back Policy"). According to the Standby and Call Back Policy, Plaintiffs—who were assigned to on-call or standby—must make themselves available to respond to calls to work and leave word at his residence or the Medical Center where they can be reached, and/or carry a beeper. It also states that Plaintiffs who are on mandatory standby must be immediately available and return to the facility within 30 minutes to meet patient care needs. Plaintiffs are made aware of the requirement for standby and call back responsibilities and if they do not respond or do not return on time, Plaintiffs are disciplined. Therefore, Plaintiffs had to limit their personal activities and limit where and how long they went to ensure that they were close enough to respond on time; otherwise face discipline and possibly termination. Effectively, Plaintiffs were under the control of Defendants and were therefore predominantly benefitting Defendants and their business operation at the expense of Plaintiffs' personal activities. Accordingly, Plaintiffs should have been at least been paid their regular hourly wage for the time spent on-call or standby. Defendants, however, either did not pay Plaintiffs for the time they were on-call or paid them a wage less than their hourly rate.

5.   In addition, according to the Standby and Call Back Policy, Plaintiffs—who were called back to work—were not paid for their travel time and were only paid when Plaintiffs arrived at Defendants' Hospitals and ready to begin work. Accordingly, Plaintiffs were not compensated

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1    for the time that they had to travel back to Defendants' Hospitals.

2        6.    Throughout the liability period, Defendants implemented a uniform policy that

3    prevented Plaintiffs from clocking in more than seven minutes before their scheduled shift or more

4    than seven minutes after their scheduled shift; otherwise if Plaintiffs clocked in seven minutes

5    before or after their scheduled shift, Plaintiffs' time worked would be rounded down to the nearest

6    one-tenth of the hour (the "Rounding Time Policy"). Defendants' Rounding Time Policy resulted

7    in Plaintiffs being deprived of wages as Defendants' Rounding-Time Policy, over a period of time,

8    resulted in Defendants' failure to compensate Plaintiffs for all the time they actually worked.

9        7.    As a result of the policies alleged above, Plaintiffs were not paid for all hours

10   worked at the regular and overtime rate of pay.

11       8.    Defendants also have and continue to have a uniform meal period policy that fails

12   to provide Plaintiffs meal periods before the fifth hour of work and in which they are relieved of

13   all duty during their 30-minute meal period. Moreover, Defendants' uniform meal break policy

14   does not authorize meal breaks before the tenth hour of work for Plaintiffs who worked daily shifts

15   of at least 10 hours or more. In addition, Defendants denied Plaintiffs uninterrupted meal breaks

16   of at least 30-minutes when Plaintiffs' supervisors failed to schedule meal breaks where they

17   would not be interrupted for at least 30-minutes. Another uniform fact is that Defendants' written

18   meal break policies did not authorize Plaintiffs to leave the premises or agree to pay Plaintiffs an

19   additional hour of pay for non-compliant meal breaks.

20       9.    Defendants also have and continue to have a uniform rest period policy that does

21   not sufficiently authorize or permit the number of 10-minutes rest periods that are required per

22   workday. In addition, Defendants' rest break policy denied Plaintiffs' net rest time of at least 10

23   minutes because Plaintiffs' supervisors failed to schedule rest breaks where they would be relieved

24   of all duty and not interrupted for at least 10-minutes.

25       10.   The true names and capacities, whether individual, corporate, associate or

26   otherwise, of defendant DOES 1 through 100 are unknown to Plaintiffs, who therefore sues these

27   defendants by fictitious names pursuant to California Code of Civil Procedure ("CCP") § 474.

Page 4
*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
PENALTIES AND INJUNCTIVE RELIEF

Plaintiffs further allege that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiffs will amend this FAC to show these defendants' true names and capacities when ascertained, as well as the manner in which each fictitious defendant is responsible.

11.     Plaintiffs is informed and believes, and on that basis alleges, that Defendants named in this FAC were agents, servants, employees, co-conspirators and/or joint venturers of each of the remaining Defendants, and was at all times acting within the course-and-scope of said agency, service, employment, conspiracy and/or joint venture.

12.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct complained of herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts complained of, each of the Defendants acted with an awareness of his/her/its/their primary wrongdoing and realized that his/her/its/their conduct would substantially assist the accomplishment of the wrongful conduct and wrongdoing.

13.     The acts complained of herein occurred, continue to occur and will occur, at least in part, within the time period from four years preceding the filing of the initial complaint, up to and through the time of trial for this matter (hereinafter, the "Proposed Class Period").

II.

## JURISDICTION AND VENUE

14.     The California Superior Court has jurisdiction in this matter due to Defendants' violations of Labor Code §§ 200, *et seq.*, 500, *et seq.*, B&PC § 17200, *et seq.*, the applicable IWC Wage Order(s), and related common law principles.

15.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

16.     The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the proposed classes alleged herein are under the $75,000.00

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1  jurisdictional threshold for Federal Court.  Further, there is no federal question at issue, as the issues

2  herein are based solely on California statutes and law, including the Labor Code, applicable IWC

3  Wage Order(s), CCP, California Civil Code ("CC") and B&PC.  There is no diversity of parties as to

4  all parties, SALI, SPRIGGS and Defendants are residents of the State of California and Defendants

5  are doing and operating business here in California.  Thus, any removal under the Class Action

6  Fairness Action of ("CAFA"), 28 U.S.C. § 1332(d) would be improper and fail to implicate subject

7  matter jurisdiction.

8      17.    Venue is proper in Riverside County pursuant to CCP § 395(a) and §395.5

9  because (a) liability arose therein; (b) many of the acts or transactions that are the subject matter of

10  this FAC occurred therein; and/or (c) Defendants either are found, maintain hospitals and

11  medical facilities, transact business, and/or have a registered agent located therein.  Venue is

12  also appropriate per the Riverside County Superior Court, Local Rule 3115(a) since this is an

13  unlimited case and a predominant amount of the injuries, damages and unlawful conduct

14  occurred within this district.

15      18.    In addition, B&PC § 17204 provides that any person acting on his or her own

16  behalf may bring an action in a court of competent jurisdiction.  Thus, this Court maintains

17  appropriate jurisdiction to hear and adjudicate this matter.

18

19                                    III.

20                        **SUMMARY OF CLAIMS**

21      19.    SALI and SPRIGGS are former RNs of Defendants.

22      20.    SALI and SPRIGGS bring this class action on behalf of all RNs employed by

23  Defendants in California at any time during the Proposed Class Period who (a) were not paid all

24  wages at their regular rate of pay; (b) not paid time and a-half and/or double time for all overtime

25  hours worked; and (c) denied uninterrupted, "off-duty" meal-and-rest periods.

26      21.    Each of the following allegations pertain and apply to Plaintiffs and the proposed

27  classes defined below throughout all or a substantial part of the Proposed Class Period:

28

                              Page 6

_FIRST AMENDED_ CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
                PENALTIES AND INJUNCTIVE RELIEF

a.    Defendants employ RNs, who they classified as non-exempt, in hospitals and medical facilities throughout Southern California and therefore entitled to overtime pay at the correct overtime rate, and meal-and-rest periods.

b.    As a matter of course during all or a substantial portion of the Proposed Class Period, Plaintiffs were regularly, uniformly, and systematically required by Defendants to work in excess of 8 to 12 hours per day and/or 40 hours per week without being paid the requisite overtime wages and at the correct overtime rate of pay as required by Labor Code §§ 510, 1194, and the applicable IWC Wage Order(s).

c.    As a matter of course during all or a substantial portion for each of the Proposed Class Period, Plaintiffs were regularly, uniformly, and systematically denied by Defendants from taking timely, compliant, uninterrupted, unpaid 30-minute meal periods no later than the fifth and tenth hour of work as required by Labor Code §§ 226.7, 512, and the applicable IWC Wage Order(s).  In addition, Plaintiffs were not paid for the untimely, non-compliant, or interrupted 30-minute meal periods; nor were they paid a one-hour premium wage at their regular rate of pay for each missed, short, late or interrupted meal period.  As a result, Plaintiffs who: (i) were denied timely, uninterrupted and duty-free meal periods; and (ii) were not paid a straight wage and/or premium wage in lieu thereof, are all owed back wages as further alleged herein.

d.    As a matter of course during all or a substantial portion of the Proposed Class Period, Plaintiffs were regularly, uniformly, and systematically denied by Defendants from taking timely, sufficiently numerous, compliant, uninterrupted paid 10-minute rest periods for every four hours (or major fraction thereof) worked as required by Labor Code §§

Page 7

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

226.7, 512, and the applicable IWC Wage Order(s); nor were Plaintiffs paid a one-hour premium wage at their regular rate of pay for each missed, short, late or interrupted rest period. Therefore, Plaintiffs who: (i) were denied timely, sufficiently numerous, uninterrupted and duty-free rest periods; (ii) nor paid a premium wage in lieu thereof, are owed back wages as further alleged herein.

e.   As a matter of course during all or a substantial portion of the Proposed Class Period, and due to the illegal wage polices alleged above, Plaintiffs were not provided true, accurate, and properly itemized wage statements setting forth all deductions, gross wages earned, all hours actually caused or suffered to work, and the corresponding correct amounts of pay at the requisite agreed and legal rate as required by Labor Code § 226 and the applicable IWC Wage Order(s). Because Defendants did not record or track all deductions, wages earned, and total hours worked, Plaintiffs are permitted to reasonably estimate the amount of hours worked and unpaid wages that they are owed as admissible evidence at trial. Also, since Defendants have no reasonable basis to believe that they were in compliance with applicable California law, Plaintiffs are informed and believe, and based thereon allege, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated California labor standards.

f.   As a matter of course during all or a substantial portion of the Proposed Class Period and due to the illegal wage policies alleged above, Plaintiffs, who were terminated or separated from their employment from Defendants, were not timely paid all wages due as required by Labor Code §§ 210-203. Also, since Defendants have no reasonable basis to believe that they were in compliance with applicable California law,

Plaintiffs are informed and believe, and based thereon allege, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated California labor standards.

22.     Defendants' uniform policies and practices violated California law as pled herein. As a result of Defendants' unlawful systematic pay practices, Plaintiffs seek overtime compensation (at the correct rate of pay) for all overtime work required, suffered, or permitted by Defendants to work, restitutionary and declaratory relief, compensatory damages, penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## IV.

## THE PARTIES

23.     SALI is a current resident of Riverside County and SPRIGGS is a current resident of Orange County and both will serve as adequate, typical and active participants and Class Representative for the proposed classes under CCP § 382.  Both SALI and SPRIGGS were employed by Defendants during the Proposed Class Period and worked in one of Defendants' Hospitals.  Despite differentiating titles, each of the RNs of Defendants throughout California worked hours in excess of 8 hours per day and/or 40 hours per week, without receiving compensation for all hours worked, time and a-half and/or double time for overtime hours worked, and compensation for non-compliant meal-and-rest periods.

24.     Defendants, on the other hand, own and operate several hospitals and medical facilities throughout Southern California in which it employs RNs who were subject to the illegal policies and practices alleged above.

## V.

## CLASS ACTION ALLEGATIONS

25.     CCP § 382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Page 9

26.   Plaintiffs bring this suit as a class action pursuant to CCP § 382, on behalf of individuals who are entitled to the wages unlawfully withheld by Defendants.  The proposed class members are ascertainable, numerous, share specific and predominating common legal and factual issues; are represented by adequate Class Representatives with similar and non-adversarial interests; represented by experienced proposed Class Counsel; and the size, nature and extent of the class and claims makes use of class action procedures as superior to numerous individual actions.

27.   The putative "Plaintiff Class" that Plaintiff seek to represent and to certify is currently composed of and defined as follows:

**PLAINTIFF CLASS:**

All current and former RNs of Defendants in California who were not paid for all wages due during the Proposed Class Period.

28.   The putative "Plaintiff Subclasses" that Plaintiffs will seek to represent and to certify are currently composed of and defined as follows:

a.   **THE REGULAR RATE SUBCLASS:**

All members of the Plaintiff Class who were not paid their regular rate of pay for all hours worked.

b.   **THE OVERTIME SUBCLASS:**

All members of the Plaintiff Class who: (i) worked in excess of 8 hours per day and/or 40 hours per week; and (ii) not paid time and a-half for all overtime hours worked.

c.   **THE DOUBLE-TIME SUBCLASS:**

All members of the Plaintiff Class who: (i) worked in excess of 12 hours per day and/or in excess of 8 hours on the seventh consecutive day of work; and (ii) not paid double their regular rate of pay for all overtime hours worked.

d.   **THE MEAL BREAK SUBCLASS:**

All members of the Plaintiff Class who (i) were denied off-duty meal periods of at least 30 minutes before the fifth hour of work; and (ii) who were not provided a second meal break for shifts of at least 10 hours or more.

Page 10

e.   **THE REST PERIOD SUBCLASS:**

All members of the Plaintiff Class who: (i) were denied rest breaks of at least 10 minutes for every four hours worked or major fraction thereof; and who were not provided a third 10-minute rest break for shifts of at least 10 hours or more.

f.   **THE WAGE STATEMENT SUBCLASS:**

All members of the Plaintiff Class who at any time from one-year prior to the filing of the initial complaint through the date of the commencement of trial, were not provided with an accurate itemized wage statement setting forth all deductions made, gross wages earned, the number of actual hours worked and the effective rates of pay for the operative pay period.

g.   **THE WAITING TIME SUBCLASS:**

All members of the Plaintiff Class who: (i) from three-years prior to the filing of the initial complaint, separated from Defendants' employment; and (ii) who Defendants knowingly and willfully failed to pay all wages due, within 72 hours of the time that the employee voluntarily or involuntarily ended his/her employment with Defendants.

h.   **THE UCL SUBCLASS:**

All members of the Plaintiff Class who from the four years prior to the filing of the initial complaint until the commencement of trial are owed restitution of unpaid wages resulting from Defendants' systematic violations of California law.

29.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Plaintiff Class and Subclasses. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seeks to certify the Plaintiff Class and Subclasses alleged herein.

30.   By this FAC, Plaintiffs also bring this case as a representative action seeking penalties for the State of California in a representative capacity, as provided by the PAGA to the extent permitted by law, as aggrieved employees who held the positions identified herein and was subject to Defendants' violations of the Labor Code. A true and correct copy of the notice correspondence showing compliance with Labor Code § 2699.3 is attached hereto as Exhibit 1 and demonstrates that Plaintiffs are aggrieved employees and have standing to bring

*FIRST AMENDED* **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

1  a representative action on behalf of the State of California and Labor and Workforce

2  Development Agency (the "LWDA") as private attorneys general.  No notice of cure by

3  Defendants was provided and no notice of investigation was received from the LWDA in the

4  statutorily proscribed 33-day period since the mailing of the notice of the action.

5  Accordingly, Plaintiffs file this FAC as a "Representative Action" as provided by CCP and as

6  specifically permitted and authorized by Labor Code §2699.3(a)(2)(C).

7                                                        VI.

8  **COMMON CLASS ACTION ALLEGATIONS FOR BOTH THE PLAINTIFF CLASS**

9                                **AND SUBCLASSES**

10      31.    Numerosity (CCP §382): The potential quantity of members of the Plaintiff

11  Class and Subclasses as defined are so numerous that joinder of all members would be

12  unfeasible and impractical.  The exact quantity of members of the Plaintiff Class and

13  Subclasses is unknown to Plaintiffs at this time; however, it is estimated that the total number

14  of current and formerly employed members of the Plaintiff Class and Subclasses is greater

15  than 50.  The disposition of the claims of the members of the Plaintiff Class and Subclasses

16  through this class action will benefit both the parties and this Court.  The quantity and identity

17  of such membership is readily ascertainable via inspection of Defendants' payroll and time

18  records.

19

20      32.    Superiority (CCP §382): The nature of this action and the nature of the laws

21  available to Plaintiffs make the use of the class action format particularly efficient and the

22  appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

23               a.    California has a public policy which encourages the use of the class action

24                     device;

25               b.    By establishing a technique whereby the claims of many individuals can be

26                     resolved at the same time, the class suit both eliminates the possibility of

27                     repetitious litigation and provides small claimants with a method of

28

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1    obtaining redress for claims which would otherwise be too small to warrant

2    individual litigation;

3  c.   This case involves large corporate Defendants and a large number of

4    individual class members with many relatively small claims and common

5    issues of law and fact;

6  d.   If each individual member of each of the Plaintiff Class or Subclasses was

7    required to file an individual lawsuit, the large corporate Defendants would

8    necessarily gain an unconscionable advantage because Defendants would

9    be able to exploit and overwhelm the limited resources of each individual

10    member of the Plaintiff Class or Subclasses with Defendants' vastly

11    superior financial and legal resources;

12  e.   Requiring each individual member of each of the Plaintiff Class or

13    Subclasses to pursue an individual remedy would also discourage the

14    assertion of lawful claims by members of the Plaintiff Class or Subclasses

15    who would be disinclined to pursue an action against Defendants because

16    of an appreciable and justifiable fear of retaliation and permanent damage

17    to their lives, careers and well-being;

18

19  f.   Proof of a common business practice or factual pattern, of which the

20    members of the Plaintiff Class and Subclasses experienced, is

21    representative of all the Plaintiff Class and Subclasses alleged herein and

22    will establish the right of each class member to recover on the causes of

23    action alleged herein;

24  g.   Absent class treatment, the prosecution of separate actions by the

25    individual members of the Plaintiff Class and Subclasses, even if possible,

26    would likely create:

27    i)   a substantial risk of Plaintiffs presenting in separate, duplicative

28    proceedings the same or essentially similar arguments and

**Page 13**

1    evidence, including expert testimony;

2    ii)    a multiplicity of trials conducted at enormous expense to both

3           the judicial system and the litigants;

4    iii)   inconsistent or varying verdicts or adjudications with respect to

5           the individual members of the Plaintiff Class and Subclasses

6           against Defendants;

7    iv)    potentially incompatible standards of conduct for Defendants;

8           and

9    v)     potentially incompatible legal determinations with respect to

10          individual members of the Plaintiff Class and Subclasses which

11          would, as a practical matter, be dispositive of the interest of

12          class members who are not parties to this action or which would

13          substantially impair or impede the ability of the members of the

14          Plaintiff Class and Subclasses to protect their interests.

15   h.   The claims of the individual members of the Plaintiff Class and Subclasses

16        are not sufficiently large to warrant vigorous individual prosecution

17        considering all of the concomitant costs and expenses attendant thereto;

18   i.   Courts seeking to preserve efficiency and other benefits of class actions

19        routinely fashion methods to manage any individual questions; and

20   j.   Judicial precedent urges trial courts, which have an obligation to consider

21        the use of innovative procedural tools to certify a manageable class, to be

22        procedurally innovative in managing class actions.

23   33.   Well-Defined Community of Interest: Plaintiffs also meet the established

24   standards for class certification as follows:

25   a.   Typicality: The claims of SALI and SPRIGGS are typical of the claims of

26        all members of the Plaintiff Class and Subclasses that they seek to

27        represent because all members sustained injuries and damages arising out

Page 14

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

of Defendants' common course of conduct in violation of law, and the injuries and damages were caused by Defendants' wrongful conduct in violation of California law, as alleged herein.

b. Adequacy: SALI and SRPIGGS:

   i)   are adequate representatives of the Plaintiff Class and Subclasses that they seek to represent;

   ii)  will fairly protect the interests of the members of the Plaintiff Class and Subclasses;

   iii) have no interest antagonistic to the members of the Plaintiff Class and Subclasses; and

   iv)  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. Predominant Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Plaintiff Class and Subclasses which predominate over questions affecting only individual members, including, without limitation:

   i)   Whether the members of the Regular Rate Subclass were paid their regular rate for all regular, non-overtime hours worked;

   ii)  Whether the members of the Overtime Subclass regularly worked overtime for which they were not paid time and a-half;

   iii) Whether the members of the Double-Time Subclass were not paid double their regular rate of pay for work performed in excess of 12 hours per day and/or in excess of 8 hours on the seventh consecutive day of work;

   iv)  Whether members of the Meal Break Subclass were denied uninterrupted meal breaks of at least 30 minutes before the fifth hour of work and were not provided a second meal break before the

tenth hour of work for shifts of more than 10 hours;

v)      Whether members of the Rest Break Subclass were provided with a third 10-minute rest break for shifts of at least 10 hours or more and/or denied net rest breaks of at least 10 minutes for every four hours worked or major fraction thereof;

vi)     Whether Defendants' uniform and systematic policy and practice of failing to pay its employees all wages due, within the time required by law after their employment ended, violated applicable state law and regulation (and the proper measure of damages sustained if Defendants did not);

vii)    Whether Defendants failed to timely furnish accurate itemized wage statements to the members of the Wage Statement Subclass; and

viii)   Whether Defendants' conduct constitutes an unfair competition, an unfair business practice and/or a deceptive business practice within the meaning of B&PC § 17200, *et seq.*

d.     <u>Manageability of Class and Common Proof</u>: The nature of this action and the nature of laws available to Plaintiffs and the members of the Plaintiff Class and Subclasses make use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiffs and putative class members for the wrongs alleged herein. Specifically, the Plaintiff Class and Subclasses turn upon Defendants' own uniform and systematic policies and practices applicable during the Proposed Class Period.  Whether each member of the Plaintiff Class and Subclasses might be required to ultimately justify an individual claim does not preclude maintenance of a class action. *See Collins v. Rocha*, 7 Cal.3d 232, 238 (1972).

<div align="center">

Page 16

***FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

</div>

34.     SALI and SPRIGGS will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and Subclasses.  SALI and SPRIGGS have retained counsel competent and experienced in complex class actions and state labor and employment litigation.

35.     Class certification of the First through the Seventh Causes of Action is also appropriate because questions of law and fact common to the Plaintiff Class and Subclasses predominate over any questions affecting only individual members.  Defendants' common and uniform policies and practices resulted in the unlawful misappropriation of wages from the Plaintiff Class and Subclasses.  The damages suffered by individual members of the Plaintiff Class and Subclasses are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

36.     Plaintiffs intend to send notice to all members of the Plaintiff Class and Subclasses pursuant to the California Rules of Court and each will be given an opportunity to opt-out of the proceedings.

## VII.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of Cal. LC § 218 for Unpaid Regular Hourly Wages)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Regular Rate Subclass Against Defendants)**

37.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

38.     During the Proposed Class Period, Defendants engaged in a pattern, policy and practice of requiring members of the Regular Rate Subclass to work on-call or standby as alleged above and were either not paid at all or paid at a rate less than their regular rate of pay.  In addition, Defendants engaged and implemented a Rounding Time Policy that, during the course of time, resulted in Plaintiffs being underpaid for hours worked.  These policies

*FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF*

resulted in members of the Regular Rate Subclass working hours that were not accounted in their time records and therefore were not compensated at their regular rate of pay.

39.   California law requires all non-exempt employees to be paid at the agreed hourly rate for all hours in which they are under the control of their employer or actually caused or suffered to work.

40.   By engaging in these policies and practices in which members of the Regular Rate Subclass were required to work on-call or standby and/or subjected to the Rounding Time Policy as alleged above, Defendants were able to skim wages from employees for all of those workdays.  This resulted, on many occasions, in the nonpayment of wages for work performed at their regular rate of pay if they did not work more than 8 hours in a day and/or 40 hours in a week.  By the consistent use of these policies or practices, Plaintiffs and the members of the Regular Rate Subclass were deprived of thousands of dollars of wages in violation of Labor Code § 218.

41.   Plaintiffs are informed and believe and based thereupon allege that the result of these uniform policies and practices caused damages in the nonpayment of regular wages to themselves and the proposed Regular Rate Subclass in an amount according to proof.

42.   Plaintiffs are informed and believe that the nonpayment of these wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

43.   Plaintiffs are informed and believe that the underpayment of wages by Defendants also entitle Plaintiffs to attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**(Violation of Labor Code §§ 510 and 1194 for Failure to pay Overtime Wages)**
**(Brought by Plaintiffs, on behalf of themselves, and the Overtime Subclass Against Defendants)**

44.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

45.     Plaintiffs seek to represent the Overtime Subclass as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth above.  Because the practices alleged herein are uniform, systematic and continuous and affect the Overtime Subclass in a legally identical way, Plaintiffs, at the appropriate time, will move to certify the Overtime Subclass to the extent permitted by CCP § 382.

46.     Plaintiffs and the members of the Overtime Subclass were at all times subject to state laws and regulations protecting the employees' entitlement to be paid, and presumption to be paid, overtime wages for requisite hours worked beyond a normal work day or a normal workweek, as specified, without limitation, by Labor Code §§ 510, 1194, and applicable IWC Wages Order(s) and California Code of Regulations.

47.     Plaintiffs allege that California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day.  Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.  This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

48.     Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

49.     Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the IWC Wage Order(s).

50.     Plaintiffs and the members of the Overtime Subclass were and are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.  Plaintiffs, and each of the members of the Overtime Subclass, were regularly required to work overtime during the Proposed Class Period, but were denied payment of overtime or premium wages.

51.     Throughout the Proposed Class Period, Plaintiffs and the members of the Overtime Subclass worked in excess of 8 hours in a workday and/or 40 hours in a workweek.  Plaintiffs and

*FIRST AMENDED* **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

1  members of the Overtime Subclass, at times, also worked in excess of 12 hours in a workday and

2  seven consecutive days in a workweek.

3       52.    During the Proposed Class Period, Defendants failed and refused to pay Plaintiffs

4  overtime premium pay for their overtime hours worked.

5       53.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

6  herein, Plaintiffs and the members of the Overtime Subclass have sustained damages, including

7  loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be

8  established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and

9  other applicable law.

10  **THIRD CAUSE OF ACTION**
**(Violation of Labor Code §§ 510 and 1194 for Failure to pay the Correct Overtime Rate of Pay)**
11  
12  **(Brought by Plaintiffs, on Behalf of Themselves, and the Double-Time Subclass Against Defendants)**

13       54.    Plaintiffs incorporate by reference and reallege each and every one of the

14  allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth

15  herein.

16       55.    Plaintiffs seek to represent the Double-Time Subclass as a basis to enforce equal or

17  greater protections for wages owed that are offered by California labor laws and local regulations

18  as set forth above.  Because the practices alleged herein are uniform, systematic and continuous

19  and affect the Double-Time Subclass in a legally identical way, Plaintiffs, at the appropriate time,

20  will move to certify the Double-Time Subclass to the extent permitted by CCP § 382.

21       56.    Plaintiffs and the members of the Double-Time Subclass were at all times subject

22  to state laws and regulations protecting the employees' entitlement to be paid, and presumption to

23  be paid, overtime wages at the correct overtime rate for requisite hours worked beyond a normal

24  workday or a normal workweek, as specified, without limitation, by Labor Code §§ 510, 1194,

25  applicable IWC Wages Order(s) and California Code of Regulations.

26       57.    Plaintiffs allege that California law requires employers, such as Defendants, to pay

27  twice the regular rate of pay to all nonexempt employees for all hours worked over 12 hours per

28  

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1   and/or hours worked in excess of 8 on the seventh consecutive day of work.  Labor Code § 204

2   establishes the fundamental right of all employees in the State of California to be paid wages,

3   including straight time and overtime, in a timely fashion for their work.  This precludes any waiver

4   for unpaid due and owing wages that remain unpaid at the time of separation.

5       58.    Labor Code § 510(a) states in pertinent part: "Any work in excess of 12 hours in

6   one day shall be compensated at the rate of no less than twice the regular rate of pay for an

7   employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall

8   be compensated at the rate of no less than twice the regular rate of pay of an employee."

9       59.    Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than

10  the hours set by the IWC or under conditions prohibited by the IWC Wage Order(s).

11      60.    Throughout the Proposed Class Period, Plaintiffs and the members of the Double-

12  Time Subclass worked in excess of 12 hours in a workday and in excess of 8 hours on the seventh

13  consecutive day of work, but were either not paid double-time or not paid at the correct overtime

14  rate.

15      61.    During the Proposed Class Period, Defendants failed and refused to pay Plaintiffs

16  the correct overtime premium pay for their overtime hours worked.

17      62.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

18  herein, Plaintiffs and the members of the Double-Time Subclass have sustained damages,

19  including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to

20  be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and

21  other applicable law.

22

### FOURTH CAUSE OF ACTION
**(Violation of Labor Code §§ 226.7, 512 and Applicable IWC Wage Order(s) for Denial of Required Meal-and-Rest Periods)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Meal Break Subclass and Rest Break Subclass Against Defendants)**

23      63.    Plaintiffs incorporate by reference and reallege each and every one of the

24  allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth

25  herein.

26

27

28

Page 21

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

64.     Labor Code § 226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the [IWC]."

65.     Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

66.     Labor Code § 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

67.     Labor Code § 516 provides that the IWC may adopt or amend working conditions with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

68.     Section 11(A) of the applicable IWC Wage Order(s) provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

69.     Section 11(B) of the applicable IWC Wage Order(s) provide that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

70.     Defendants' uniform meal break policy failed to provide members of the Meal Break Subclass with at least 30-minute uninterrupted meal breaks no later than the fifth hour of work.  In addition, members of the Meal Break Subclass were not provided with meal breaks before the tenth hour of work as required by California law.  Moreover, members of the Meal Break Subclass were denied uninterrupted meal breaks of at least 30 minutes because supervisors did not schedule meal breaks in accordance with California law; nor were members of the Meal Break Subclass provided with a second uninterrupted meal break of at least 30 minutes for daily shifts in excess of 10 hours.

71.     The members of the Meal Break Subclass did not waive their meal periods, by mutual consent with Defendants or otherwise.

72.     The members of the Meal Break Subclass did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

73.     Similarly, Plaintiffs and members of the Rest Period Subclass were and are entitled to duty-free, uninterrupted 10 minute rest periods for every four hours worked (or every major fraction thereof) or be paid for one hour of premium wage at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

74.     During the Proposed Class Period, Defendants' uniform rest break policy did authorize and permit sufficiently numerous rest breaks each workday of at least 10 minutes.

75.     Defendants failed to comply with their required meal-and-rest period obligations established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable IWC Wage Order(s).

76.     Defendants'· policies failed to provide the members of the Meal Break Subclass with legally required meal periods and as such denied, impeded, discouraged and/or dissuaded the members of the Meal Break Subclass from taking legally mandated meal periods.  Defendants' policies also failed to provide, authorize or permit members of the Rest Break Subclass to take

Page 23

1  compliant rest periods, nor did it pay a premium wage for missed, short, late or interrupted rest

2  periods.

3      77.    Further, Defendants knew or should have known that the members of the Meal-

4  and-Rest Break Subclasses were denied required meal periods and rest periods because Defendants

5  created and enforced the policies and had no good-faith belief to conclude that they were in

6  compliance with California law.  In addition, Defendants did not take steps to address the situation.

7      78.    Therefore, the members of the Meal-and-Rest Break Subclasses were effectively

8  denied their legally requisite meal-and-rest periods.

9      79.    Pursuant to Section 11(B) and Section 12 of the applicable IWC Wage Order(s)

10  and Labor Code § 226.7(b), which states "if an employer fails to provide an employee a meal or

11  rest period in accordance with an applicable order of the [IWC], the employer shall pay the

12  employee one additional hour of pay at the employee's regular rate of compensation for each work

13  day that the meal or rest period is not provided," the members of the Meal-and-Rest Break

14  Subclasses are entitled to damages in an amount equal to an additional hour of pay at each

15  employee's regular rate of compensation for each workday that the meal period and/or rest period

16  was not provided, in a sum to be proven at trial.

17      80.    Pursuant to Labor Code § 218.6 and CC § 3287, the members of the Meal-and-

18  Rest Break Subclasses seek recovery of prejudgment interest on all amounts recovered herein.

19

20      81.    Plaintiffs limit the recovery of premium wages to one hour of pay per day for any

21  missed, short, late or uninterrupted meal period and to one hour of pay for each employee at their

22  respective regular rate of pay for any missed, short, late or interrupted rest period, as demonstrated

23  by the DLSE Policy Manual guidelines, for a maximum recovery of two premium wages payments

24  per employee per day.

25  ///

26  ///

27  ///

28  ///

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION,
PENALTIES AND INJUNCTIVE RELIEF

**FIFTH CAUSE OF ACTION**
**(Violation of Labor Code §§ 201-203 for Failure to Timely pay all Wages due Upon Termination of Employment)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Waiting Time Subclass Against all Defendants)**

82.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

83.     Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

84.     All members of the Waiting Time Subclass who ceased employment with Defendants are entitled to unpaid compensation, but to date, have not received such compensation. More than 30 days have passed since members of the Waiting Time Subclass have left Defendants' employ.

85.     As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the members of the Waiting Time Subclass whose employment ended within three years of the Proposed Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**(Violation of Labor Code §§ 226, 1174, 1174.5, and Applicable IWC Wage Order(s) for Failure to Provide Accurate Itemized Wage Statements)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the Wage Statement Subclass Against all Defendants)**

86.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

87.     Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all

Page 25

applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

88.     Therefore, pursuant to Labor Code § 226, California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Subclass, including but not limited to, beginning and ending of each work period, all deductions, meals periods, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

89.     As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not furnish each of the members of the Wage Statement Subclass with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

90.     As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not maintain accurate records pertaining to all deductions made and the total hours worked by the members of the Wage Statement Subclass including, but not limited to, meal periods and the total daily hours worked.

91.     Pursuant to Labor Code § 226(e), Plaintiffs and the members of the Wage Statement Subclass are entitled to penalties as follows:

        a.     Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

        b.     One hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

        c.     Pursuant to Labor Code § 226(g), the members of the Wage Statement Subclass are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

92.     Pursuant to Labor Code § 226(g), Plaintiffs and the members of the Wage

Page 26

***FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

1   Statement Subclass are entitled to an award of costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Violation of the UCL)**
**(Brought by Plaintiffs, on Behalf of Themselves, and Members of the UCL Subclass Against all Defendants)**

93.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.  Plaintiffs also bring this action for the benefit of the public, who are entitled to restitution of funds being improperly withheld by Defendants.

94.   During the Proposed Class Period, Defendants have engaged in unlawful, deceptive and unfair business practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of this FAC, thereby depriving Plaintiffs, members of the UCL Subclass, and the general public of the minimum working standards and conditions due to them under the California labor laws and the applicable IWC Wage Order(s) as specifically described herein.

95.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding and foregoing paragraphs, specifically, by forfeiting/deducting vested wages from employees' earnings and requiring employees to perform the labor services complained of herein without the proper compensation.

96.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

97.   Plaintiffs, on behalf of the general public, seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

98.   Plaintiffs, on behalf of the general public, seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

///

**EIGHTH CAUSE OF ACTION**

**Page 27**

**(Violation of the PAGA)**
**(Plaintiffs, as Representatives of the General Public, on Behalf of all Aggrieved Employees, and Against all Defendants)**

99. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

100. Plaintiffs, by virtue of his employment with Defendants and Defendants' violations of the Labor Code as alleged herein, are aggrieved employees with standing to bring an action under the PAGA. Plaintiffs, by virtue of Exhibit 1 attached hereto, have satisfied all prerequisites to serve as representatives of the general public to enforce California's labor laws, including, without limitation, the penalty provisions identified in Labor Code § 2699.5. Since the LWDA took no steps within the time period required to intervene and because Defendants took no corrective action to remedy the allegations set forth above, Plaintiffs, as representatives of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the DLSE. This includes each of the following, as is set forth in Labor Code §2699.5, which states:

> The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774,

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

101. Plaintiffs are informed and believe that Defendants have violated and continue to violate provisions of the Labor Code and applicable Wage Orders related to the failure to provide accurate itemized wage statements. Despite mailing of Exhibit 1 at least 33-days prior to the filing of this FAC, no state agency has acknowledged, accepted or advised Plaintiffs of its intent to investigate the Labor Code violations alleged in the this FAC, such that, by operation of law, Plaintiffs are entitled to commence this cause of action in the California Superior Court and as a representative action under the PAGA.

102. Plaintiffs, as a personal representative of the general public, will and do seek to recover any and all penalties for each and every violation shown to exist or to have occurred during the Proposed Class Period, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions. Said funds recovered will be distributed in accordance with the PAGA, with at least 75% of said PAGA penalty recovery being reimbursed to the State of California and the LWDA.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and all others similarly situated, pray for relief as follows:

1. For an Order certifying the proposed Plaintiff Class and Subclasses herein pursuant to CCP § 382, appointing SALI and SPRIGGS as Class Representatives of all others similarly situated, and appointing the law firm representing SALI and SPRIGGS as Class Counsel for the members of the Plaintiff Class and Subclasses;

2. For damages, as set forth in Labor Code § 1194(a) and the applicable IWC Wage Order(s) regarding wages due and owing, according to proof;

3. For damages, as set forth in Labor Code § 226.7 and the IWC Wage Order(s) regarding wages due and owing, according to proof;

Page 29

*FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF*

4.   A declaratory judgment that the practices complained of herein are unlawful under California law, applicable IWC Wage Order(s) and regulations;

5.   Appropriate equitable relief to remedy Defendants' violations of California law including, but not necessarily limited to, an order enjoining Defendants from continuing its unlawful practices;

6.   All appropriate state statutory penalties;

7.   An award of compensatory damages to the extent available, and restitution to be paid by Defendants according to proof;

8.   Unpaid overtime premium compensation as provided by California law for overtime hours worked;

9.   Compensation at the rate of one hour of regular pay for each instance in which a member of the Rest Break Subclass worked through a rest break or was denied a proper rest break for every four hours worked (or major fraction thereof);

10.  Compensation at the rate of one hour of regular pay for each instance in which a member of the Meal Break Subclass worked through a meal period or was denied a proper meal period;

11.  Labor Code § 203 Waiting Time Penalties;

12.  Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3;

13.  For an order that Defendants make restitution to Plaintiffs and the UCL Subclass due to its unlawful business practices, including unlawfully-collected compensation pursuant to B&PC §§ 17203 and 17204;

14.  Pre-and-post judgment interest, as provided by law;

15.  Such other equitable relief as this Court may deem just and proper;

16.  For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Plaintiff Class and Subclasses who are owed monies by Defendants;

Page 30

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

17.   For an Order requiring Defendants to identify each of the members of the Plaintiff Class and Subclasses by name, home address, and home telephone number;

18.   For an Order requiring Defendants to make full restitution and payment pursuant to Labor Code §§ 200, *et seq.*, 500, *et seq.* and 1194;

   a.   For the creation of an administrative process wherein each injured member of the Plaintiff Class and Subclasses may submit a claim in order to receive his/her money;

   b.   For all other appropriate declaratory and equitable relief;

   c.   For interest to the extent permitted by law;

   d.   For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and any other applicable provision of law;

19.   For attorneys' fees and costs of suit, including expert fees and fees pursuant to Labor Code §§ 218.5, 226, 1194, CCP § 1021.5, and other applicable state laws; and

20.   For penalties as provided, per violation, under the PAGA, Labor Code §§ 2699, *et seq.*, and as provided by Labor Code § 558, and distributed in accordance with the PAGA.

///
///
///
///
///
///
///

*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

## IX.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a state and/or federal constitutional right to jury trial.

Dated: September 23, 2013

Respectfully submitted,

BISNAR|CHASE LLP

By:

Brian D. Chase, Esq.
Jerusalem F. Beligan, Esq.
Attorneys for Plaintiffs and Proposed Classes

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

# EXHIBIT 1



**BISNAR|CHASE**
PERSONAL INJURY ATTORNEYS LLP

August 22, 2013

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## LABOR CODE § 2699.3

**To:** The California Labor and Workforce Development Agency ("LWDA"), Universal Health Services, Inc. ("UHS"), Universal Health Services Foundation ("UHSF"), Universal Health Services of Rancho Springs, Inc. ("UHSRS"), Universal Health Services of Palmdale, Inc. ("UHSP"), Corona Regional Medical Center ("Corona"), Inland Valley Medical Center ("Inland Valley"), Rancho Springs Medical Center ("Rancho Springs"), Palmdale Regional Medical Center ("Palmdale"), and Temecula Valley Hospital ("Temecula") (collectively "Respondents")

**From:** Marilyn Sali and Deborah Spriggs ("Claimants"), on behalf of themselves, the general public and on behalf of all other similarly situated current and/or former aggrieved Registered Nurses ("RNs") of Respondents who were not paid for all regular and overtime hours worked, not paid overtime at the correct rate of pay, not paid premium wages for non-compliant meal-and-rest breaks, and not provided with accurate itemized wage statements in violation of Labor Code ("LC") §§ 201-203, 218, 226, 226.7, 510, 512, 558, 1194, 1198, and applicable Industrial Welfare Commission ("IWC") Wage Order(s) and California regulations

**Factual Statement:**

Claimants, on behalf of themselves, the general public and similarly situated California-based current and former non-exempt employees of Respondents (the "Aggrieved Employees"), hereby give notice of their intent to bring a cause of action for violation of the Private Attorneys General Act of 2004 ("PAGA") for Respondents' failure to comply with California's minimum wage-and-hour requirements. During the relevant time period, Respondents knew or should have known that the Aggrieved Employees were not paid for all regular and overtime hours worked, not paid double time for hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on the seventh consecutive day of work, not provided with compliant meal-and-rest periods, not provided with accurate pay records, and not timely paid termination pay. As a consequence, Respondents violated LC §§ 201-203, 218, 226, 226.7, 510, 512, 1174, 1194, 1198, and applicable IWC Wage Order(s) and California regulations.

Respondents have and continue to provide knowingly inaccurate and untimely itemized pay stubs in violation of LC § 226(a). Claimants are informed and believe that such violations are ongoing, systematic and continuous. Claimants intend to bring an action against Respondents under the PAGA to recover wages and penalties as provided by California law.[1]

---

[1] Without limitation, Claimant, if permitted, will seek any and all penalties otherwise capable of being collected by the LWDA. This includes, each of the following, as is set forth in LC§ 2699.5, which states:

**Theories of Labor Code Violations and Remedies:**

Claimants are former RNs of Respondents.  Each RN of Respondents, while having varied job titles throughout California, were and are, at all times, entitled to overtime, required meal-and-rest breaks, and accurate wage statements.

Respondents, for a period of at least four years prior to the date of this Notice, unlawfully failed to pay the Aggrieved Employees regular and overtime wages, but yet regularly required said employees to work in excess of 8 to 12 hours per day and/or 40 hours per week without regular and premium pay under LC § 1194 and at the incorrect overtime rate of pay.

Claimants, and the Aggrieved Employees, were at all times also entitled to uninterrupted meal periods of at least 30-minutes before their fifth hour of work or compensation in lieu thereof.  Respondents failed to provide compliant meal periods to the Aggrieved Employees by not providing uninterrupted meal periods before their fifth hour of work.  Therefore, the Aggrieved Employees are entitled to recover wages and/or penalties as provided by LC § 558 and the applicable IWC Wage Order(s).  Furthermore, since Respondents failed to provide Claimants and others similarly situated with compliant meal periods in violation of LC § 226.7(a), the Aggrieved Employees seek wages of one additional hour of pay as permitted by LC § 226.7(b) as well as all available penalties as set forth in LC § 2699(f.)

Claimants, and the Aggrieved Employees, were also, at all times, entitled to rest breaks as authorized and permitted by the applicable IWC Wage Order(s).  Respondents failed to authorize or permit sufficiently numerous rest breaks for Claimants and all others similarly situated as required by LC §§ 226.7, 512, and the applicable Wage Order(s).  Therefore, Claimants are entitled to recover wages and/or penalties as provided by LC § 558 and the applicable IWC Wage Order(s).  Furthermore, since Respondents did not permit or authorize sufficiently

---

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (e) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (c) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

numerous rest breaks in violation of LC § 226.7(a), the Aggrieved Employees seek wages of one additional hour of pay as permitted by LC § 226.7(b) as well as all available penalties as set forth in LC § 2699(f.)

Respondents' uniform failure to pay regular and overtime wages, pay overtime wages at the correct rate of pay, and permit authorized meal-and-rest periods to Claimants, and all other similarly situated, were done with a systematic and uniform policy to avoid the payment of wages as required by California law. Respondents' failure to pay such compensation violated LC §§ 204 and 204(b), such that penalties are recoverable as set forth in LC § 210.

Claimants, and the Aggrieved Employees, are entitled to recover unpaid wages, with interest, and are entitled to an award of attorney's fees as permitted by LC § 218.5, 226, 1194, 1021.5, and other penalties, as permitted by LC §§ 2699, *et seq.*, 210, and waiting time penalties for former employees, pursuant to LC § 203.

If, within the next 33-days, the LWDA or the DLSE does not investigate and Respondents do not make any effort to resolve the claims outlined by Claimants, our office will require disclosure and notice of any settlements for unpaid wages or derivative claims with the Aggrieved Employees in order to determine the recovery of our attorney's fees in relation to such settlements as permitted in California under *Graham v. Diamler-Chrysler Corp.*, 34 Cal.4th 553 (2004) (allowing for catalyst attorney's fees). Please be advised that any such settlements with the California-based employees after the date of this Notice may result in an award of catalyst fees to our office. Please understand that this letter is required to protect the interests of the Aggrieved Employees in light of *Chindarah v. Pic-Up Stix, Inc.*, 171 Cal.App.4th 796, 801–803 (2009).

Thank you for your attention to this matter. We look forward to your response.

Respectfully submitted,

Jerusalem F. Beligan, Esq.
Attorney at Law

<u>**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**</u>

**Secretary**
**California Labor and Workforce Development Agency**
801 K Street, Suite 2101
Sacramento, CA 95814

**Corona Regional Medical Center**
800 S. Main Street
Corona, CA 92882

**Universal Health Services Foundation**
CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

**Universal Health Services of Rancho Springs, Inc.**
CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

**Universal Health Services of Palmdale, Inc.**
CT Corporation System
818 W. Seventh St.
Los Angeles, CA 90017

**Inland Valley Medical Center**
36485 Inland Valley Drive
Wildomar, CA 92595

**Rancho Springs Medical Center**
25500 Medical Center Drive
Murrieta, CA 92562

**Palmdale Regional Medical Center**
38600 Medical Center Drive
Palmdale, CA 93551

**Temecula Valley Hospital**
31700 Temecula Parkway
Temecula, CA 92592

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500 | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>NEUTRAL SELECTION AND PARTY LIST**<br><br>☐Arbitration ☐Mediation ☐Neutral Evaluation | CASE NUMBER: |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION, AND FILE IT WITH THE COURT.)**

## ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel. For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding. In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate. The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
NEUTRAL SELECTION AND PARTY LIST**

| Short Title: | Case Number: |
|---|---|
| | |

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____ 2._____ 3._____ 4._____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

---

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers.   Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

# EXHIBIT M

 **CT Corporation**

**Service of Process Transmittal**
04/21/2014
CT Log Number 524811733

**TO:**   Molly Farrel
Universal Health Services, Inc.
3801 South Capital of Texas Higway, #275
Austin, TX 78704

**RE:**   **Process Served in California**

**FOR:**   UHS of Delaware, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marlyn Sali and Deborah Spriggs, etc., Pltfs. vs. Universal Health Services of Rancho Springs, Inc., et al. including UHS of Delaware, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Amended Complaint, Summons, First Amended Class Action Complaint, Exhibit(s), Stipulation, List |
| **COURT/AGENCY:** | Riverside County - Superior Court - Riverside, CA<br>Case # RIC1309837 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay proper wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/21/2014 at 15:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jerusalem F. Beligan<br>Bisnar\|Chase LLP<br>1301 Dove Street<br>Suite 120<br>Newport Beach, CA 92660<br>949-752-2999 |
| **REMARKS:** | Documents have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/22/2014, Expected Purge Date: 04/27/2014<br>Image SOP<br>Email Notification, Caitlin Larkin Caitlin.larkin@uhsinc.com<br>Email Notification, Matthew Klein matthew.klein@uhsinc.com<br>Email Notification, Holly Lagler Holly.Lagler@uhsinc.com<br>Email Notification, Carolyn Clark Carolyn.Clark@UHSinc.com<br>Email Notification, Molly Farrel molly.farrel@uhsinc.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / BB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others situated and the general public | UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC., (see Attachment A for Additional Defendants) |

| (b) County of Residence of First Listed Plaintiff Riverside | County of Residence of First Listed Defendant  Riverside |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| Brian D. Chase (164109); Jerusalem F. Beligan (211258) Bisnar Chase LLP 1301 Dove Street, Suite 120 Newport Beach, CA 92660 (949) 752-2999 | Stacey J. James (185651); Christina H. Hayes (267153) Littler Mendelson, P.C. 501 W. Broadway, Suite 900 San Diego, CA 92101-3577 (619) 232-0441 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ n/a

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Alleged wage and hour violations under California Labor Code (see First Amended Complaint)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. | |

FOR OFFICE USE ONLY:   Case Number:   EDCV14-00985   VAP   JPRx

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

MAY 16 2014

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes  ☐ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☒ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above ➡ | Eastern |

CV-71 (11/13)                    CIVIL COVER SHEET                    Page 2 of 3

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

IX(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

IX(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ NO ☒ YES

If yes, list case number(s): Case No. 13-CV-07884 PA (AGRx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT): _____ DATE: 5/15/14

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |



American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

Additional Defendants:

UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; UHS OF DELAWARE, INC.