BRIAN D. CHASE, Bar No. 164109
bchase@bisnarchase.com
JERUSALEM F. BELIGAN, Bar No. 211258
jbeligan@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone:   (949) 752-2999
Facsimile:   (949) 752-2777

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiffs and Proposed Classes

STACEY E. JAMES, Bar No. 185651
sjames@littler.com
KHATEREH S. FAHIMI, Bar No. 252152
sfahimi@littler.com
CHRISTINA H. HAYES, Bar No. 267153
chayes@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
Telephone:  619.232.0441
Facsimile:   619.232.4302

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; CORONA REGIONAL MEDICAL CENTER; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; UHS OF DELAWARE, INC.; and DOES 2 to 100, inclusive,<br><br>Defendants. | Case No. 14-CV-00985 PSG (JPRx)<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION RE DISCLOSURE OF CONTACT INFORMATION, STIPULATED PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

Plaintiffs Marlyn Sali And Deborah Spriggs (Collectively "Plaintiffs") and Defendants Universal Health Services of Rancho Springs, Inc.; Universal Health Services of Palmdale, Inc.; Corona Regional Medical Center; Inland Valley Medical Center; Rancho Springs Medical Center; Palmdale Regional Medical Center; Temecula Valley Hospital; and UHS of Delaware, Inc. (collectively "Defendants"), by and through their respective counsel of record, hereby stipulate and agree to the following:

### Good Cause Statement

1.      Plaintiffs' allegations may require disclosure of private or confidential information regarding Defendants' purported current and/or former employees, trade secret and/or confidential business information involving Defendants' business policies and practices that may cause harm to Defendants if made available or accessible publicly or to Defendants' competitors. Good cause therefore exists for the issuance of this protective order which will allow the parties to engage in discovery in the above-captioned lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practical during the litigation.

### Definitions And Designation

2.      Confidential Information. "Confidential Information" is any Disclosure or Discovery Material which the designating Party considers proprietary and confidential. Such documents may include, but are not limited to, business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), surveillance videos, store maps, manuals, written policies and procedures, training materials, criminal background check reports, drug test results, and/or inspection or accident reports. This Stipulated Protective Order is intended to cover, and apply to, not only any and all documents produced in this litigation that are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

designated "Confidential," and any information contained in those documents, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

3. Attorneys' Eyes Only Information. "Attorneys' Eyes Only Information" is defined herein as confidential information which constitutes, discloses, reveals, describes or discusses, in whole or in part, trade secrets, information about any Party's net worth, financial statements or budgets, and at Defendants' election, contact information of any current and former employee of Defendants, except for Plaintiffs Marlyn Sali and Deborah Spriggs.

4. Stamping "Confidential" or "Attorneys' Eyes Only Information" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the designating party.  Marking or stamping "Confidential Information" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information.

5. Any party that designates material as Confidential Information or Attorneys' Eyes Only Information must take care to limit any such designation to specific material that qualifies under the appropriate standards and, where appropriate, must designate as Confidential Information or Attorneys' Eyes Only Information only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably designated as Confidential Information or Attorneys' Eyes Only Information.  Mass, indiscriminate, or routine designations of material as Confidential Information or Attorneys' Eyes Only Information are prohibited, and designations that are shown to be clearly unjustified or that have been made for an improper purpose (i.e., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the party making such designations to sanctions.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

3.

## **Access to Confidential Information and Attorneys' Eyes Only Information**

6.      Confidential Information produced or received in this action subject to this protective order shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: the Designating Party, its Counsel and its personnel the Court, including assigned judges, their staff, jurors and other court personnel; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and Defendants' in-house attorneys. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

a.      Current or former employees of Defendants who may serve as witnesses, but only to the extent that the Confidential Information is directly related to their expected testimony;

b.      Plaintiffs Marlyn Sali and Deborah Spriggs and any other named plaintiff that may be added to the litigation;

c.      Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

d.      court reporters and videographers recording or transcribing testimony in this action;

e.      Retained experts who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

f.      Mediators used to try to resolve the action;

g.      Any other person with the prior written consent of the designating party.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

4.

7.     In the absence of written permission from a Designating Party or an order of the Court, any Attorneys' Eyes Only Information produced in this section subject to this protective order shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than:  (a) Designating Party, its Counsel and its personnel; (b) Counsel for the Receiving Party and their personnel; (c) certified court reporters taking testimony involving such Confidential or Attorneys' Eyes Only Information and their support personnel; (d) Independent Experts (and their support personnel) who are engaged for the purpose of this action by the Party or Counsel receiving the information; (e) the individual or individuals who authored, prepared, or lawfully received the information; (f) professional vendors that provide litigation support services, and their personnel and subcontractors; (g) the Court, including assigned judges, their staff, jurors and other court personnel; and (h) any other person with the prior written consent of the designating party.  However, as set forth above, this designation pursuant to this section is expressly intended to comply with Rule 1-500(A) of the California Rules of Professional Conduct, in that it does not restrict either Party's counsel from "the practice of law," including without limitation, providing legal advice or representation to putative class members who seek such advice and/or representation from them regarding any matter.

8.     Prior to reviewing any Confidential Information or Attorneys' Eyes Only Information, any person who falls within a category identified in Paragraph 6(a)-(g) and 7(b)-(f) and (h) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment "A".

9.     The parties shall retain copies of any executed non-disclosure agreements until the end of the action.  In the event of a possible violation of this protective order while this action is pending, a party may request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

1  agreements are confidential and are not subject to any discovery request while the
2  action is pending.  No more than sixty (60) calendar days after the end of litigation in
3  the action, the party who received the Confidential Information or Attorneys' Eyes
4  Only Information shall provide copies of all executed non-disclosure agreements to
5  the party who produced the Confidential Information or Attorneys' Eyes Only
6  Information.

7       10.   The action is at an end when all of the following that are applicable
8  occur:  (a) a final judgment has been entered by the Court or the case has otherwise
9  been dismissed with prejudice; (b) the time for any objection to or request for
10  reconsideration of such a judgment or dismissal has expired; (c) all available appeals
11  have concluded or the time for such appeals has expired; and (d) any post appeal
12  proceedings have concluded.

13       **Use of Confidential Information and Attorneys' Eyes Only Information**

14       11.   Confidential Information or Attorneys' Eyes Only Information shall be
15  used solely and exclusively for preparing for, attempting to settle, and prosecuting this
16  case pending the completion of the judicial process, including appeal.  Confidential
17  Information or Attorneys' Eyes Only Information cannot be used for any other
18  purpose in any other matter or proceeding for any reason whatsoever.  However, this
19  Stipulation and Protective Order is expressly intended to comply with Rule 1-500(A)
20  of the California Rules of Professional Conduct.

21       12.   Nothing in this protective order shall restrict any party's counsel from
22  giving advice to its client with respect to this action and, in the course thereof, relying
23  upon Confidential Information and, provided that in giving such advice, counsel shall
24  not disclose the other party's Confidential Information or Attorneys' Eyes Only
25  Information other than in a manner expressly provided for in this protective order.

26       13.   Testimony taken at a deposition that involves Confidential Information or
27  Attorneys' Eyes Only Information must be designated as "Confidential" or as
28  "Attorneys' Eyes Only Information" by making a statement to that effect on the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

6.

1   record at the deposition, identifying the specific testimony or items claimed to be

2   Confidential Information or Attorneys' Eyes Only Information.  Arrangements shall

3   be made with the deposition reporter taking and transcribing information designated

4   as Confidential to bind separately such portions of the deposition transcript and/or to

5   label such portions appropriately.   If any portions of the deposition transcript and/or

6   video or audio versions of the depositions contain Confidential Information or

7   Attorneys' Eyes Only Information, or references thereto, they must be filed with the

8   Court in compliance with this protective order.

9        14.   A copy of the protective order shall be attached as an exhibit to the

10   deposition transcript and the court reporter shall be subject to the protective order and

11   precluded from providing the original or copies of the deposition transcript or portions

12   thereof, any copies thereof, or portions of copies thereof, to any persons or entities

13   other than counsel of record in the action.  Any audiotape and/or videotape of said

14   deposition shall also be subject to this protective order.  The deposition videographer

15   shall be subject to this protective order and precluded from providing the original

16   deposition videotape or portions of the videotape to any persons or entities other than

17   counsel of record.  Any audiotape shall also be subject to this protective order and all

18   persons shall be precluded from providing the original deposition audiotape or

19   portions of the audiotape, to any persons or entities other than counsel of record in the

20   action.

21        15.   Only individuals permitted access to Confidential Information or

22   Attorneys' Eyes Only Information shall attend any deposition where Confidential

23   Information or Attorneys' Eyes Only Information is used.  Individuals attending any

24   depositions using Confidential Information or Attorneys' Eyes Only Information shall

25   not disclose to any person any statements made by deponents at depositions that

26   reference Confidential Information or Attorneys' Eyes Only Information unless that

27   person is independently allowed access to the information.  Nothing in this protective

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

Firmwide:128843949.1 069080.1046

7.

1  order gives any individual the right to attend a deposition that they would not

2  otherwise be entitled to attend.

3  ## No Waiver and Challenges to Designation

4  16.    Whether or not any evidence or testimony is, in fact, designated as

5  "Confidential" shall not be conclusive of whether it is lawfully entitled to trade secret

6  or other confidentiality protections, and the failure to make such a designation shall

7  not constitute a waiver of any such protections.

8  17.    By entering into this protective order, the parties do not waive any right

9  to challenge whether any material designated or not designated as Confidential

10  Information or Attorneys' Eyes Only Information is properly designated or not

11  designated as such, and do not waive the right to challenge at any hearing, trial or

12  other proceeding whether such information is, in fact, confidential or private.  Except

13  for good cause, a party who wishes to challenge the designation of any document as

14  Confidential or Attorneys' Eyes Only must notify the designating party no more than

15  30 days after service  of the disputed document on the receiving party.

16  18.    The burden of persuasion in any proceeding challenging the designation

17  of any material as Confidential Information or Attorneys' Eyes Only Information shall

18  be on the party making the designation.  Frivolous challenges and those made for an

19  improper purpose (i.e., to harass or impose unnecessary expenses and burdens on

20  other parties) may expose the party making the challenge to sanctions.  In the event of

21  a challenge to the designation of material as Confidential Information or Attorneys'

22  Eyes Only Information, all parties shall continue to treat the challenged materials as

23  Confidential Information or Attorneys' Eyes Only Information until the court rules on

24  the challenge.

25  ## Filing Under Seal And Handling At Hearings And Trial

26  19.    With regard to any Confidential Information or Attorneys' Eyes Only

27  Information to be filed with the Court, any party seeking to file such documents shall

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

8.

1  apply to do so under seal, in accordance with Central District Local Rule 79-5 and
2  Judge Rosenbluth's practices and procedures, available on the Court's website.

3        20.    Should the need arise to offer testimony at a hearing or trial to present
4  evidence marked as Confidential or Attorneys' Eyes Only Information that cannot be
5  addressed through sealing the evidence, the parties will work in good faith to reach an
6  agreement to use a redacted version of the evidence.   If they cannot reach an
7  agreement, then the designating party will be allowed an opportunity to seek an
8  appropriate court order to appropriately restrict what Confidential Information or
9  Attorneys' Eyes Only Information becomes public.   Nothing shall prejudice any
10 parties' rights to object to the introduction of any Confidential Information or
11 Attorneys' Eyes Only Information into evidence, on grounds, including, but not
12 limited to, relevance and privilege.

13                    **Inadvertent Failure To Designate**

14       21.    If, through inadvertence, any party produces or offers as testimony any
15 Confidential Information without labeling it or otherwise designating it as such, the
16 producing party may, at any time, give written notice designating such information as
17 Confidential Information or Attorneys' Eyes Only Information.

18                         **Clawback Provisions**

19       22.    The parties also wish to protect certain privileged and work product
20 documents, information, and electronically stored information against claims of
21 waiver in the event they are produced during the course of this litigation, whether
22 pursuant to a Court order, a discovery request or informal production.

23       23.    The inadvertent production of any document in this action shall be
24 without prejudice to any claim that such material is protected by any legally
25 cognizable privilege or evidentiary protection including, but not limited to, the
26 attorney-client privilege and/or the work product doctrine, and no party shall be held
27 to have waived any rights by such inadvertent production.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

9.

Firmwide:128843949.1 069080.1046

24.    If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected;  (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other identifying information; and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible.  The steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party.  The producing party shall preserve all document(s) returned under this paragraph until it confirms that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the privilege issue is resolved.  Notwithstanding the provisions of this paragraph, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

25.    Upon written notice of an unintentional production by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return all hard and soft copies of the specified document(s). Where the document(s) have been transferred or stored electronically or are themselves privileged or attorney work product protected, the receiving party must delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.

26.    To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party must delete and/or render inaccessible those portions of the document that refer to the privileged and/or work product information.  If the receiving party disclosed the specified document(s) before

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

10.

Firmwide:128843949.1 069080.1046

being notified of its inadvertent production, it must take reasonable steps to retrieve the document(s).

27.    The receiving party shall have seven (7) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

28.    The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error.

29.    The parties shall meet and confer within seven (7) days from the receipt of the objection notice in an effort to resolve the situation by agreement.  If an agreement is not reached, the producing party may file an appropriate motion and, as part of that motion, may request to submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection except where such a submission would violate existing law.  Any party may request expedited treatment of any request for the Court's determination of the claim.  Any motion made pursuant to this paragraph must comply with Local Rule 37.

## **Termination of Case**

30.    The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

11.

Firmwide:128843949.1 069080.1046

31.     Within sixty (60) business days of the termination or settlement of this action, each party must return, make available for pick-up, or destroy Confidential Information received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information or Attorneys' Eyes Only Information.  Where Confidential Information or Attorneys' Eyes Only Information has been transferred or stored electronically, the receiving party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.  Notwithstanding these provisions, that counsel of record for the parties may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and those copies of any part of the Confidential Information or Attorneys' Eyes Only Information that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions.  Such information shall remain subject to the terms of this protective order.

32.     Upon returning to the other side all Confidential Information and/or Attorneys' Eyes Only Information and/or deposition testimony or upon destroying such information, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information and Attorneys' Eyes Only Information in the form set forth in Attachment "B".

**Miscellaneous Provisions**

33.     The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

34.     In order to facilitate discovery and the production of documents during the time when this Protective Order is under review by the Court, the parties agree to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

be bound by paragraphs 2-15 of this stipulation without a Court Order.  If the parties are unable to secure a Protective Order from the Court, all documents marked as "confidential" or "attorney's eyes only" will be returned to the Designating party, pending further stipulation or Court Order as to the production of the "confidential" or "attorney's eyes only" documents.

35.    This protective order is subject to modification by stipulation of the parties.  However, no stipulated modification of the protective order will have the force or effect of a Court order without the Court's prior approval. The Court may modify the terms and conditions of this protective order for good cause, or in the interests of justice, or on its own order at any time in these proceedings.  The parties request that the Court provide them with notice of the Court's intent to modify the protective order and the content of those modifications, prior to incorporation of such modifications.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

13.

1  Dated:  October 21, 2014

2

3                                           /s/ Khatereh Sage Fahimi
                                           STACEY E. JAMES
4                                          KHATEREH SAGE FAHIMI
                                           CHRISTINA H. HAYES
5                                          LITTLER MENDELSON, P.C.
                                           Attorneys for Defendants
6                                          UNIVERSAL HEALTH SERVICES OF
                                           RANCHO SPRINGS, INC.;
7                                          UNIVERSAL HEALTH SERVICES OF
                                           PALMDALE, INC.; CORONA
8                                          REGIONAL MEDICAL CENTER;
                                           INLAND VALLEY MEDICAL
9                                          CENTER; RANCHO SPRINGS
                                           MEDICAL CENTER; PALMDALE
10                                         REGIONAL MEDICAL CENTER;
                                           TEMECULA VALLEY HOSPITAL; and
11                                         UHS OF DELAWARE, INC.

12  Dated:   October 13, 2014

13                                 By:  /s/ Jerusalem F. Beligan
                                       BRIAN D. CHASE
14                                     JERUSALEM F. BELIGAN
                                       Attorneys for Plaintiffs MARLYN
15                                     SALI and DEBORAH SPRIGGS

16

17                              **ORDER**

18          The Court, having reviewed the Parties' Joint Stipulation re Disclosure of

19  Contact Information and Stipulated Protective Order, and GOOD CAUSE

20  APPEARING THEREFOR, **HEREBY ORDERS** that the above Protective Order is

21  hereby entered and approved by the Court for use in the above-captioned case.

22  Dated:   October 27, 2014

23                                    _____
24                                         Hon. Jean P. Rosenbluth
                                      UNITED STATES MAGISTRATE JUDGE
25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

Firmwide:128843949.1 069080.1046

**ATTACHMENT A**

*Sali, et. al. v. Universal Health Services of Rancho Springs, Inc.*

Case No. 14-CV-00985 PSG (JPRx)

**Confidential Information and Attorneys' Eyes Only Information Non-Disclosure Agreement**

1.      I have had the opportunity to review the protective order in this action, and I agree (please initial all paragraphs that apply)

_____ I am being provided access to Confidential Information in this matter and I am one of the following: (a) a current or former employee of Defendants who has been asked to serve as a witness on an issue related to the Confidential Information that I am receiving or being shown; (b) a named Plaintiff to the action; (c) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (d) a court reporter or videographer recording or transcribing testimony in this action; (e) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (f) a mediator used to try to resolve the action; (g) an employee or subcontractor of a professional vendor that provides litigation support services; or (h) a person who the parties to the action have agreed in writing may receive Confidential Information.


_____ I am being provided  Attorneys' Eyes Only Information in this matter and I am one of the following:  (a) Counsel for the Receiving Party and their personnel; (b) a certified court reporter taking testimony involving such Attorneys' Eyes Only Information or their support personnel; (c) an Independent Expert (or their support personnel) who is engaged for the purpose of this action by the Party or

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

1  Counsel receiving the information; (d) the individual or individuals who authored, prepared, or lawfully received the information; (e) a professional vendor that provides litigation support services, or their personnel and subcontractors; or (f) a person with the prior written consent of the designating party.

2.    I agree not to disclose any of the Confidential Information or Attorneys' Eyes Only Information to any third person and further agree that my use of any Confidential Information or Attorneys' Eyes Only Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.  I further agree that on or before the termination or settlement of this action, I will return all Confidential Information or Attorneys' Eyes only Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

3.    By signing this Confidential Information and Attorneys' Eyes only Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated:   _____          _____
                                                              SIGNED

                                                    _____
                                                              PRINT NAME

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

1

## **ATTACHMENT B**

2

## *Sali, et. al. v. Universal Health Services of Rancho Springs, Inc.*

3

Case No. 14-CV-00985 PSG (JPRx)

4

5

## **Certificate of Surrender And Deletion of Confidential Information and Attorneys'**

6

## **Eyes Only Information**

7

The undersigned hereby represents that, pursuant to the protective order, all

8

Confidential Information and/or Attorneys' Eyes Only Information within the

9

possession, custody or control of the undersigned has been returned to the producing

10

party to the extent it could be returned either in hard or soft copy, or destroyed.  The

11

undersigned further represents that, pursuant to the protective order, and to the extent

12

Confidential Information and/or Attorneys' Eyes Only Information was transferred or

13

stored electronically, all electronic versions of the material and information have been

14

deleted from the devices on which they were stored or accessed or otherwise rendered

15

inaccessible.

16

17

Dated:  _____

18

_____
SIGNED

19

_____
PRINT NAME

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046