BRIAN D. CHASE, Esq. (SBN 164109)
bchase@bisnarchase.com
JERUSALEM F. BELIGAN, Esq. (SBN 211258)
jbeligan@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

Attorneys for Plaintiffs and Putative Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; UHS-CORONA, INC.; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; UHS OF DELAWARE, INC.; and DOES 2 to 100, inclusive,<br><br>Defendants. | CASE NO.: 14-cv-00985 PSG (JPRx)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JAVIER R. RUIZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (PART II)**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: June 1, 2015<br>Time: 1:30 p.m.<br>Crtrm: 880—Roybal |

I, Javier R. Ruiz, declare as follows:

1. I am a paralegal with the law firm of BISNAR|CHASE LLP and am a member of the firm's Class Action Litigation Department ("CALD"). My duties as part of CALD is, among other things, to interview putative class members regarding employer practices and damages, draft declarations in support of certification, review and analyze time and payroll records, and to

input such information into Excel Spreadsheets in order to determine the violation rate and damages.

2. My firm represents Plaintiffs Marlyn Sali and Deborah Spriggs ("Plaintiffs") and the putative class. I make this declaration (Part II) in support of Plaintiffs' Motion for Class Certification (the "Motion"). I have personal knowledge of the matters stated herein, and if called to testify about these facts, I could and would do so in a competent and truthful manner.

### Failure to pay all Wages due to Rounding Time Pay Practice

3. As the result of defendants' rounding time pay practice, Plaintiffs were not paid for all hours worked. Attached to my declaration as **Exhibit 3** is a true and correct copy of Plaintiff Spriggs' Timekeeper Report data analysis. The data also reveals that Ms. Spriggs was not paid all hours worked as result of the rounding time pay practice. Ms. Spriggs was owed an average of six minutes per shift on 78 shifts, totaling 8 hours and 52 minutes.

### Failure to pay Short Shift Penalties due to "Flexing"

4. In addition, Plaintiffs were not paid short-shift penalties for all hours they were "flexed" before completing their AWS shifts. Plaintiff Spriggs' Timekeeper Report (**Exhibit 3**) reveals Ms. Spriggs is also owed penalties for hours she was "flexed." Ms. Spriggs was "flexed" on 55 shifts and is owed a total of 193 hours in short-shift penalties.

### Plaintiffs Were Never Provided a Second Meal Break (Even When They Worked Over 12 Hours in a Shift)

5. In reviewing Plaintiffs' Timekeeper Reports, Plaintiff Spriggs' data reveals that she worked 12 hours or more on **98 out of 172 shifts—roughly 57% of her shifts**. On all the shifts they worked over 12 hours, **Plaintiffs were <u>never</u> provided a second meal period**.

6. The Timekeeper Reports also reveal Plaintiffs were not provided

Page 2
**DECLARATION OF JAVIER R. RUIZ ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (PART II)**

uninterrupted meal periods before 5 and 10 hours of work that were at least 30-minutes in length.

7. Plaintiff Spriggs' Timekeeper Report analysis (**Exhibit 3**) reveals that Plaintiff Spriggs had 8 missed-meal periods (no recorded meal breaks), 40 short-meal periods (less than 30 minutes), and 145 late-meal periods (taken pass five hours of work). The data reveals that Plaintiff Spriggs was taking meal periods an average of two hours and twelve minutes past the fifth hour of work. Ms. Spriggs on average was taking her first meal break after seven hours and twelve minutes after punching in the start of her shift.

8. Plaintiffs' Payment Detail Reports establish Plaintiffs were not paid premiums for all meal break violations. Attached to my declaration as **Exhibit 4** is a true and correct copy of Plaintiff Sali's Payment Detail Report. The data reveals that out of the hundreds of meal violations, **only 11 meal premiums were paid by defendants**.

9. Attached to my declaration as **Exhibit 5** is a true and correct copy of Plaintiff Spriggs' Payment Detail Report. The data also reveals that out of the hundreds of meal violations, **only 5 meal premiums were paid by Defendants**.

<u>**Plaintiffs Were not Provided Hundreds of Rest Breaks to Which They Were Eligible**</u>

10. Based on my review of the data, Plaintiff Spriggs was eligible to take 172 rest periods for which she was not provided. Out of the 172 rest violations, Plaintiff Spriggs was paid **only 2 rest premiums**.

11. In light of the above, Plaintiffs were not paid all wages due to them at the time of separation from their employment with defendants.

1  I declare under the laws of the United States of America that the
2  foregoing is true and correct. Executed on February 16, 2015 in Newport Beach,
3  California.
4
5                                                   /s/  Javier R. Ruiz
                                                    JAVIER R. RUIZ
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28