BRIAN D. CHASE, Bar No. 164109
bchase@bisnarchase.com
JERUSALEM F. BELIGAN, Bar No. 211258
jbeligan@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone: 949-752-2999
Facsimile: 949-752-2777

Attorneys for Plaintiffs

STACEY E. JAMES, Bar No. 185651
sjames@littler.com
KHATEREH SAGE FAHIMI, Bar No. 252152
sfahimi@littler.com
CHRISTINA H. HAYES, Bar No. 267153
chayes@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others situated and the general public,

Plaintiffs,

v.

UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; UHS-CORONA, INC.; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; UHS OF DELAWARE, INC.; and DOES 2 to 100, inclusive,

Defendants.

Judge: Philip S. Gutierrez
Magistrate Judge: Jean P. Rosenbluth

**JOINT STIPULATION REGARDING DEFENDANTS' MOTION FOR EVIDENTIARY AND MONETARY SANCTIONS FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDER**

**<u>DISCOVERY MATTER</u>**

Date: June 4, 2015
Time: 10:00 a.m.
Dept: A – 8th Floor

Discovery Cutoff: April 30, 2015
Pretrial Conference: August 10, 2015
Trial Date: August 25, 2015

# TABLE OF CONTENTS


INTRODUCTORY STATEMENTS ..... 1

I. DEFENDANTS' POSITION ..... 1

II. PLAINTIFFS' POSITION ..... 1

DISCOVERY IN DISPUTE ..... 2

I. DEFENDANTS' STATEMENT OF FACTS ..... 2

II. DEFENDANTS' ARGUMENT ..... 5

A. Plaintiffs' Conduct Warrants Sanctions ..... 6

B. Prohibiting Mr. Falkenhagen from Testifying In Any Regard In this Matter is an Appropriate Sanction ..... 7

C. Defendants Are Entitled To Monetary Sanctions ..... 8

III. PLAINTIFFS' POSITION ..... 9

A. PLAINTIFFS' STATEMENT OF FACTS ..... 9

B. Defendants' Abused The Discovery Process by Pressing to Court a Frivolous Discovery Dispute (When None Existed) And by Trying to Take Advantage of Plaintiffs' Counsel's Unavailability ..... 13

C. Defendants And/or Its Counsel Should be Sanctioned For Its Abuse of The Discovery Process ..... 16

D. Defendants' Motion is Defective as The Proper Procedure Should Have Been to File a Motion For Civil Contempt For Non-Compliance With a Subpoena ..... 17

E. Evidentiary Sanctions Are Clearly Not Warranted in This Case ..... 20

CONCLUSION ..... 23




LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# TABLE OF AUTHORITIES

PAGE

**CASES**

*Bingman v. Ward*, 100 F.3d 653 (9th Cir.1996) .......... 19

*Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112 (9th Cir.2004) .......... 21

*Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338 (8th Cir.1975) .......... 19

*Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011) .......... 8, 9

*Henry v. Sneiders*, 490 F.2d 315 (9th Cir. 1974) .......... 7, 8

*Jorgensen v. Cassiday*, 320 F.3d 906 (9th Cir. 2003) .......... 8

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir.2006) .......... 17

*Marquis v. Chrysler Corp.*, 577 F.2d 624 (9th Cir. 1978) .......... 8, 10

*Morgutia-Johnson v. City of Fresno*, 2015 WL 1021123 (E.D. Cal. March 9, 2015) .......... 18, 19, 20

*National Corporate Tax Credit Funds III, IV, VI, VII, et al v. Potashnik*, 2010 WL 457626 (C.D. Cal. Feb. 4, 2010) .......... passim

*Payne v. Exxon Corp.*, 121 F.3d 503 (9th Cir.1997) .......... 21

*Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983) .......... 16, 18

*Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014) .......... 16



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Rodriquez v. Cnty. of Stanislaus*, No. 1:08–cv–00856–OWW–GSA, 2010 WL 3733843 (E.D.Cal. Sept. 16, 2010) ..... 18

*Russell Mechanical, Inc. v. Pruett*, 2005 WL 3144107 (E.D. Cal. Nov. 18, 2005) ..... 19, 20

*Tacori Enterprises v. Beverlly Jewellry Company Limited*, 253 F.R.D. 577 (C.D. Cal. Sept. 17, 2008) ..... 21

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ..... 8

**STATUTES**

28 U.S.C. § 636(e) ..... 19

Evidence Code 702 ..... 4, 14

**OTHER AUTHORITIES**

F.R.C.P 37(b)(2)(A) ..... 6

F.R.C.P 37(b)(2)(A)(ii) ..... 6

F.R.C.P. 37(b)(2)(C) ..... 6, 9, 10

Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii) ..... 14

Fed.R.Civ.P 37(a)(5)(B) ..... 17

Fed.R.Civ.P 45(g) ..... 18

Federal Rule of Evidence 201 ..... 15

Rule 26 ..... 4, 14

Rule 30(b)(6) ..... 21

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# INTRODUCTORY STATEMENTS

## I. Defendants' Position

Defendants request that the Court impose sanctions pursuant to Rule 37 on Plaintiffs for their failure to comply with this Court's order that Plaintiffs produce Mark Falkenhagen for deposition on April 13, 2015, at 10 a.m. Plaintiffs have prevented the deposition of Mr. Falkenhagen, their alleged expert. Plaintiffs' inexcusable disregard for this Court's discovery order should be sanctioned. The just and appropriate sanction is to strike Mr. Falkenhagen's declaration and expert report, submitted by Plaintiffs in support of their Motion for Class Certification, and prevent Mr. Falkenhagen from testifying at trial. In addition, Plaintiffs and/or their counsel should be required to pay the fees and costs incurred by Defendants because of Plaintiffs' violation of this Court's order.

## II. Plaintiffs' Position

As explained in detail below, Defendants and its counsel abused the discovery process by first trying to take advantage of Plaintiffs' counsel – whom it **knew** was going on vacation – and second forcing a discovery dispute to court when **no genuine dispute existed**. First, let's be clear on two issues. Contrary to Defendants' bald contention, Plaintiffs did not "prevent[] the deposition of Mr. Falkenhagen." This is a contrived argument to create a discovery dispute when none existed. In fact, before Plaintiffs' counsel left for vacation, Plaintiffs' counsel advised Defendants' counsel he could make one of the experts available for deposition on April 14, 2015, and **"maybe, maybe"** on April 13, but Plaintiffs' counsel had to immediately so he could coordinate their depositions. Defendants' counsel bullheadedly refused and insisted that their depositions take place on dates Defendants' counsel **knew** Plaintiffs' counsel would be on vacation. Second, and contrary to Defendants' baseless contention, Plaintiffs did not "inexcusabl[y] disregard … this Court's discovery order." The Proposed Order submitted in conjunction with Defendants' parte motion to compel the depositions of Plaintiffs'



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

experts specifically—and only—requested the Court to set the depositions on April 9 and April 10. In the ex parte motion, Defendants misled the Court into believing that Plaintiffs' counsel was unequivocally available on April 13. Plaintiffs' counsel advised Defendants' counsel that he could defend one of the experts' depositions on April 14, and "***maybe, maybe***" April 13, **but Plaintiffs' counsel needed to know now, before he left on vacation, so he could inform the experts, make arrangements, and place the depositions on calendar**. Defendants' counsel omitted this material fact in its ex parte motion and misrepresented to the Court that Plaintiffs' counsel "offered to [unconditionally] move the deposition to April 13, 2015." Instead of coordinating the experts' depositions (one of which the Court ultimately concluded Defendants were not entitled to), Plaintiffs' counsel wasted substantial time and expenses opposing a manufactured discovery dispute, when none really existed. When Plaintiffs' counsel returned to his office from vacation on April 13, Plaintiffs' counsel had 378 emails sitting in his inbox. When Plaintiffs' counsel eventually read the Court's order, he immediately contacted Mr. Falkenhagen to determine his availability for deposition on April 14. Once Mr. Falkenhagen confirmed his availability, Plaintiffs' counsel immediately advised Defendants' counsel he could produce Mr. Falkenhagen for deposition on April 14. Defendants refused on the specious grounds that none of Defendants' attorneys were available. Plaintiffs did not act in bad faith, nor did Plaintiffs willfully violate the Court's order. Indeed, Mr. Falkenhagen's deposition has been reset for May 7. This motion should be denied and Plaintiffs' counsel should be awarded reasonably attorneys' fees in having to oppose this meritless motion.

## DISCOVERY IN DISPUTE

### Deposition of Mark Falkenhagen Ordered for April 13, 2015

**I.** Defendants' Statement of Facts

Plaintiffs submitted the Declaration of Mark O. Falkenhagen ("Mr. Falkenhagen") in support of their Motion for Class Certification. See Doc #75.



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Defendants' request for sanctions arises from a month long struggle to depose Mr. Falkenhagen in order to prepare Defendants' Opposition to Plaintiffs' Motion for Class Certification, which was due on April 16, 2015.[1] While much of the background related to this dispute is laid out in Defendants' Ex Parte Application to Compel the Deposition of Plaintiffs' Experts Mark O. Falkenhagen and Richard Drogin (Doc #84), a brief summary is as follows.

Defense counsel initially reached out to Plaintiffs' counsel to schedule the deposition of Plaintiffs' Experts on March 11, 2015. Declaration of Kahtereh Fahimi ("Fahimi Decl") ¶3, Ex. B. After Plaintiffs' counsel refused to agree to a set date for the deposition, Defendants' counsel served Mr. Falkenhagen with a deposition subpoena on March 17, 2015, for a deposition to occur on March 30, 2015. Fahimi Decl. ¶2, Ex. A. Despite attempting to confirm the date and Mr. Falkenhagen's appearance with Plaintiffs' counsel on multiple occasions and offering to move the deposition if necessary, Plaintiffs' counsel failed to confirm whether Mr. Falkenhagen was appearing on March 30, 2015. Fahimi Decl. ¶¶4-16. Plaintiffs also failed to properly object to the subpoena (i.e. file a protective order or motion to quash). *Id.* Therefore, Defendants appeared on March 30, 2015 to take the deposition of Mr. Falkenhagen as noticed. Fahimi Decl. ¶17. However, both Mr. Falkenhagen and Plaintiffs' counsel failed to appear. *Id.* On April 2, 2015, the parties had an opportunity to meet and confer regarding Plaintiffs' Experts. Fahimi Decl. ¶20. While Defendants initially anticipated filing an *ex parte* application to compel Mr. Falkenhagen's deposition on April 2, 2015, they were hopeful that the parties could

---

[1] While not at issue in this particular motion, which is based on Plaintiffs' failure to produce their expert pursuant to a Court Order, it should be noted that Mr. Falkenhagen's Expert Report was deficient and failed to meet the requirements of Rule 26 and Evidence Code 702. Defendants were hoping to fill in some of the blanks with Mr. Falkenhagen's deposition but were ultimately deprived that right by Plaintiffs' stonewalling. Defendants have also filed a motion to strike Mr. Falkenhagen's Expert Report for failure to meet the requirements of Rule 26 and Evidence Code 702 (Doc #100).

resolve the issue during the meet and confer conference, and therefore held off on filing their application. Fahimi Decl. ¶19. However, the parties were unable to resolve their differences and therefore the next day, April 3, 2015, Defendants filed an *ex parte* application to compel Mr. Falkenhagen's deposition. Doc #84. Plaintiffs were aware that Defendants filed the *ex parte* as they drafted an opposition, which they filed on April 6, 2015. Doc #85.

On April 7, 2015, the Court denied Defendants' *ex parte* to have Mr. Falkenhagen appear on April 9, 2015, but ordered Plaintiffs to "produce Falkenhagen for deposition on April 13, 2015, at 10 a.m. at Littler Mendelson, 633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071." Order Denying Defendants' Ex Parte Application, (Doc #86) at 2. According to the electronic service list, both of the Plaintiffs' attorneys listed on the caption of this matter were served with the Court Order. Fahimi Decl. ¶22, Ex. K. In addition to the Court Order, Mr. Falkenhagen and Plaintiffs' counsel were personally served with an updated subpoena for the April 13, 2015 deposition date. Fahimi Decl. ¶22, Ex. L. Notwithstanding the Court's Order and a second subpoena, Plaintiffs' counsel and Mr. Falkenhagen failed to appear for deposition <u>again</u>. Declaration of Alan S. Levins ("Levins Dec.") ¶¶3-4. Mr. Levins, the attorney who was taking the deposition of Mr. Falkenhagen, and a court reporter appeared, on time, at Littler Mendelson's office on West Fifth Street in Los Angeles. Levins Decl. ¶2. Defendants received no notice or warning from Plaintiffs' counsel or Mr. Falkenhagen that they would not be attending the Court ordered deposition. Levins Decl. ¶5. Rather, Plaintiffs' counsel emailed Defense counsel at 3:35 p.m. to offer to make Mr. Falkenhagen available the next day. Fahimi Decl. ¶23, Ex. L. However, Mr. Levins had already left the area to return to San Francisco. Levins Decl. ¶3. The only excuse that Plaintiffs' counsel has provided for not producing Mr. Falkenhagen is that the primary attorney handling the case, Jerusalem Beligan, was on

vacation at the time the Court issued its ruling.[2] Fahimi Decl. ¶23, Ex. L. Defendants were unable to depose Mr. Falkenhagen before they filed their opposition to class certification on April 16, 2015. Fahimi Decl. ¶25.

In addition to the time wasted by the court reporter and Mr. Levins as they waited, in vain, for Plaintiffs' counsel and Mr. Falkenhagen to appear, Defendants incurred other costs and fees. Specifically, Mr. Levins spent several hours preparing for the deposition. Levins Decl. ¶6. Mr. Levins traveled from San Francisco specifically to take Mr. Falkenhagen's deposition, incurring the cost of two plane flights and four taxi rides to and from the airports. Levins Decl. ¶7. Defendants also incurred attorneys' fees responding to Plaintiffs' violation of this Court's order, including for drafting this Joint Stipulation. Fahimi Decl. ¶26; Declaration of Katherine Kimsey ("Kimsey Decl.") ¶¶2-3.

**II.** Defendants' Argument

Federal Rule of Civil Procedure 37 ("Rule 37") provides for sanctions "if a party . . . fails to obey an order to provide or permit discovery." F.R.C.P 37(b)(2)(A). Sanctions that a court can impose for such a failure include: "prohibiting the disobedient party from . . . introducing designated matters in evidence." F.R.C.P 37(b)(2)(A)(ii). In addition, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." F.R.C.P. 37(b)(2)(C) (emphasis added). In this case, the just sanction would be to: (1) strike Mr. Falkenhagen's deposition and expert report, submitted by Plaintiffs in support of their Motion for Class Certification, (2) prohibit Mr. Falkenhagen from testifying at trial, and (3) require Plaintiffs and/or their counsel to compensate Defendants for time and expenses.

---

[2] The attorney had returned from vacation on April 12, 2015 and therefore was available the day the deposition was to take place.

A. Plaintiffs' Conduct Warrants Sanctions

This Court directly ordered Plaintiffs to produce Mr. Falkenhagen at Littler Mendelson's office on April 13, 2015 at 10 a.m. Doc #86 at 2. Such an order meets the broad definition of an order under Rule 37(b). *See Henry v. Sneiders*, 490 F.2d 315 (9th Cir. 1974) (holding an oral court order was sufficient to support the sanction of dismissal). There can be no doubt that Plaintiffs received notice of the Order and Plaintiffs' counsel's excuse that he was on vacation at the time the Order was issued is unconvincing. As noted above, Plaintiffs were aware that Defendants' had filed an *ex parte* and should have known that the Court could, and probably would, issue a ruling during the week Mr. Beligan was on vacation. Plaintiffs' failure to anticipate and prepare for the Court's ruling is not excusable neglect. It should also be noted that Plaintiffs' failure to communicate with Defendants is the only reason they are in the position they are today. Defendants diligently attempted to arrange for the deposition of Mark Falkenhagen on a mutually convenient date and mutually convenient time, but Plaintiffs' counsel chose to play games and ignore Defense counsel's repeated requests to meet and confer regarding Mr. Falkenhagen's deposition. Indeed, in their effort to run out Defendants' time to file their Opposition to Class Certification, Plaintiffs pushed themselves against Mr. Beligan's vacation. While this was most likely a strategic decision to avoid producing Mr. Falkenhagen until Mr. Beligan returned from vacation (and thus prevent Defendants' from using Mr. Falkenhagen's deposition in support of their opposition to class certification), Plaintiffs cannot now cry foul. As noted in Defendants' *ex parte*, had Plaintiffs' Counsel simply responded to Defense counsel's phone calls, emails, and letters there would have been no need for the *ex parte* and the subsequent order because the parties could have scheduled the depositions of Plaintiffs' Experts in a manner to allow Defendants ample time to utilize the information in their opposition and motions to strike **and** not interfere with Mr. Beligan's vacation. However, Plaintiffs' counsel instead chose to ignore Defendants' requests and wait until two days before he left on

vacation to engage in any meaningful conversation with Defendants. Having chosen to play games, instead of properly meet and confer, Plaintiffs' counsel should have to accept the situation he put himself in.

Moreover, the Court entered the order compelling Mr. Falkenhagen's deposition six days before Plaintiffs were to produce him. Doc #86 at 1. Plaintiffs received electronic notice of the Order to both attorneys on the caption, only one of whom was on vacation. Finally, Defendants served Plaintiffs' counsel's *office* and Mr. Falkenhagen personally with a subpoena for the updated deposition date. In short, Plaintiffs' assertion that they did not receive notice of the deposition is not credible. Rather it appears they simply ignored the notice. Therefore, Plaintiffs failure to produce their witness is not excused . *See Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974). "Disobedient conduct not shown to be outside the control of the litigant is sufficient" to support an order of sanctions. *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (upholding the trial court's sanctions under Rule 37 for failure to produce documents even though those documents were under the control of a court in the Philippines). Unless Plaintiffs can show that procuring Mr. Falkenhagen's presence was impossible or would have subjected them to criminal or civil sanctions, this Court can and should sanction them for failure to follow this Court's order. *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). "[E]ven negligent failures to allow reasonable discovery may be punished." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

B. Prohibiting Mr. Falkenhagen from Testifying In Any Regard In this Matter is an Appropriate Sanction

Having failed to produce Mr. Falkenhagen for deposition, it is just to prevent Plaintiffs from using Mr. Falkenhagen's testimony, opinions, expert report and findings, both in support of their motion for class certification and at trial. Under Rule 37(c) courts routinely prevent the testimony of experts when disclosures have been improperly made. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1101, 1106 (9th Cir. 2001) (upholding exclusion of defendants' expert testimony at trial even though it "made it much more difficult, perhaps almost impossible, for [Defendants] to rebut [Plaintiff]'s damages calculations); *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011). The same logic applies here. Because Plaintiffs failed to produce Mr. Falkenhagen *as ordered by this Court*, Defendants have been prevented from: (1) deposing and obtaining information from Mr. Falkenhagen for use in their Opposition to Plaintiffs' Motion for Class Certification, and (2) properly preparing for Mr. Falkenhagen's trial testimony. Therefore, this Court should, as a sanction, strike Mr. Falkenhagen's declaration and expert report from Plaintiffs Motion for Class Certification and prevent Mr. Falkenhagen from testifying at trial. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (upholding exclusion of testimony when plaintiff's actions denied defendant the chance to prepare).

C. Defendants Are Entitled To Monetary Sanctions

Defendants also ask this Court to award attorneys' fees and costs in accordance with Rule 37(b)(2)(c). Defendants incurred the costs of the court reporter, the costs of Mr. Levins' travel to and from Los Angeles, and Mr. Levins' fees totaling $9,312[3] to prepare for and attend the deposition that did not occur. These fees could have been avoided had Plaintiffs **simply** informed Defendants that Mr. Falkenhagen would not be appearing pursuant to the Court Order. In addition, Defendants incurred attorneys' fees totaling $5,800[4] in bringing this motion. Ex. B ¶8. This does not include the attorney's fees Defendants will incur for any further briefing or hearing that will be necessitated by this motion. "When a party's conduct during discovery necessitates its opponent's bringing motions which otherwise would have been

[3] Court Reporter ($125), Attorney Levin's prep time ($2,235), Attorney Levins attendance and travel ($7,077.50), Taxi ($240), Airfare ($720). Levins Decl. ¶¶6-8, Fahimi Decl. ¶27.

[4] Attorney Kimsey ($3,040) and Attorney Fahimi ($2,760). Kimsey Decl. ¶¶2-3, Fahimi Decl. ¶26.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

unnecessary, the court may properly order it to pay the moving party's expenses." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 641 (9th Cir. 1978). Because Plaintiffs cannot show the failure was justified in any way, the Court should order Plaintiffs and/or their counsel "to pay the reasonable expenses, including attorney's fees, caused by" their violation. F.R.C.P. 37(b)(2)(C). Therefore, in addition to excluding Mr. Falkenhagen's testimony, opinions, expert report and findings, in support of their motion for class certification and at trial, Plaintiffs should be Ordered to pay Defendants $15,112 in monetary sanctions.

## III. Plaintiffs' Position

### A. Plaintiffs' Statement of Facts

Defendants' amusingly state above that "they were hopeful that the parties could resolve th[is] issue during the meet and confer conference, and therefore held off on filing their [ex parte] application." (Motion, Section I.) Ironically, there was no issue to resolve because Plaintiffs agreed to produce both of its experts for deposition, but Defendants stubbornly demanded that the depositions go forward on April 9 and April 10—dates Plaintiffs' counsel was on vacation. Another irony about this discovery dispute (or non-dispute) is this sideshow could have all been avoided had Defendants' counsel stopped its bullish tactics and cooperated with Plaintiffs' counsel. Instead, Defendants manufactured an emergency to press to the Court a discovery dispute that never existed. The relevant facts are as follows (all taken from the Declaration of Jerusalem F. Beligan ("Beligan Decl.") or exhibits attached thereto):

- In the morning of April 1, 2015, the parties' counsel agreed to conduct a Rule 37-1 Conference of Counsel on April 2 at 3:30 p.m. regarding the depositions of Mr. Mark Falkenhagen and Dr. Richard Drogin. (Beligan Decl. ¶ 3, Ex. A). Almost immediately after agreeing to conduct a Rule 37-1 Conference, Defendants' counsel telephonically called and informed

Plaintiffs' counsel that Defendants intended to file an ex parte motion to compel the deposition of Mr. Falkenhagen on April 2. (*Id.* ¶ 4, Ex. B.)

- On April 2 at 3:30 p.m., the parties' counsel conferred about Mr. Falkenhagen's and Dr. Drogin's depositions. (*Id.* ¶ 5.) Defendants' counsel knew Plaintiffs' counsel would be on vacation the following week, and that he would not be returning to California until April 12. (*Id.*) Despite this knowledge, Defendants' counsel stubbornly insisted that Plaintiffs' counsel produce Mr. Falkenhagen for deposition on April 9, and Dr. Drogin on April 10. (*Id.*) Obviously, Plaintiffs' counsel could not physically defend the experts' depositions on those dates. (*Id.*) In an effort to compromise and to allow Defendants to depose Plaintiffs' experts before their opposition deadline, Plaintiffs' counsel advised Defendants' counsel he could produce one of Plaintiffs' experts for deposition on April 14 and "***maybe, maybe***" April 13, **but Plaintiffs' counsel needed to know *now*, *before* he left on vacation, so he could inform the experts, make arrangements, and place the depositions on calendar**. (*Id.*) Plaintiffs' counsel advised Defendants' counsel he needed to know **immediately** if they would accept the proposal, so Plaintiffs' counsel could focus the limited time he had left coordinating the depositions. (*Id.*) Defendants' counsel refused.
- Despite threatening in writing to file an ex parte motion to compel the deposition of Mr. Falkenhagen on April 2, Defendants did NOT. (*Id.* ¶ 6.) Instead Defendants waited until the next day when Defendants knew Plaintiffs' counsel was in an all-day mediation. (*Id.*)
- In the early afternoon of April 3, Plaintiffs' counsel instructed his paralegal to file a Notice of Unavailability, notifying Defendants' counsel of what they already knew: Plaintiffs' counsel would be out of town and unavailable for the time between April 4 through April 12. (*Id.* ¶ 7, Ex. C.) The Notice of Unavailability **warned** Defendants' counsel that:



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

> "During said time period, there is no one responsible for attending court hearings, drafting pleadings, responses to motions, responses to discovery requests, attending depositions, or providing any legal service in the above-referenced action."

Defendants' counsel did NOT care.

- On April 3 at 4:15 p.m., Defendants' counsel faxed a **102-page** ex parte motion to compel not only Mr. Falkenhagen's deposition, but Dr. Drogin's deposition. (*Id.* ¶ 8, Ex. D.) In the Proposed Order, Defendants' counsel ridiculously requested the Court to order Mr. Falkenhagen to appear for deposition on April 9, and for Dr. Drogin to appear for deposition on April 10—dates Defendants' counsel knew Plaintiffs' counsel would be on vacation and out of the state. (*Id.*)
- Instead of preparing for vacation, on April 4, Plaintiffs' counsel drafted a memorandum of points and authorities and declaration in opposition to Defendants' ex parte motion. (*Id.* ¶ 9.) Plaintiffs' counsel left the opposition and declaration on his paralegal's desk to file on April 6. (*Id.*, Exhs. E and F.) Defendants' state above that "Plaintiffs were aware that Defendants filed the *ex parte* as they drafted an opposition, which they filed on April 6, 2015." (Motion, Section I.) Yes, Plaintiffs were unfortunately aware and in disbelief that so called professionals would do such a thing. Plaintiffs' counsel left for vacation on April 5 and did not return until the evening of April 12. (*Id.* ¶ 10.)
- On April 13, 2015, Plaintiffs' counsel returned to his office and started reviewing the 378 emails in his inbox. (*Id.* ¶ 11.) In the afternoon, Plaintiffs' counsel reached the Court's Order denying Defendants' ex parte motion. (*Id.*, Ex. G.) As soon as Plaintiffs' counsel read the portion of the Court's Order instructing Plaintiffs' counsel to produce Mr. Falkenhagen for

deposition on April 13 at 10:00 a.m., Plaintiffs' counsel immediately contacted Mr. Falkenhagen to determine his availability for the following day. (*Id.*) When Plaintiffs' counsel received notice from Mr. Falkenhagen that he could submit to deposition the following day, Plaintiffs' counsel immediately emailed Defendants' counsel at 3:35 p.m. in which Plaintiffs' counsel offered to provide Mr. Falkenhagen for deposition on April 14. (*Id.*, Ex. H.) At 6:03 p.m., Defendants' counsel sent Plaintiffs' counsel an email in which she advised that **none** of Defendants' attorneys were available to take Mr. Falkenhagen's deposition the following day. (*Id.*, Ex. I.) On April 14, Plaintiffs' counsel emailed Defendants' counsel about the egregiousness and unprofessional nature of their conduct. (*Id.*, Ex. J.)

- On April 14, Defendants' counsel sent an email to Plaintiffs' counsel requesting a Rule 37-1 Conference in regards to Defendants' motion for discovery sanctions. (*Id.* ¶ 13, Ex. K.)
- On April 17, the parties' counsel agreed to reset the depositions of Mr. Falkenhagen and Dr. Drogin, and to set the deposition of Defendants' expert. (*Id.* ¶ 14, Ex. L.)
- On April 23, the parties' counsel agreed that the deposition of Defendants' expert will take place on May 6. (*Id.* ¶ 15.) The parties counsel also agreed that the deposition of Mr. Falkenhagen will take place on May 7. (*Id.*) On the same day, Plaintiffs' counsel received an email from Defendants' counsel with Defendants' portion of this motion and a demand that Plaintiffs' portion be sent to Defendants' counsel by the close of business on April 30. (*Id.*)

### B. Defendants' Abused The Discovery Process by Pressing to Court a Frivolous Discovery Dispute (When None Existed) And by Trying to Take Advantage of Plaintiffs' Counsel's Unavailability.



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

A court must not order sanctions "if: **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or **(iii)** other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii). Each exception applies here.

Defendants' failed to meet and confer in good faith. Plaintiffs' counsel offered to produce an expert for deposition on April 14, and ***maybe*** April 13, but Plaintiffs' counsel needed to know immediately before he left for vacation, so he could inform the experts and arrange their depositions. Defendants' counsel refused and stubbornly insisted that the depositions go forward on April 9 and April 10—dates it was fully aware Plaintiffs' counsel was unavailable. Defendants then filed a **<u>102-page</u>** ex parte motion on the eve Plaintiffs' counsel was preparing to leave for vacation, seeking specifically to set the depositions on April 9 and April 10. Looking back, it is now patently clear that Defendants' counsel had no intent to act in good faith. Defendants did not need Mr. Falkenhagen's deposition to file a motion to strike his expert report on the flawed grounds that his report allegedly "failed to meet the requirements of Rule 26 and Evidence Code 702." Defendants will be deposing Mr. Falkenhagen on May 7 and can use testimony gleaned from that deposition, if any, to support its motion to strike when it files its reply. It has become clear that the true intent of the ex parte motion and this motion was to fabricate an emergency (when none existed), take advantage of Plaintiffs' counsel's unavailability, and use the alleged failure to participate in a deposition (which Plaintiffs did not and do not oppose) as a poor excuse to deprive Plaintiffs of expert witness testimony. This is gamesmanship.

Plaintiffs' counsel's counsel was substantially justified under the circumstances. First, to set an ex parte on a date Defendants' counsel knew Plaintiffs' counsel would be on vacation is beyond unprofessional—it is a clear abuse of the discovery process. Second, to request the Court to order depositions to go forward on dates Defendants' counsel knew Plaintiffs' counsel was unavailable is an abuse of the discovery process.





LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Third, to bring a discovery dispute to court when Plaintiffs' counsel offered alternative dates (before its opposition was due) is an abuse of the discovery process. Fourth, filing a declaration which omitted material facts and which misled the Court into believing April 13 was a good date is an abuse of the discovery process. Defendants' counsel contends above that Plaintiffs' counsel "should have known that the Court could, and probably would, issue a ruling during the week [he] was on vacation." (Motion, Section II.A.) While at first blush this may be true, there was no way to anticipate that the Court would order a deposition to go forward on April 13 because the Proposed Order **specifically** requested that the depositions take place on April 9 and April 10—not April 13. This mess was partly caused by Defendants' counsel's misrepresentation that Plaintiffs' counsel agreed to unconditionally produce an expert on April 13. Plaintiffs' counsel could not and did not anticipate that those dates were even an option, when it was NOT a relief requested in the Proposed Order. And when Plaintiffs' counsel did find out he was instructed to produce Mr. Falkenhagen on April 13, he offered to produce him the following day. But Defendants' allege that none of its "more than 1000 lawyers" in "over 60 locations," including the three specifically assigned to this case, could take the deposition. (Beligan Decl. ¶ 16, Ex. M.)[5]

Moreover, Defendants' contention that it needed Mr. Falkenhagen's deposition to support its motion to strike is weak at best. Defendants' state above that they "were hoping to fill in some of the blanks with Mr. Falkenhagen's deposition but were ultimately deprived that right by Plaintiffs' stonewalling." (Motion, Section I, fn. 1.) Defendants filed the motion to strike on the same day its opposition was due. Defendants tried to set the hearing on June 1, 2015, but the motion was stricken by the Court because Defendants set the hearing on a closed motion date. Defendants

[5] *See* front cover page of Littler Mendelson's website, http://www.littler.com/, of which this Court may take judicial notice pursuant to Federal Rule of Evidence 201, a true and correct copy of which is attached to the Beligan Decl. as Ex. M.

subsequently filed the motion and set the hearing for June 15. Defendants have requested the Court to advance the hearing on the motion to strike to June 1. Defendants will take the deposition of Mr. Falkenhagen on May 7. Defendants still have time to use testimony gained from Mr. Falkenhagen's deposition, if any, to impeach his credibility when it files its reply. Clearly, Defendants' "hop[e] to fill in some of the blanks" was not deprived.

Finally, Plaintiffs' counsel did not willfully violate the Court's instruction to produce Mr. Falkenhagen for deposition on April 13. According to Rule 37's Advisory Committee Notes, "courts have imported into 'refusal' a requirement of 'wilfullness.'" Fed.R.Civ.P. 37 advisory committee notes (1970 amendment); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864-865 (9th Cir. 2014) [Advisory Committee Notes provide a reliable source of insight into the interpretation and application of the Rules and explain the purpose and effect of amendments."]. In *Pennwalt Corp.*, the Ninth Circuit stated that sanctions are "proper only when the litigant has acted in bad faith." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983), citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980). Plaintiffs and their counsel have fulfilled all of their obligations and met their deadlines in this case. Plaintiffs have responded to all written discovery, submitted to depositions, taken the depositions of Defendants' 30(b)(6) witnesses, timely filed their motion for class certification, and opposed Defendants' attempt to prevent the deposition of Mr. Mark Uffer, the CEO of UHS-Corona, Inc. If Plaintiffs' counsel had known of the Court's order, he would have produced Mr. Falkenhagen on April 13. There was no "willful" intent to violate the Court's order. Plaintiffs therefore request the Court to deny Defendants' motion in its entirety.

**C. Defendants And/or Its Counsel Should be Sanctioned For Its Abuse of The Discovery Process.**

"If the motion is denied, the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed.R.Civ.P 37(a)(5)(B). Sanctions are avoidable only if the moving party acted with substantial justification. *Id*. "The test of 'substantial justification' is intended to encourage judges to be more alert to abuses occurring in the discovery process." *Id*. advisory committee notes (1970 amendment). "On many occasions, … the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court. **But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court *<u>when no genuine dispute exists</u>***. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules **to deter a party from pressing to a court hearing frivolous requests for … discovery**." *Id*. (emphasis added). "The Court also has the inherent power to sanction a party for discovery abuse." *National Corporate Tax Credit Funds III, IV, VI, VII, et al v. Potashnik,* 2010 WL 457626 at *4 (C.D. Cal. Feb. 4, 2010), citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–65 (1980) and *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958 (9th Cir.2006).

The irony of this whole sideshow is that there was no genuine discovery dispute. Plaintiffs did not refuse to produce Mr. Falkenhagen for deposition. While Defendants did not take the deposition on the date they wanted, Plaintiffs offered to produce him for deposition before their opposition was due; but Defendants bullheadedly insisted, with absolutely zero exception, to take Mr. Falkenhagen's deposition on April 9—a day Plaintiffs' counsel was on vacation. Plaintiffs' counsel even offered April 13, but asked that Defendants' counsel confirm now so he could inform the experts and coordinate. Defendants' counsel outright refused, filed an ex parte motion, and shockingly asked the Court to compel the depositions on dates Defendants' counsel knew Plaintiffs' counsel was unavailable. Defendants' counsel states above that "[h]aving chosen to play games, … Plaintiffs' counsel should have to accept the situation he put himself in." (Motion, Section II.A.) The same could be

said about Defendants' counsel's conduct. Had Defendants not delayed, which the Court found it did, and had Defendants' counsel met and conferred in good faith, Defendants' counsel would not be in "the situation [s]he put [her]self in." There is zero justification, let alone substantial justification, for bringing the ex parte motion or this motion. Defendants and its counsel acted in bad faith and should be sanctioned in the amount of $16,800. (Beligan Decl. ¶ 16.)

**D. Defendants' Motion is *Defective* as The Proper Procedure Should Have Been to File a Motion For Civil Contempt For Non-Compliance With a Subpoena.**

If a nonparty witness (i.e., Mr. Falkenhagen) fails to appear in response to a subpoena, the *only* sanction available is contempt. *See* Fed.R.Civ.P 45(g). There is no authority for an award of monetary sanctions (let alone evidentiary sanctions). See *Pennwalt Corp.,* 708 F.2d at 494. "The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45[g]." *Id.* As noted by the Ninth Circuit in *Pennwalt Corp.*, "Rule 37, which authorizes the imposition of sanctions for failure to comply with discovery in several contexts, is inapplicable" to subpoenas issued pursuant to FRCP 45. *Id.*, fn. 4.

As Mr. Falkenhagen is a nonparty, "the applicable procedure for seeking compliance with the deposition subpoena is an order to show cause re contempt." *Morgutia-Johnson v. City of Fresno*, 2015 WL 1021123 at *2 (E.D. Cal. March 9, 2015), citing *Ceremello v. City of Dixon,* No. CIV S–04–1423 DLF–EFB, 2006 WL 2989002 at *2 (E.D.Cal. Oct.18, 2006) ["As explained at the hearing, the 'motion to compel,' which is the remedy under the Federal Rules to compel a party's compliance with a discovery request, **<u>is not</u>** the applicable procedure to address [a nonparty's] alleged refusal to obey a duly-issued subpoena."] (emphasis added); see also *Rodriquez v. Cnty. of Stanislaus,* No. 1:08–cv–00856–OWW–GSA, 2010 WL 3733843 at *6 (E.D.Cal. Sept. 16, 2010). "Pursuant to Rule 45(e)(g), a court may

'hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.'" *Morgutia-Johnson,* 2015 WL 1021123 at *2, citing Fed.R.Civ.P. 45(g). "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Id.*, citing *United States Sec. & Exh. Comm'n v. Hyatt,* 621 F.3d 687, 693 (7th Cir.2010). "Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion." *Id.*, citing *Hyatt,* 621 F.3d at 696–97; see also *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1342 (8th Cir.1975). "Civil contempt … is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance." *Id.*, citing *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 778 (9th Cir.1983). "The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders." *Id.*, citing *Stone v. City of San Francisco,* 968 F.2d 850, 856 (9th Cir.1992).[6] "A civil contempt order must include a 'purge' condition whereby it provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due." *Id.*, citing *De Parcq v. U.S. District Court for the S. Dist. of Iowa,* 235 F.2d 692, 699 (9th Cir.1956) ["[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."]; see also *Russell Mechanical, Inc. v. Pruett,* 2005 WL 3144107 at *1 (E.D. Cal. Nov. 18, 2005). "In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order." *Id.*, citing *Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 517 (9th Cir.1992). "Where the objective of the contempt order is to ensure the contemnor's compliance, the court must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing

---

[6] Magistrate judges themselves do not have authority to make any findings of contempt, so must certify their findings to the district judge. 28 U.S.C. § 636(e); *Bingman v. Ward,* 100 F.3d 653, 656–657 (9th Cir.1996).



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

about the desired result.'" *Id.*, citing *Bademyan v. Receivable Mgmt. Servs. Corp.,* No. CV–08–00519, 2009 WL 605789 at *3 (C.D. Cal. Mar. 9, 2009). "To establish civil contempt, Defendants must show by clear and convincing evidence that [Mr. Falkenhagen] violated a specific order of the court." *Id.*, citing *FTC v. affordable Media,* 179 F.3d 1228, 1239 (9th Cir.1999). "If Defendants satisfy that burden, the burden shifts to [Mr. Falkenhagen] to show that [h]e took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible." *Id.*, citing *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir.1983). "In considering the contemnor's reasons why compliance was not possible, the court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion." *Id.*, citing *Stone,* 968 F.2d at 856–57. "If an alleged contemnor's actions were taken in good faith or based on a reasonable interpretation, she should not be held in contempt." *Id.*

In *Mogutia-Johnson*, for example, the defendants established that the non-party violated a specific and definite order of the court by failing to appear for her deposition. *Morgutia-Johnson,* at *2. Therefore the court in *Morgutia-Johnson* granted the defendants' application for an order to show cause. *Id.*, citing *Rodriquez v. Cnty. of Stanislaus,* No. 1:08–cv–00856–OWW–GSA, 2010 WL 3733843 at *6 (Sept. 16, 2010) (proper procedure for nonparty subpoena compliance is to issue an order to show cause). The court in *Morgutia-Johnson*, however, denied the defendants' request for sanctions as premature and gave the witness one last opportunity to appear for her deposition. *Morgutia-Johnson,* at *3-4.

In this case, Defendants did not initiate a contempt proceeding or request an order to show cause, which is the "proper [procedure] for nonparty subpoena compliance." *Morgutia-Johnson,* at *3, citing *Rodriquez*, 2010 WL 3733843 at *6. Thus this motion is fatally defective. Even if it was proper (which it is not), the court must first issue a "purge" condition to permit the nonparty to comply with the subpoena before issuing a contempt sanction. This was not done here and is



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

unnecessary because Mr. Falkenhagen's deposition is taking place on May 7. There has been no history of noncompliance of any court order or failure to comply with a subpoena while a contempt motion is pending. Boiled down, this motion is procedurally improper, and even if it was not, sanctions are premature because the Court has not issued a "purge" condition.

**E. Evidentiary Sanctions Are Clearly Not Warranted in This Case.**

Evidentiary sanctions "are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Tacori Enterprises v. Beverlly Jewellry Company Limited,* 253 F.R.D. 577 (C.D. Cal. Sept. 17, 2008). Further, in deciding whether to grant a motion for evidentiary sanctions for noncompliance with discovery, the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*, citing *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir.2002) and *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004); see also *National Corporate Tax Credit Funds III, IV, VI, VII, et al v. Potashnik,* 2010 WL 457626 at *5 (C.D. Cal. Feb. 4, 2010). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997); *Computer Task Group, Inc.,* 364 F.3d at 1115.

**1. There is no Willfulness, Bad Faith or Fault on The Part of Mr. Falkenhagen or Plaintiffs' Counsel.**

In the *Potashnik* case, the defendants "(1) failed to produce for deposition a single defendant, a Rule 30(b)(6) designated witness, or any current or former employees, (2) failed to provide adequate and timely responses to Plaintiffs' interrogatories, and (3) failed to produce adequate responses to Plaintiffs' document



LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

requests." *Id.* at*3. The defendants in *Potashnik* case also violated a court order "in 51 discrete ways by refusing to produce six witnesses for deposition, failing to provide timely supplemental responses to 36 separate sets of interrogatories, and declining to produce responsive materials to nine document requests." *Id.*

On the opposite end of the spectrum is this case. Here, Plaintiffs' depositions have been taken, Plaintiffs responded to all written discovery, have not refused to produce Plaintiffs' experts for deposition, and in fact, agreed to make them available, but Defendants' counsel stubbornly insisted to take the depositions on dates Plaintiffs' counsel was on vacation. This case is a far cry from the *Potashnik* case. There was no willful intent to violate the Court's Order or willful refusal to comply with discovery obligations. For this reason alone, the motion should be denied. However, evaluation of the five factors warrants the same result.

**2. Other Factors do Not Warrant The Severe Evidentiary Sanctions Requested by Defendants.**

Generally, in order to grant such a severe sanction, the Court must find at least four factors supporting dismissal or at least three factors "strongly" supporting such sanctions." *Potashnik,* 2010 WL 457626 at *5-6 (citations omitted).

**a. Public Interest**

Unlike the *Potashnik* case, Plaintiffs have not filed "numerous procedural motions, which have delayed proceedings …" *Id.* at *6. The parties filed one joint stipulation to extend the trial deadline and briefing schedule for the class certification motion. When that was denied, Plaintiffs filed one ex parte motion to modify the briefing schedule on the class certification motion only, which was denied. Plaintiffs timely filed their motion for class certification on February 16, 2015, and have not asked for any other continuances.

**b. Docket Management**

The parties' joint stipulation to continue the trial deadline and extend the briefing schedule on the motion for class certification was denied; so was Plaintiffs'

ex parte motion to modify the class certification briefing schedule. Plaintiffs' motion for class certification was timely filed. The case is on track for trial.

**c. Risk of Prejudice to Defendants**

There is none. As noted above, Defendants did not need Mr. Falkenhagen's testimony to support its motion to strike. And even if it did, Defendants' counsel will be taking Mr. Falkenhagen's deposition on May 7 and therefore can use testimony gained from that deposition to "fill in the blanks." Thus, the failure to take Mr. Falkenhagen's deposition on April 13 will not undermine Defendants' "ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* at *7.

**d. Public Policy in Favor of Disposition on The Merits**

This factor generally militates against granting evidentiary sanctions, unless the "offending party fails to comply with discovery obligations in a way that prevents the case from moving toward a resolution on the merits." *Id.* at *8, citing *Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1234 (9th Cir.2006). Here, Defendants have not been deprived of critical depositions, responsive documents, and adequate written discovery. Defendants will have an opportunity to take Mr. Falkenhagen's deposition and to use it, if necessary, to support its motion to strike.

**e. Efficacy of Lesser Sanctions**

"While examining alternative sanctions, the Ninth Circuit considers the following three factors: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of" severe evidentiary sanctions. *Id.* at *9.

**1) Alternative Sanctions**

Prior to the granting of such severe sanctions, "the Court should discuss alternative sanctions and explain why they would not be reasonable." *Id.* "Alternative sanctions include 'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

suspension of the culpable counsel from practice before the court, ... dismissal of the suit unless new counsel is secured[,] ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel.'" *Id.*, fn. 8. None of these alternative sanctions are appropriate under these circumstances because Plaintiffs did not refuse to produce Mr. Falkenhagen for deposition and his deposition will take place on May 7.

**2) Past Sanctions**

Unlike the *Potashnik* case, there are none in this case.

**3) Past Warning**

"While a failure to warn has been a contributing factor in Ninth Circuit decisions to reverse grants of terminating sanctions, warnings are not required in 'egregious circumstances.'" *Id.* at *10. Unlike the *Potashnik* case, Mr. Falkenhagen's and Plaintiffs' counsel were not "egregious" under the circumstances. Indeed, it is Defendants' counsel's conduct that is "egregious." Bullheadedly demanding depositions to go forward on dates Defendants' counsel knew Plaintiffs' counsel would be on vacation, refusing to confer in good faith, taking advantage of Plaintiffs' counsel while he was on vacation, and trying to seek an Order to compel depositions on dates Plaintiffs' counsel was unavailable all fall under the category "egregious." Neither Plaintiffs' counsel or Mr. Falkenhagen willfully or in bad faith violated the Court's Order. None of the five factors support evidentiary sanctions. Therefore Defendants' request should be denied.

**E. Conclusion**

For the foregoing reasons, Plaintiffs request the Court to deny the motion in its entirety and award sanctions to Plaintiffs' counsel in the amount of $16,800 for Defendants' and its counsels' abuse of the discovery process.





LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Dated: May 1, 2015

/s/ Jerusalem F. Beligan
BRIAN D. CHASE
JERUSALEM F. BELIGAN
BISNAR/CHASE LLP
Attorneys for Plaintiffs
MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all other similarly situated and the general public

Dated: May 1, 2015

/s/ Christina H. Hayes
STACEY E. JAMES
KHATEREH SAGE FAHIMI
CHRISTINA H. HAYES
LITTLER MENDELSON, P.C.
Attorneys for Defendants
UHS-CORONA, INC. and UHS OF DELAWARE, INC.

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 1, 2015

/s/ Christina H. Hayes
STACEY E. JAMES
KHATEREH SAGE FAHIMI
CHRISTINA H. HAYES
LITTLER MENDELSON, P.C.
Attorneys for Defendants
UHS-CORONA, INC. and UHS OF DELAWARE, INC.