**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN SALI et al., | Case No. EDCV 14-0985-PSG (JPRx) |
| Plaintiffs, | |
| vs. | CERTIFICATION FOR ORDER TO SHOW CAUSE RE CONTEMPT |
| UNIVERSAL HEALTH SERVICES et al., | |
| Defendants. | |

Defendants seek an Order to Show Cause re Contempt against Plaintiffs' counsel, to be heard by the District Judge, concerning Plaintiffs' counsel's refusal to pay a previously ordered sanctions award. The Court hereby grants the request.

**STATEMENT OF CERTIFIED FACTS**

On April 7, 2015, the undersigned denied Defendants' ex parte application to compel two depositions but ordered Plaintiffs' counsel, Jerusalem Beligan, to make expert Mark Falkenhagen available for deposition on April 13,[1] as Beligan had

---

[1] The Court actually "instructed" Beligan to do so. An instruction by a judge is the equivalent of an order, however. See *Instruct,* Merriam-Webster Dictionary, http://www.merriam-

1

indicated he was willing to do. (<u>See</u> Apr. 7, 2015 Order at 2.) The docket reflects that Plaintiffs did not seek review of the order. According to Defendants' counsel, neither Falkenhagen nor Plaintiffs' counsel appeared for the deposition, nor did they provide notice to Defendants that they would not attend. (OSC Req., Fahimi Decl. ¶¶ 2-3 & Ex. A.)

On June 9, 2015, the undersigned granted in part Defendants' request for sanctions related to Plaintiffs' failure to produce Falkenhagen on April 13, ordering Plaintiffs' counsel to pay Defendants $15,112 no later than June 16. (June 9, 2015 Order at 4.) Plaintiffs' counsel have apparently refused to do so, stating in emails to Defendants' counsel that they "intend to appeal the Court's order" and that they "don't believe [we] have to comply with the order when we disagree with" it. (OSC Req., Fahimi Decl. ¶¶ 4, 6 & Exs. B, D.)

The time for seeking reconsideration of the sanctions order under Local Rule 72-2 expired on June 23, 2015, without Plaintiffs seeking such review. <u>See</u> C.D. Cal. R. 72-2.1 (requiring that any party seeking to object to nondispositive magistrate-judge order "must file a motion for review by the assigned District Judge" within 14 days of service of written ruling). According to Defendants, as of the July 9 filing of their OSC request, Plaintiffs' counsel had not paid the ordered sanctions. (OSC Req., Fahimi Decl. ¶ 7.)

---

webster.com/dictionary/instruct (last visited Aug. 3, 2015) (defining "instruct" as "to give someone an order or command").

**DISCUSSION**

When an act "constitut[ing] a civil contempt" occurs in a discovery-related proceeding,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6); see also Assignment of Duties to Magistrate Judges, C.D. Cal. Gen. Order 05-07 (2005). The magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. See Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987). A party alleging that another person should be held in civil contempt must demonstrate by clear and convincing evidence that that person violated a court order. United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999). Once that prima facie showing is made, the burden shifts to the alleged contemnor to "produce evidence explaining his noncompliance." Id. (citing Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998)). Accordingly, the undersigned's role is limited to determining

whether Defendants have shown by clear and convincing evidence that Plaintiffs' counsel violated an earlier Court order.

Defendants have clearly satisfied their burden. Indeed, Plaintiffs' counsel has apparently acknowledged that he has not complied with the June 9 order (or the April 7 one, for that matter), claiming that he was not obligated to because he intends to appeal. The time for requesting review by the District Judge has long passed, however, without Plaintiffs' seeking such review. Although it is not the undersigned's function or responsibility to determine whether Plaintiffs' counsel was justified in disobeying the sanctions order, the Court's reasoning in ordering sanctions is fully explained in its June 9 order.

For the foregoing reasons, the undersigned certifies the facts stated above.

### ORDER TO SHOW CAUSE

IT THEREFORE IS ORDERED that Jerusalem Beligan appear on August 14, 2015, at 10 a.m., in the Courtroom of the Honorable Philip S. Gutierrez, U.S. District Judge, to show cause why he should not be adjudged in contempt by reason of the facts certified in the undersigned's Certification for Order to Show Cause re Contempt.

DATED: August 10, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE