| | |
|---|---|
| 1 | STACEY E. JAMES, Bar No. 185651<br>sjames@littler.com |
| 2 | KHATEREH SAGE FAHIMI, Bar No. 252152<br>sfahimi@littler.com |
| 3 | CHRISTINA H. HAYES, Bar No. 267153<br>chayes@littler.com |
| 4 | LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900 |
| 5 | San Diego, CA  92101.3577<br>Telephone:  619.232.0441 |
| 6 | Facsimile:   619.232.4302 |
| 7 | Attorneys for Defendants |
| 8 | UHS-CORONA, INC. and UHS OF DELAWARE, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLYN SALI and DEBORAH SPRIGGS, on behalf of themselves, all others situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC.; UNIVERSAL HEALTH SERVICES OF PALMDALE, INC.; UHS-CORONA, INC.; INLAND VALLEY MEDICAL CENTER; RANCHO SPRINGS MEDICAL CENTER; PALMDALE REGIONAL MEDICAL CENTER; TEMECULA VALLEY HOSPITAL; UHS OF DELAWARE, INC.; and DOES 2 to 100, inclusive,<br><br>Defendants. | Case No. 14-CV-00985 PSG (JPRx)<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE ALL SUMMARIES, ANALYSES AND SPREADSHEETS PREPARED BY JAVIER RUIZ, INCLUDING THE DECLARATION OF JAVIER RUIZ AND ACCOMPANYING EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFFS' CLASS CERTIFICATION MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[2 OF 2]**<br><br>Judge:  Hon. Philip S. Gutierrez<br>Date:   August 25, 2015<br>Time:   9:00 a.m.<br>Ctrm:   880 – Roybal<br><br>Trial:  August 25, 2015 |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their Opposition, Plaintiffs agree not to introduce the Declaration of Javier R. Ruiz (Parts I and II) In Support of Plaintiffs' Motion for Class Certification (Doc. Nos. 73, 74) during trial, but put forth that they intend to use the exhibits to the Ruiz Declaration (the "Ruiz Exhibits" or "Exhibits") as evidence of alleged wage and hour violations. However, the Ruiz Exhibits are nothing more than a self-serving manipulation of Plaintiffs' time and payroll records prepared by Plaintiffs' counsel's paralegal, Javier Ruiz. Rather than have the jury rely on the properly authenticated time and payroll records produced by Defendants, Plaintiffs seek to submit an unverified and unreliable chart that impermissibly purports to recreate these records.

As explained fully in Defendants' Motion and below, the Ruiz Exhibits lack foundation and are inherently unreliable. Though Plaintiffs argue in their Opposition that they should be not be subject to basic rules of evidence because (1) the Ruiz Exhibits constitute a "summary" under Federal Rule of Evidence ("FRE") 1006 and (2) they plan to use the Ruiz Exhibits as a demonstrative exhibit, Plaintiffs' arguments fail. The Ruiz Exhibits do not rightfully constitute a summary of voluminous records as they do not summarize Plaintiffs' pay and time records and, indeed, are more voluminous than the original records. Furthermore, the Ruiz Exhibits do not fall properly within the definition of a demonstrative exhibit, and would be inadmissible regardless due to their highly prejudicial character, lack of reliability, and lack of probative value.

For the reasons stated below and those contained in the underlying Motion, Defendants request the court grant their motion *in limine* and exclude Plaintiffs from referring to, relying on, or in any way utilizing the Ruiz Exhibits at trial.

## II. ARGUMENT

As explained in Defendants underlying Motion, the Ruiz Exhibits must be excluded because the Exhibits constitute improper opinion testimony, Plaintiffs will

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1.

be unable to establish a foundation for the Exhibits and the Exhibits are inherently unreliable. Furthermore, the Exhibits are not admissible as a summary under FRE1006 or as a demonstrative exhibit.

### A. The Ruiz Exhibits Constitute Impermissible Opinion Testimony

The Ruiz Exhibits, which purport to analyze Plaintiffs' time and payroll records to determine alleged wage and hour violations, constitute impermissible opinion testimony. The alleged violations depicted in the Ruiz Exhibits are not facts and they are not evidence that may be submitted to the jury. Rather, they are simply the opinions of Mr. Ruiz. Mr. Ruiz, however, is not permitted to present his opinions regarding Plaintiffs' damages to the jury.

It is beyond dispute that Mr. Ruiz is not an expert witness. Plaintiffs conceded this fact when they failed to designate him as an expert during discovery. Accordingly, Mr. Ruiz's testimony must meet the standard for lay witnesses set forth in FRE 701. Specifically, his testimony (*i.e.* the Ruiz Exhibits) must be limited to his personal perception and cannot rely on scientific, technical, or other specialized knowledge. The Ruiz Exhibits fail to satisfy any of these requirements.

As an initial matter, Mr. Ruiz fails to explain the basis for his personal knowledge of the data used in the Exhibits. This is not surprising given that Mr. Ruiz has no such personal knowledge. As such, it is not possible for him to authenticate the manipulated Excel spreadsheets and other data used in his analysis. Indeed, he makes no effort to do so, failing to even include with the Exhibits the original data on which his spreadsheets are allegedly based. His testimony offered through the Exhibits is therefore not based on his own perception as is required by FRE 701.

Additionally, the information and conclusions sought to be submitted via the Exhibits are the type only properly opined on by an expert. FRE 701 was amended in 2000 "to ensure that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson." Advisory Committee Notes, 2000 Amendments to Rule

701. The Ruiz Exhibits purport to evidence both the existence and amount of wages owed to Plaintiffs based solely on Mr. Ruiz's own calculations. Mr. Ruiz' methodology, which apparently involved selection, cross-referencing, analysis, and manipulation of data, is the type of analysis that requires knowledge of law, facts, proper methodology, and mathematics, and thus is properly reserved for a qualified expert witness. *Chen v. Mayflower Transit, Inc.,* 224 F.R.D. 415 (N.D. Ill. 2004) (proposed testimony held to be expert rather that lay testimony so party's failure to timely disclose him as an expert witness required exclusion of his testimony); *In re Illusions Holdings Inc.*, 189 F.R.D. 316, 320 (S.D.N.Y. 1999) (testimony of proposed "lay" witness barred under FRCP 37(c)(1) where witness offered to testify as to matters properly left to expert testimony and offering party failed to designate witness as expert and comply with attendant FRCP 26 disclosure requirements). Despite the fact that performing such an analysis would require highly-specialized knowledge, experience, and skills, neither Plaintiffs nor Mr. Ruiz have ever identified Mr. Ruiz's qualifications to perform such an analysis.

Accordingly, the Ruiz Exhibits are properly excluded under FRE 701.

### B. The Ruiz Exhibits Must be Excluded Because They Are Inherently Unreliable and Defendants were Prevented From Verifying The Information Contained In The Ruiz Exhibits

Mr. Ruiz is not an expert and is not qualified to provide opinions as to alleged legal violations suffered by Plaintiffs. This is apparent from even a cursory examination of the Ruiz Exhibits, which are missing years of data in relation to Plaintiff Sali, are missing pay period dates in the payroll records, and are printed in such a manner that many of the time and alleged violation entries have absolutely no dates associated with them. For this reason alone the Court should exclude the Ruiz Exhibits because they are inherently unreliable and will simply serve to confuse the jury. The Ruiz Exhibits should also be excluded because Defendants were precluded from deposing Mr. Ruiz and obtaining information regarding his purported "analysis." To date, Defendants have not been provided with the underlying data or analysis that

Mr. Ruiz used to come to his conclusions. As such, Defendants have been unable to verify the accuracy of Mr. Ruiz's opinions or replicate his findings.

Moreover, in preparing the Ruiz Exhibits, Mr. Ruiz necessarily made judgments concerning what information to include and what information to omit – these subjective, undisclosed and unreviewable decisions cast an impermissible cloud of unreliability over the data. Indeed, the submission of unverified summaries of Plaintiffs' time and payroll records (and alleged violation rates) crafted by Plaintiffs' counsel essentially amounts to a proposal by Plaintiffs' counsel to submit briefing on their version of the facts to the jury. As such, the Ruiz Exhibits must be excluded from trial.

**C.   The Ruiz Exhibits Must Be Excluded Because They Lack Foundation**

In order to present any evidence at trial, Plaintiffs must first be able to lay a foundation for the evidence. *See* e.g. *United States v. White* (1st Cir. 1985) 766 F2d 22, 25; *Bradshaw v. FFE Transp. Services, Inc.* (8th Cir. 2013) 715 F3d 1104, 1109 (anatomical drawings of plaintiff's injuries permissible as demonstrative evidence where doctor laid sufficient foundation). However, Plaintiffs will not be able to lay a foundation for the Ruiz Exhibits. As an initial matter, Mr. Ruiz cannot authenticate the accuracy of the data on these spreadsheets. He is not a witness in this case, nor can he be added as one as Plaintiffs deprived Defendants of the opportunity to depose him during discovery. Moreover, Mr. Ruiz is not qualified to interpret Plaintiffs' time and pay records appropriately. Mr. Ruiz's interpretation of the data is thus speculative because he has no personal knowledge of the data's meaning.

Furthermore, Plaintiffs themselves cannot authenticate the data on the spreadsheets as it is undisputed that Mr. Ruiz performed the analysis set forth in the Ruiz Exhibits. Any attempt by Plaintiffs to authenticate the data should be rejected as it is clear, based on Plaintiffs' deposition testimony, that Plaintiffs' counsel simply presented Plaintiffs with the spreadsheets prepared by Mr. Ruiz and Plaintiffs

///

accepted Mr. Ruiz's calculations and analysis as accurate, despite their numerous flaws and defects.

Finally, Plaintiffs cannot authenticate the Ruiz Exhibits by claiming they are business records as suggested in their Opposition. Specifically, in their Opposition, Plaintiffs claim that because the underlying records relied on by Mr. Ruiz are business records of Defendant UHS-Corona Inc. ("CRMC"), the records can be authenticated by CRMC's custodian of records. However, the Ruiz Exhibits, while allegedly based on CRMC's time and payroll records, are actually entirely different Excel spreadsheets created by Mr. Ruiz. Thus, CRMC's custodian of records will have no ability to determine whether Mr. Ruiz's alleged reproduction of CRMC's time and payroll records are exact and accurate. Indeed, the data that Mr. Ruiz actually used, then manually cross-referenced and manipulated into new and altered Exhibits, has no relation to CRMC's business records. Accordingly, the Ruiz Exhibits cannot be authenticated by CRMC's custodian of records.[1] Furthermore, because Mr. Ruiz manipulated the information based on his personal review and processing of the data, and then drew conclusions directly from that separate manipulated spreadsheet, Mr. Ruiz's conclusions cannot be authenticated by CRMC's custodian of records who has no personal knowledge of Mr. Ruiz's analysis.

As Plaintiffs cannot properly authenticate the Ruiz Exhibits, they must be excluded from trial.

### D. The Ruiz Exhibits Are Not Summaries that Maybe Admitted Under FRE 1006.

FRE 1006 permits a party to submit a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. "The admission of summaries under Rule 1006 is

---

[1] This assumes that Plaintiffs can even admit the Ruiz Exhibits which constitute hearsay (Mr. Ruiz's Analysis) based on hearsay (the raw time and pay data entered in by Mr. Ruiz). *See* Defendants' Motion p. 8:18-9:5.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5.

within the sound discretion of the trial court." *Harris Mkt. Research v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1525 (10th Cir. 1991).

The Ruiz Exhibit may not be admitted under FRE 1006 as they are not, in fact, a summary. Rather, the Ruiz Exhibits purport to reproduce *all of the data* contained in Plaintiffs' time and payroll data (although as noted above some data was inexplicably left out). By definition, a summary may not contain a full regurgitation of the original data. Furthermore, the Ruiz Exhibits contain Mr. Ruiz's analysis, which notably is not part of the original data. A summary must be an accurate reflection of the information contained in the underlying documents. Accordingly, the Ruiz Exhibits, which contain manipulated, unreliable and unverified information not contained in the original documents, cannot rightfully be introduced as "summaries." *Id*.

Furthermore, the Ruiz Exhibits are actually more voluminous than the records they purport to summarize. For example, while Plaintiff Sali's time records consist of approximately 70 pages and Plaintiff Spriggs' time records consist of a mere 14 pages, Plaintiffs' alleged "summaries" of their time records consist of almost 300 pages. Thus, because the Ruiz Exhibits do not "summarize" the underlying records within any meaning of the word, FRE 1006 does not permit the Ruiz Exhibits to be admitted into evidence.

### E. Demonstrative Exhibits

Plaintiffs assert that the Ruiz Exhibits are demonstrative evidence and argue that Defendants' foundation and hearsay objections to the Exhibits are therefore inapplicable. Plaintiffs are incorrect on both points.

First, the Ruiz Exhibits are not properly characterized as demonstrative evidence, which in the case of charts includes use of the chart as a visual aide to illustrate witness testimony or other evidence. *United States v. Taylor,* 210 F.3d 311, 315 (5th Cir. 2000). Demonstrative evidence is not independent evidence. *Id.* The Ruiz Exhibits are not demonstrative of any testimony or other evidence, as Plaintiffs

admit they seek to use them "to give the jury a clear and concise summary of the violations and unpaid wages owed to Plaintiffs." *See* Plaintiffs' Opposition at p. 2:14-19. Plaintiffs must not be allowed to circumvent basic evidentiary requirements including relevance and admissibility simply by labeling their proffered evidence as "demonstrative evidence."

Moreover, Plaintiffs' assertion that basic evidentiary standards do not apply simply because they have labeled the Ruiz Exhibits "demonstrative evidence" contradicts well-established Ninth Circuit law. It is undisputed that Courts have broad discretion to regulate the use of demonstrative evidence. *See* FRE 611(a), Adv. Comm. Notes; *Rogers v. Raymark Indus., Inc.,* 922 F.2d 1426, 1429 (9th Cir. 1991) (The admissibility of demonstrative evidence lies largely within the discretion of the trial court.). Demonstrative evidence may be excluded if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Burchfield v. CSX Transp., Inc.* (11th Cir. 2011) 636 F3d 1330, 1336–1338 (per curiam) (citing FRE 403). Courts are well within their discretion to prohibit the use of a chart as demonstrative evidence where the chart does not accurately reflect the underlying testimony (*United States v. Taylor* (5th Cir. 2000) 210 F3d 311, 315–316).

The Ruiz Exhibits must be excluded under FRE 403 because their content would serve only to confuse and potentially prejudice the jury, and the Ruiz Exhibits are not probative of any issue. Much of the information contained in the Ruiz Exhibits lacks context and therefore is meaningless to the jury. Furthermore, and as detailed above, Mr. Ruiz lacks personal knowledge of the data used to create the Ruiz Exhibits. He therefore cannot authenticate the offered spreadsheets and other data used in his analysis so as to lay a proper foundation. In addition, as set forth above, the Ruiz Exhibits constitute manipulated and unreliable data, and the Ruiz Exhibits have little, if any, relation to the underlying time and payroll records on which they

are allegedly based. *See* Ruiz Decl. (Part I), ¶¶ 3-12; Id. (Part II), ¶¶ 3-11. Accordingly, the Ruiz Exhibits are not CRMC' business records and cannot be authenticated by a CRMC representative.

Finally, Plaintiffs have never provided the data used to construct the Ruiz Exhibits, and have refused to allow Defendants the opportunity to depose Mr. Ruiz to gain clarity on the methodology he employed to create the spreadsheets. The process by which this data was allegedly inputted into multiple Excel spreadsheets, the manner in which certain records were chosen and others omitted, any procedures in place to guard against errors in data entry, and all other information concerning the creation of the Ruiz Exhibits remains a mystery. There is therefore nothing to support Plaintiffs' self-serving assertion that the Ruiz Exhibits are based on information relevant to this proceeding or that the conclusions in the Ruiz Exhibits are probative of any issue in this case.

In fact, all information available regarding the creation of the Ruiz Exhibits confirms that the Exhibits are based on multiple layers of hearsay offered for the truth of the matter asserted therein. Because Plaintiffs fail to assert any basis on which such records would be admissible under any exception to the hearsay bar, the Ruiz Exhibits must be excluded. *See* FRE 801-02.

As detailed above, even a cursory review of the Ruiz Exhibits reveals that they are rife with obvious omissions of relevant information and contain numerous errors, thus rendering them unreliable. Because the Ruiz Exhibits have no probative value, and are inherently confusing, prejudicial, and misleading, they must be excluded from trial.

/ / /
/ / /
/ / /
/ / /
/ / /

Case 5:14-cv-00985-PSG-JPR   Document 155   Filed 08/14/15   Page 10 of 10   Page ID
#:8203

### III. CONCLUSION

For the reasons stated above and those contained in the underlying Motion, Defendants respectfully request the Court grant their Motion *In Limine* and preclude Plaintiffs from referring to, relying on, or in any way using the Ruiz Exhibits at trial.

Dated: August 14, 2015

/s/ Christina H. Hayes
STACEY E. JAMES
KHATEREH SAGE FAHIMI
CHRISTINA H. HAYES
LITTLER MENDELSON, P.C.
Attorneys for Defendants
UHS-CORONA, INC. and UHS OF DELAWARE, INC.

Firmwide:135293858.3 069080.1046

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

9.